IRELL & MANELLA LLP
John C. Hueston (164921)
jhueston@irell.com
Daniel P. Lefler (151253)
dlefler@irell.com
Lillie A. Werner (261250)
lwerner@irell.com
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:   (310) 277-1010
Facsimile:   (310) 203-7199

Attorneys for Nominal Defendant Allergan, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| In re ALLERGAN, INC. SHAREHOLDER DERIVATIVE LITIGATION | Master File No. SACV10-01352-DOC (MLGx) |
| This Document Relates To: | **NOMINAL DEFENDANT ALLERGAN, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY JUDICIAL PROCEEDINGS** |
| ALL ACTIONS | Date:   February 28, 2011<br>Time:   8:30 a.m.<br>Ctrm:   9D<br>Judge:  Hon. David O. Carter |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2350141

NOMINAL DEFENDANT ALLERGAN, INC.'S
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
STAY

# TABLE OF CONTENTS

Page

I.   INTRODUCTION ..................................................................................1

II.  BACKGROUND ..................................................................................2

    A.   Background to the Litigations ....................................................2

    B.   The Substantially Similar and First-Filed Delaware Action................2

    C.   Plaintiffs' Duplicative Lawsuit ....................................................3

III. THIS CASE SHOULD BE STAYED PENDING RESOLUTION
    OF THE SUBSTANTIALLY SIMILAR FIRST-FILED
    DELAWARE ACTION ..........................................................................5

    A.   The Federal Court and State Court Actions are Parallel.....................6

        1.   *Same Parties* .................................................................7

        2.   *Same Nucleus of Facts* ................................................7

        3.   *Same Legal Theories* ....................................................9

    B.   Application of the *Colorado River* Factors Supports
        Abstention ....................................................................10

        1.   *The State Court Action Was Filed First and Has
        Progressed Further* ....................................................11

        2.   *State Law Controls Claims in Both Actions* ...................11

        3.   *A Stay Will Prevent Inconsistent Rulings and
        Piecemeal Adjudication* ..............................................13

        4.   *Plaintiffs' Rights Will Be Adequately Protected in
        the Delaware Action* ..................................................15

        5.   *The Other Factors Are Neutral* ....................................16

IV.  CONCLUSION ..................................................................................17

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2350141

- i -

NOMINAL DEFENDANT ALLERGAN, INC.'S
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
STAY

# TABLE OF AUTHORITIES

Page(s)

## **Cases**

*Avmed v. Sheridan Healthcorp, Inc.*,
   No. 09-23851, 2010 WL 3008811 (S.D. Fla. July 28, 2010).........................15

*Clark v. Lacy*,
   376 F.3d 682 (7th Cir. 2004)........................................................7, 14, 15, 16

*Classen v. Weller*,
   516 F. Supp. 1243 (N.D. Cal. 1981) ..................................................13, 15, 16

*Colorado River Water Conservation Dist. v. United States*,
   424 U.S. 800 (1976) ...............................................................................passim

*Daugherty v. Oppenheimer & Co., Inc.*,
   No. 06-7725, 2007 WL 1994187 (N.D. Cal. July 5, 2007)................6, 10, 15

*Davis & Cox v. Summa Corp.*,
   751 F.2d 1507 (9th Cir. 1985) .......................................................................12

*Del Conte v. San Francisco Police Dept.*,
   No. 06-5030, 2007 WL 1119187 (N.D. Cal. Apr. 16, 2007) .............7, 10, 12

*El Centro Foods v. Nazarian*,
   No. 09-06395, 2010 WL 1710286 (C.D. Cal. Apr. 21, 2010) ........6, 7, 13, 14

*Gebhart v. SEC*,
   595 F.3d 1034 (9th Cir. 2010) ..........................................................................9

*Healthcare Capital, LLC v. Healthmed, Inc.*,
   213 F. Supp. 2d 850 (S.D. Ohio 2002).............................................................7

*Hess v. Fremont Unified School Dist.*,
   Nos. 08-2399, 08-2400, 08-2401, 2009 WL 32519 (N.D. Cal.
   Jan. 5, 2009) .....................................................................................................9

In re *MAXXAM, Inc.*,
   659 A.2d 760 (Del. Ch. 1995) ........................................................................15

In re *Sagent Tech., Inc. Deriv. Litig.*, 278 F. Supp.
   2d 1079 (N.D. Cal. 2003) ...........................................................................4, 12

In re *Silicon Graphics Inc. Sec. Litig.*,
   183 F.3d 970 (9th Cir. 1999).......................................................................9, 12

*Int'l Jensen Inc. v. Emerson Radio Corp.*,
   No. 96-C-2816, 1996 WL 494273 (N.D. Ill. Aug. 27, 1996) ...........12, 13, 15

*Kamen v. Kemper Fin. Servs., Inc.*,
   500 U.S. 90 (1991) ..........................................................................................11

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2350141

- ii -

NOMINAL DEFENDANT ALLERGAN, INC.'S
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
STAY

Page(s)

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936) .................................................................................................5

*Lumen Const., Inc. v. Brant Const. Co., Inc.*,
    780 F.2d 691 (7th Cir. 1985)....................................................................................6

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
    460 U.S. 1 (1983) ..............................................................................................5, 11

*Nakash v. Marciano*,
    882 F.2d 1411 (9th Cir. 1989)........................................................................5, 6, 11

*Northrop Corp. v. Triad Int'l Mktg. S.A.*,
    842 F.2d 1154 (9th Cir. 1988)................................................................................12

*Reserves Dev. LLC v. Severn Sav. Bank, SFB*,
    961 A.2d 521 (Del. 2008).......................................................................................15

*Rosenblatt v. Getty Oil Co.*,
    493 A.2d 929 (Del. 1985).......................................................................................12

*Ryder Truck Rental, Inc. v. Acton Foodservices Corp.*,
    554 F. Supp. 277 (C.D. Cal. 1983)........................................................................13

*Silvaco Data Sys., Inc. v. Tech. Modeling Assocs., Inc.*,
    896 F. Supp. 973 (N.D. Cal. 1995) ............................................................10, 11, 14

*Stroud v. Grace*,
    606 A.2d 75 (Del. 1992)........................................................................................12

*Teamsters Local Nos. 175 & 505 Pension Trust Fund v. IBP, Inc.*,
    123 F. Supp. 2d 514 (D.S.D. 2000)........................................................................14

*Thiam v. Fillmore Props., LLC*,
    No. 05-1874, 2005 WL 3357134 (N.D. Cal. Dec. 9, 2005)...............8, 10, 12

*Yovan v. Lithia Medford LM, Inc.*,
    No. 01-3082, 2002 WL 32513822 (D. Or. Mar. 3, 2002)............................13

**Statutes**

California Corporations Code § 25402 ...................................................................12

**Other Authorities**

Restatement (Second) of Conflict of Laws § 302, cmt. e (1971)...........................12

**Rules**

Del. Ch. Ct. R. 23.1 ...............................................................................................9

Fed. R. Civ. P. 23.1................................................................................................9

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2350141

- iii -

NOMINAL DEFENDANT ALLERGAN, INC.'S
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
STAY

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This action (the "Federal Action") is a parallel federal proceeding to a first-filed state derivative lawsuit currently pending in the Delaware Chancery court (the "Delaware Action") and, therefore, should be stayed to reduce duplicative litigation, avoid inconsistent rulings, foster judicial economy, and preserve the valuable resources of nominal Defendant Allergan, Inc. ("Allergan" or "the Company"). Both actions are derivative lawsuits in which individual Allergan shareholders seek to control claims that belong to the Company. Both actions center on the same nucleus of facts – Allergan's off-label marketing of Botox® therapeutic – and both seek the same monetary and equitable relief from the same individuals on the Company's behalf. Where, as here, there are substantially similar actions and the interests of judicial economy and federal comity support a stay, the *Colorado River* abstention doctrine counsels a stay of the later-filed case.

Allergan's claims are being actively litigated and Allergan's rights are being protected through the earlier-filed Delaware state derivative suit. The first-filed Delaware Action has progressed further than the Federal Action: Defendants filed motions to dismiss the First Amended Complaint in the Delaware Action on October 25, 2010, which are set for hearing on December 17, 2010. Before the Delaware Court are the same threshold issues that have been presented to this Court in the defendants' concurrently filed motions to dismiss, including whether a demand on the board is futile and shareholders are excused from bringing their litigation demand to the Company before filing suit. Because this is a corporate suit, Delaware law governs these threshold issues, as well as the liability of directors, in both cases. Given the substantial similarity of these actions, and in the interests of judicial economy, corporate efficiency, and federal-state comity, Allergan respectfully moves for a stay of the Federal Action pending the resolution of the Delaware Action.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2350141

- 1 -

NOMINAL DEFENDANT ALLERGAN, INC.'S
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
STAY

## II.    BACKGROUND

### A.    Background to the Litigations

Allergan's concurrently filed Motion to Dismiss the Consolidated Complaint sets forth the factual background to the litigations in greater detail, which is hereby incorporated by reference.  Both sets of litigation follow the September 1, 2010 announcement of a $600 million settlement (the "Settlement Agreement") that resolved civil and criminal claims against Allergan.  (Consolidated Compl. ¶ 2.)  The federal Food, Drug, and Cosmetics Act ("FDCA") prohibits pharmaceutical companies from promoting products for "off-label" uses, even though doctors may prescribe drugs off-label.  (*Id.* ¶ 4.)  Allergan's promotional practices for Botox® therapeutic came under investigation, and Allergan subsequently pled guilty to a strict-liability, criminal misdemeanor for misbranding Botox® in violation of the FDCA.  (*See id.* ¶¶ 12-13.)  The Company further resolved civil claims that it had received improper reimbursements for Botox® from Medicare and Medicaid.

### B.    The Substantially Similar and First-Filed Delaware Action

Following the entry of the Settlement Agreement on September 1, 2010, different shareholders purporting to represent the Company filed derivative suits against Allergan's current and former boards of directors.  The suits seek monetary and equitable recovery from the individual board members to the Company based on the corporate conduct that led to the Settlement Agreement.  Shareholders filed the first suit, the Delaware Action, on September 3, 2010 in the Delaware Chancery Court, captioned *Louisiana Municipal Police Employees' Retirement System v. Pyott, et al*, Civil Action No. 5795-VCL.  The Delaware Action plaintiffs filed an Amended Complaint on October 11, 2010, alleging demand futility and breaches of fiduciary duty.  (Declaration of Lillie A. Werner, ¶¶ 8-9.)

After shareholders initiated the Delaware Action, other shareholders filed three additional, separate, related lawsuits in this Court:  *Rosenbloom v. Pyott, et al*, Case No. 10-cv-01352 DOC (MLGx), on September 9, 2010; *Himmel v. Pyott, et al*,

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2350141

- 2 -

NOMINAL DEFENDANT ALLERGAN, INC.'S
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
STAY

Case No. 10-cv-01417 DOC (MLGx), on September 17, 2010; and *Pompano Beach Police & Firefighters' Retirement System v. Pyott, et al*, Case No. SACV10-cv-01449 DOC (MLGx), on September 24, 2010.  Shareholders also filed *Rosenberg v. Pyott, et al*, Case No. 30-2010-00418912-CU-SL-CXC, on October 21, 2010 in California State Court in the County of Orange Superior Court.  On October 25, 2010, the parties to the federal actions stipulated to consolidate the actions as In re *Allergan, Inc. Shareholder Derivative Litigation*.  Plaintiffs then filed their Consolidated Complaint on November 1, 2010, almost two months after the initiation of the Delaware Action.  (Declaration of Lillie A. Werner, ¶¶ 8-9.)[1]

### C.   Plaintiffs' Duplicative Lawsuit

The Federal Action is substantially identical to the first-filed Delaware Action.  These similarities include:

- The same nominal defendant, Allergan  (*compare* Consolidated Compl. ¶ 26, *with* Delaware Action Complaint ("Delaware Compl.") ¶ 7.)

- The same core individual defendants (*i.e.*, Allergan's current board of directors) (*compare* Consolidated Compl. ¶¶ 27-42, *with* Delaware Compl. ¶¶ 8-19.)

- The same putative plaintiffs, shareholders of Company stock for the benefit of nominal defendant Allergan (*compare* Consolidated Compl. ¶ 1, *with* Delaware Compl. ¶¶ 5-6.)

- The same core factual allegations, including that Allergan's "strategic plans" sought to maximize off-label uses (*compare* Consolidated Compl. ¶¶ 78, 102, 136, *with, e.g.*, Delaware Compl. ¶¶ 39, 51, 108, 122) through emphasizing potential on-label indications that were "key drivers" of Botox® sales (*compare* Consolidated Compl. ¶¶ 87-88, *with* Delaware Compl. ¶¶ 40, 43), coordinating Botox® marketing communications through "Customer Team Units" (*compare* Consolidated Compl. ¶ 81, *with* Delaware Compl. ¶ 52), supporting

---

[1] Separate shareholders have also filed a books-and-records request under Section 220 and, on November 30, 2010, filed a motion to intervene in the Delaware Action.  (Declaration of Lillie A. Werner, ¶ 10.)

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2350141

- 3 -

NOMINAL DEFENDANT ALLERGAN, INC.'S
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
STAY

reimbursement services (*compare* Consolidated Compl. ¶¶ 92-93, *with* Delaware Compl. ¶ 50), lobbying government healthcare programs for expanded coverage (*compare* Consolidated Compl. ¶ 94, *with* Delaware Compl. ¶ 58), sponsoring seminars for medical professionals (*compare* Consolidated Compl. ¶ 96, *with* Delaware Compl. ¶ 46), paying physicians to attend marketing programs (*compare* Consolidated Compl. ¶ 97, *with* Delaware Compl. ¶ 68), and maintaining an online neurotoxin education organization (*compare* Consolidated Compl. ¶ 98, *with* Delaware Compl. ¶ 56).

- The same legal theories (*i.e.*, that the members of Allergan's board violated their fiduciary duties and committed waste by allowing or failing to prevent a Company strategy to illegally market Botox® for off-label uses and by failing to disclose the off-label marketing in proxy filings) (*compare* Consolidated Compl. ¶¶ 161-62, 167, 196-197, *with* Delaware Compl. ¶¶ 122, 124).

- The same relief (*i.e.*, reimbursing damages sustained by the Company, "[d]irecting Allergan to take all necessary actions to reform and improve its corporate governance and internal procedures," awarding attorneys' fees, granting equitable relief, and requesting other relief the Court deems proper (*compare* Consolidated Compl. "Prayer for Relief," *with* Delaware Compl. "Prayer for Relief").

Only minor differences exist between the Federal Action and Delaware Action complaints:

- The Federal Action names five former Allergan directors, in addition to the current Allergan board named in both complaints[2] (Consolidated Compl. ¶¶ 39-43).

---

[2] There are no additional allegations about the specific roles or conduct of the former board members in the alleged wrongdoing.  Moreover, the current directors are the focus for the threshold demand futility inquiry, *see* In re *Sagent Tech., Inc. Deriv. Litig.*, 278 F. Supp. 2d 1079, 1087 (N.D. Cal. 2003), which, as discussed *infra*, requires an application of the same law in both courts.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2350141

- 4 -

NOMINAL DEFENDANT ALLERGAN, INC.'S
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
STAY

- The Federal Action contains additional legal claims based on the same core set of factual allegations:  a California statutory fiduciary duty claim (*id.* ¶¶ 188-94), common law and California statutory claims for insider trading (*id.* ¶¶ 175-87), and Federal Securities Exchange Act claims premised on Allergan proxy statements and employment and compensation contracts (*id.* ¶¶ 155-57, 195-202).

- The Federal Action names additional forms of equitable relief available in both courts.  (*Compare id.* at ¶¶ 59-60 (invalidation of board elections and the board's incentive plan), *with* Delaware Compl. ¶ 38 (an equitable accounting, including disgorgement).)

    As discussed in further detail below, the differences between the complaints are illusory and, in any event, ineffective to dispel the substantial similarities of the two parallel actions.

## III.   THIS CASE SHOULD BE STAYED PENDING RESOLUTION OF THE SUBSTANTIALLY SIMILAR FIRST-FILED DELAWARE ACTION

    District courts have broad authority to stay proceedings in a federal case in deference to a pending state court case.  *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 814-18 (1976); *Nakash v. Marciano*, 882 F.2d 1411, 1415-16 (9th Cir. 1989).  Under the *Colorado River* doctrine, a stay in a federal case should be granted in the interests of judicial economy and federal-state comity when substantially similar claims are pending in a first-filed state action.  *Colorado River*, 424 U.S. at 817-18.  This power stems from the district court's ability to control its docket and is premised on a respect for state courts, as well as "considerations of wise judicial administration, . . . conservation of judicial resources and comprehensive disposition of litigation."  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15 (1983) (internal citation & quotation marks omitted); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2350141

- 5 -

NOMINAL DEFENDANT ALLERGAN, INC.'S
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
STAY

1   proceedings is incidental to the power inherent in every court to control the

2   disposition of the causes on its docket with economy of time and effort for itself, for

3   counsel, and for litigants.").

4          Courts perform a two-part inquiry in determining whether abstention is

5   appropriate.  As a prerequisite to the *Colorado River* test, "the Court must determine

6   whether the federal and state actions are sufficiently parallel." *El Centro Foods v.*

7   *Nazarian*, No. 09-06395, 2010 WL 1710286, at *2 (C.D. Cal. Apr. 21, 2010).  If the

8   cases are parallel, as here, courts conduct a balancing test to decide whether a stay is

9   warranted to "serve the interests of 'wise judicial administration, giving regard to the

10  conservation of judicial resources and comprehensive disposition of litigation,'"

11  while at the same time "ensur[ing] that the federal forum will remain open if, for

12  some unexpected reason, the state forum proves to be inadequate." *Id.* (citing

13  *Colorado River*, 424 U.S. at 817; *Daugherty v. Oppenheimer & Co., Inc.*, No. 06-

14  7725, 2007 WL 1994187, at *3 (N.D. Cal. July 5, 2007)).  In applying this standard,

15  the Supreme Court and Ninth Circuit have enumerated several non-exclusive factors

16  to be considered in determining whether a stay of a later-filed federal case is

17  appropriate.  As demonstrated below, the proceedings are parallel and the *Colorado*

18  *River* factors decisively support a stay here.

19         **A.     The Federal Court and State Court Actions are Parallel**

20         Both actions are derivative litigations brought on Allergan's behalf seeking

21  similar monetary and equitable relief against individual board members for the same

22  conduct, the Company's alleged off-label marketing of Botox®.  To meet the

23  "parallel" requirement, suits need not be identical.  *Nakash v. Marciano*, 882 F.2d

24  1411, 1416 (9th Cir. 1989); *see also Lumen Const., Inc. v. Brant Const. Co., Inc.*,

25  780 F.2d 691, 695 (7th Cir. 1985) (explaining that if symmetry was required,

26  plaintiffs would always be able to avoid abstention through expedient pleading of

27  additional issues).  Abstention is appropriate in proceedings where the claims and

28  issues are "substantially similar." *Nakash*, 882 F.2d at 1416.  Two suits are

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2350141                                                      - 6 -

NOMINAL DEFENDANT ALLERGAN, INC.'S
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
STAY

considered parallel when the parties overlap "and the claims arise from a logically connected nucleus of facts and raise similar sets of substantive issues." *El Centro Foods*, 2010 WL 1710286, at *2.  *See also Healthcare Capital, LLC v. Healthmed, Inc.*, 213 F. Supp. 2d 850, 858 (S.D. Ohio 2002) (finding substantial similarity despite additional claims in the federal action because the actions "arise out of a common nucleus of operative facts").  Here, a stay is appropriate as the Federal Action and Delaware Action easily satisfy the requirement of substantial similarity because they involve the same (1) parties, (2) factual allegations, and (3) legal theories and requested relief.

### 1. Same Parties

Both the Delaware Action and the Federal Action derivative plaintiffs purport to bring suit on behalf of Allergan for recovery from the Allergan board of directors for the alleged conduct that resulted in the Settlement Agreement with the DOJ. (*Compare* Consolidated Compl. ¶¶ 18-19, 200, *with* Delaware Compl. ¶¶ 5, 124.) The cases involve substantially the same parties.  *See Del Conte v. San Francisco Police Dept.*, No. 06-5030, 2007 WL 1119187, at *3 (N.D. Cal. Apr. 16, 2007) (requiring "substantial similarity," not identity, of named parties); *see also Clark v. Lacy,* 376 F.3d 682, 686 (7th Cir. 2004) (holding that shareholder derivative suits with different named plaintiffs are identical because the company is the true party in interest).  The addition of a few of the Company's former directors in the Federal Action does not undermine substantial similarity.  *E.g., Del Conte*, 2007 WL 1119187, at *3 (holding that parties were substantially similar despite differences in named defendants).  Accordingly, similarity of parties is satisfied.

### 2. Same Nucleus of Facts

Because both complaints seek similar recovery for the Company resulting from the same alleged wrongful conduct based on the same sets of factual allegations derived from the same sources, the litigations share the same nucleus of facts.  Both complaints seek recovery for Allergan due to Allergan's alleged off-

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2350141

- 7 -

NOMINAL DEFENDANT ALLERGAN, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY

label marketing of Botox® therapeutic.  (*Compare* Consolidated Compl. ¶ 1
(premising liability on "illegally promoting Allergan's flagship product BOTOX for
uses not approved" by the FDA), *with* Delaware Compl. ¶ 1 (premising liability on
"illegally promot[ing] its flagship drug, BOTOX, for uses not approved" by the
FDA).)  Both complaints rely on the September 1 Settlement Agreement, DOJ press
release, and Criminal Information to allege Allergan made it a "top corporate
priority" to maximize off-label sales of Botox® therapeutic.  (*Compare*
Consolidated Compl. ¶¶ 7, 15, 17, 78, 138, *with* Delaware Compl. ¶¶ 38-39, 98,
112.)

Both complaints allege the same core set of facts related to Allergan's
"strategic plans" to maximize off-label uses (*compare* Consolidated Compl. ¶¶ 78,
102, 136, *with, e.g.*, Delaware Compl. ¶¶  39, 51, 108, 122).  They both cite similar
alleged conduct:  emphasizing potential on-label indications (*compare* Consolidated
Compl. ¶¶ 87-88, *with* Delaware Compl. ¶¶ 40, 43), coordinating marketing
communications (*compare* Consolidated Compl. ¶ 81, *with* Delaware Compl. ¶ 52),
supporting reimbursement services (*compare* Consolidated Compl. ¶¶ 92-93, *with*
Delaware Compl. ¶ 50), lobbying government healthcare programs for expanded
coverage for Botox® therapeutic (*compare* Consolidated Compl. ¶ 94, *with*
Delaware Compl. ¶ 58), sponsoring seminars for medical professionals (*compare*
Consolidated Compl. ¶¶ 96-97, *with* Delaware Compl. ¶¶ 46, 68), and maintaining
an online neurotoxin education organization (*compare* Consolidated Compl. ¶ 98,
*with* Delaware Compl. ¶ 56).  And, both complaints allege that the same FDA
warning letters should have been seen as "red flags" alerting the board to potential
wrongdoing.  (*Compare* Consolidated Compl. ¶ 7, *with* Delaware Compl. ¶ 113).

Additional factual allegations in the Federal Action, like the additional named
defendants, are of no consequence to the substantial similarity of the actions where
the allegations arise from the same basic conduct.  *See Thiam v. Fillmore Props.,
LLC*, No. 05-1874, 2005 WL 3357134, at *1 (N.D. Cal. Dec. 9, 2005) (observing

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2350141

- 8 -

NOMINAL DEFENDANT ALLERGAN, INC.'S
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
STAY

1   actions are substantially similar where both arise out of the same conduct); *see also*

2   *Hess v. Fremont Unified School Dist.*, Nos. 08-2399, 08-2400, 08-2401, 2009 WL

3   32519, at *1 (N.D. Cal. Jan. 5, 2009) (same).  Accordingly, the complaints are

4   substantially similar for purposes of abstention.

5               *3.       Same Legal Theories*

6        Both suits seek the same end:  recovery to the Company from directors arising

7   from alleged misconduct that resulted in the Settlement Agreement.  Given the

8   similar factual predicate, unsurprisingly, both suits proceed on the same legal

9   theories to obtain this relief.  To the extent there are differences in the legal theories

10  proffered, the theories are alternate means to arrive at the same relief and, in any

11  event, insufficient to defeat the substantial similarity of the actions.

12       As an initial matter, both cases involve the same threshold legal

13  determination.  Because both actions seek to seize control of the Company's claims

14  through a derivative action, the suits are subject to the same preliminary procedural

15  requirement that the plaintiff demonstrate compliance with the pre-suit demand

16  requirement.[3]  *See* In re *Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 989-91 (9th

17  Cir. 1999), *abrogation on other grounds recognized by Gebhart v. SEC*, 595 F.3d

18  1034 (9th Cir. 2010); *see also* Fed. R. Civ. P. 23.1; Del. Ch. Ct. R. 23.1.  These

19  cases cannot proceed on the merits until this threshold issue has been decided.

20       Substantively, the theories of relief in both cases are based on the same

21  alleged factual predicate.  (*Compare* Consolidated Compl. ¶ 2, *with* Delaware

22  Compl. ¶ 2).  Both complaints allege that Allergan proxy statements "failed to

23  disclose" the board's purported violations of the Company Code of Business

24  Conduct and Ethics and deficient performance of committee duties, and the extent to

25  which Allergan's finances depended on alleged off-label marketing (*compare*

26

27  _____
    [3] As discussed below, Delaware law governs the demand futility inquiry
    regardless of where shareholders bring the case.  *See also* In re *Silicon Graphics Inc.*
28  *Sec. Litig.*, 183 F.3d 970, 989-91 (9th Cir. 1999).  Thus, Delaware law applies to the
    foundational issue of pre-suit demand in both the Federal and Delaware Actions.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2350141                                    - 9 -

NOMINAL DEFENDANT ALLERGAN, INC.'S
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
STAY

Consolidated Compl. ¶ 118, *with* Delaware Compl. ¶¶ 73-76), and that directors are liable for breaches of fiduciary duty for either authorizing or failing to stop the Company's marketing practices for Botox® therapeutic (*compare* Consolidated Compl. ¶¶ 161-62, 191-92, *with* Delaware Compl. ¶¶ 122-23).  The complaints also seek the same relief:  damages, restitution, disgorgement, equitable relief, attorneys' fees and costs, and reformation of internal Allergan procedures.  (*Compare* Consolidated Compl. "Prayer for Relief," *with* Delaware Compl. "Prayer for Relief.")

While the federal action includes additional legal theories, this does not defeat substantial similarity.  *See, e.g.*, *Thiam*, 2005 WL 3357134, at *2 (finding substantial similarity in case involving additional federal claims "premised on the same interactions between the parties as the state law claims").  "The mere fact that the claims in state and federal court are not based on exactly the same laws does not preclude a finding of substantial similarity."  *Silvaco Data Sys., Inc. v. Tech. Modeling Assocs., Inc.*, 896 F. Supp. 973, 976 (N.D. Cal. 1995).  *See also Daugherty*, 2007 WL 1994187, at *5 (staying federal action because "the question under *Colorado River* is whether the claims in the federal court action are substantially similar to the claims in the state court action, not whether the state court action also includes claims not alleged in the federal action"); *Del Conte*, 2007 WL 1119187, at *3 (finding substantial similarity despite additional state law claims).

Accordingly, the federal complaint is substantially similar to the state court complaint under the *Colorado River* abstention case law, and a stay is appropriate.

**B.     Application of the *Colorado River* Factors Supports Abstention**

*Colorado River* and its progeny set forth the following non-exclusive stay considerations:  (1) whether the state court first assumed jurisdiction over property; (2) inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums;

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2350141

- 10 -

NOMINAL DEFENDANT ALLERGAN, INC.'S
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
STAY

(5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings are inadequate to protect the federal litigant's rights; and (7) whether exercising jurisdiction would promote forum shopping. *Moses H. Cone,* 460 U.S. at 15, 23, 26; *Nakash*, 882 F.2d at 1417.  "[T]hese factors are to be applied in a pragmatic and flexible way, as part of a balancing process rather than as a 'mechanical checklist.'"  *Nakash*, 882 F.2d at 1415 (citing *Cone*, 460 U.S. at 16).  Here, the applicable factors support a stay.

### 1.    The State Court Action Was Filed First and Has Progressed Further

A stay is warranted here because the Delaware Action was filed first and has progressed beyond the Federal Action.  *See Silvaco Data Sys.*, 896 F. Supp. at 977 (evaluating which complaint was filed earlier and which of the two actions had progressed further).  The Delaware Action was filed on September 3, 2010 and an Amended Complaint was filed on October 11, 2010; Defendants filed motions to dismiss the Amended Complaint on October 25, 2010 and the hearing will be before the Chancery Court in less than two weeks.  (Declaration of Lillie A. Werner, ¶ 9.)

Because of the Delaware Action's status as the first-filed lawsuit, as well as the absence of any substantive proceedings in the Federal Action, this factor weighs heavily in favor of a stay.  *See, e.g.*, *Colorado River*, 424 U.S. at 820 (reasoning that the absence of any proceedings in federal court other than the filing of the complaint favored staying or dismissal of the federal suit).

### 2.    State Law Controls Claims in Both Actions

As "Allergan is incorporated under the laws of the State of Delaware" (Delaware Compl. ¶ 7), Delaware state law controls the claims brought against this Delaware corporation under the well-established "internal affairs" doctrine.  *See, e.g.*, *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 105-06 (1991) (holding that the law of the state of incorporation should apply to corporate claims based on the internal affairs of a corporation because the "'[u]niform treatment of directors,

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2350141                                              - 11 -

NOMINAL DEFENDANT ALLERGAN, INC.'S
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
STAY

officers and shareholders is an important objective which can only be attained by having the rights and liabilities of those persons with respect to the corporation governed by a single law"') (citing Restatement (Second) of Conflict of Laws § 302, cmt. e (1971)); *Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1527 (9th Cir. 1985), *superseded by statute on other grounds as stated in Northrop Corp. v. Triad Int'l Mktg. S.A.*, 842 F.2d 1154 (9th Cir. 1988) ("Claims involving 'internal affairs' of corporations, such as the breach of fiduciary duties, are subject to the laws of the state of incorporation."); *see also, e.g.*, In re *Sagent Tech., Inc. Deriv. Litig.*, 278 F. Supp. 2d 1079, 1087, 1090, 1095 (N.D. Cal. 2003) (analyzing demand futility and corporate waste claims for the Delaware corporation under Delaware law because "the law of the state of incorporation governs liabilities of officers or directors to the corporation and its shareholders").

Delaware law governs the important, threshold demand futility inquiry. *See* In re *Silicon Graphics*, 183 F.3d at 989-90 (holding that Delaware law applies in demand futility analyses when the companies are incorporated in Delaware). Delaware law also controls the fiduciary duty and related claims.[4]  *See id.* (applying Delaware law to fiduciary duty claims brought against directors of a Delaware corporation).  Moreover, the disclosure standards under Delaware law mirror those mandated by federal law.  *Int'l Jensen Inc. v. Emerson Radio Corp.*, No. 96-C-2816, 1996 WL 494273, at *4 (N.D. Ill. Aug. 27, 1996); *see Stroud v. Grace*, 606 A.2d 75, 86 (Del. 1992) (observing that, like Section 14(a) claims under federal law, through the fiduciary duty of candor "Delaware also imposes a duty of full disclosure in assessing the adequacy of proxy materials under state law"); *Rosenblatt v. Getty Oil*

---

[4] Delaware law also controls the insider trading allegations, despite the fact that plaintiffs allege violations of California law.  *See* In re *Sagent*, 278 F. Supp. 2d at 1091-92 (rejecting argument that California Corporations Code § 25402 should apply to the insider trading allegations brought against a Delaware corporation's board).  In any event, additional claims under either state or federal law do not preclude a stay.  *See, e.g.*, *Thiam*, 2005 WL 3357134, at *2 (staying federal action when additional federal claims were "premised on the same interactions between the parties as the state law claims"); *Del Conte*, 2007 WL 1119187, at *3 (staying federal action despite additional state law claims in the state action).

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2350141

NOMINAL DEFENDANT ALLERGAN, INC.'S
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
STAY

*Co.*, 493 A.2d 929, 944 (Del. 1985) (recognizing that Delaware state law and federal securities law employ the same materiality standard).  Accordingly, in *International Jensen*, the court stayed both the fiduciary duty claims and the exclusively federal Section 14(a) proxy violation claims because Delaware law recognized claims based on material misstatements or omissions in proxies similar to those brought under Section 14(a), and the state court could provide the same remedy under common law.  *Int'l Jensen Inc.*, 1996 WL 494273, at *4, *6; *see also Classen v. Weller*, 516 F. Supp. 1243, 1245 (N.D. Cal. 1981) (staying federal claims subject to exclusive jurisdiction where the state court can provide the same remedies).  As a result, this factor supports a stay.

### 3.   *A Stay Will Prevent Inconsistent Rulings and Piecemeal Adjudication*

Federal courts have long recognized that it is unreasonable and illogical to litigate the very same issues simultaneously in two separate forums because of risks of inconsistent rulings, duplicative proceedings, and piecemeal litigation, and therefore, stays are appropriate.  *See, e.g.*, *Ryder Truck Rental, Inc. v. Acton Foodservices Corp.,* 554 F. Supp. 277, 281 (C.D. Cal. 1983) (granting stay where "[e]xercising federal jurisdiction in this case would not only require duplication of time and effort on the part of the litigants and the Court, but would also create the possibility of inconsistent results"); *see also El Centro Foods*, 2010 WL 1710286, at *3 ("[S]taying the federal action would prevent the duplication of efforts and risk of inconsistent outcomes that might result from piecemeal litigation of these parties' disputes.").  "Faced with the prospect of duplicating the efforts of a state court, it is appropriate for a federal court to exercise its power to abstain."  *Classen*, 516 F. Supp. at 1244-45.

Where, as here, the courts will be evaluating the same threshold issues, including whether plaintiffs have provided particularized facts to plead demand futility, there is the potential for inconsistent rulings.  *See Yovan v. Lithia Medford*

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2350141

- 13 -

NOMINAL DEFENDANT ALLERGAN, INC.'S
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
STAY

1    *LM, Inc.*, No. 01-3082, 2002 WL 32513822, at *3 (D. Or. Mar. 3, 2002)

2    ("Piecemeal litigation occurs when different tribunals consider the same issue,

3    thereby duplicating efforts and possibly reaching different results.") (internal

4    citation and quotation marks omitted); *see also Clark*, 376 F.3d at 687 (granting stay

5    where the claims are "predicated on the same showing of a breach of fiduciary

6    duty," which creates the risk of duplicative efforts and inconsistent results); *Silvaco*

7    *Data Sys.*, 896 F. Supp. at 977 (granting stay because "[i]t makes no sense to try and

8    carve out one aspect of their dispute and try it separately, particularly since it is

9    intertwined with the issues involved in the other aspects of their ongoing war").

10       Furthermore, there is an additional concern for comity where the federal court

11   would be deciding issues of state law, which supports a stay. *See Teamsters Local*

12   *Nos. 175 & 505 Pension Trust Fund v. IBP, Inc.*, 123 F. Supp. 2d 514, 518-19

13   (D.S.D. 2000) (granting stay of federal claims in favor of the Delaware state court

14   and observing that "[t]he possibility that duplicate lawsuits will result in conflicting

15   results is an especially important concern, because such results endanger both the

16   'legitimacy of the court system in the eyes of the public' and 'fairness to individual

17   litigants.'") (internal citation omitted).  "Granting the stay is therefore consistent

18   with the federal court's discretion to decline to exercise jurisdiction out of

19   consideration for federal-state comity." *El Centro Foods*, 2010 WL 1710286, at *2-

20   *3 (noting that stays "ensure[] the federal forum will remain open if, for some

21   unexpected reason, the state forum proves to be inadequate.")  Given that the

22   corporate interests Plaintiffs seek to represent are already represented by the

23   Delaware Action shareholders seeking relief for the same allegations on the same

24   issues, courts recognize that staying the federal action promotes judicial economy

25   and respect for state court authority. *See, e.g.*, *id.* at *3 (granting stay).

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2350141

- 14 -

NOMINAL DEFENDANT ALLERGAN, INC.'S
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
STAY

4. *Plaintiffs' Rights Will Be Adequately Protected in the Delaware Action*

A stay is warranted here for the additional reason that Plaintiffs' rights will be adequately protected in the Delaware Action.  Plaintiffs purport to represent the same interest – the rights of nominal defendant Allergan.  *See Clark*, 376 F.3d at 686 (holding that shareholder derivative suits with different named plaintiffs are identical because the company is the true party in interest).  Allergan shareholders are already putative plaintiffs in the Delaware Action.  *See Daugherty*, 2007 WL 1994187, at *4-*5 (observing that the state court action can adequately protect the interests of the same putative plaintiffs in the substantially similar federal action); *see also Int'l Jensen*, 1996 WL 494273, at *4 (observing that the plaintiffs in the federal action could have brought their claims in the state court action).

Moreover, the state court has the jurisdiction to provide Plaintiffs with the requested relief they seek in connection with their federal claims.  Plaintiffs in both actions seek economic damages, an Order directing Allergan to reform its corporate governance and internal procedures, attorneys' fees, and any other relief the Court deems proper.  (*Compare* Consolidated Compl. "Prayer for Relief," *with* Delaware Compl. "Prayer for Relief").  Plaintiffs in the Federal Action also seek rescission of the board members' employment and compensation contracts and benefits (Consolidated Compl. ¶ 157), which relief is also available under Delaware law.  *See Reserves Dev. LLC v. Severn Sav. Bank, SFB*, 961 A.2d 521, 525 (Del. 2008) ("The Court of Chancery has broad discretion to fashion equitable relief.");  In re *MAXXAM, Inc.*, 659 A.2d 760, 775 (Del. Ch. 1995) (authorizing rescission as an equitable remedy for a breach of fiduciary duty).  Where the same relief is available in both forums, there is no question that the state court can adequately protect federal plaintiffs' interests.  *See Classen*, 516 F. Supp. at 1245 (finding that where "virtually identical issues and remedies are presented by the state and federal claims," the state action can adequately protect plaintiffs' interests); *see also Avmed*

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2350141

- 15 -

NOMINAL DEFENDANT ALLERGAN, INC.'S
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
STAY

1    *v. Sheridan Healthcorp, Inc.*, No. 09-23851, 2010 WL 3008811, at *7 (S.D. Fla.

2    July 28, 2010) (holding that the state court can adequately protect parties' interests

3    where the court can provide the same relief for the same claims).  Given the overlap

4    of remedies, the parallel nature of the two actions should not be "dispelled by

5    repackaging the same issue under different causes of action."  *Clark*, 376 F.3d at

6    687.

7         Furthermore, a stay would be most efficient and economical for Allergan, the

8    real party in interest.  Only one court would need to rule on the threshold demand

9    futility inquiry, thereby promoting judicial economy and avoiding the risk of

10   inconsistent results while, at the same time, giving the parties an opportunity to

11   resolve any remaining issues or claims.  *See Classen*, 516 F. Supp. at 1244 (staying

12   federal antitrust action where a final decision in the state court action could be

13   dispositive of the federal claims) (internal punctuation omitted).

14              *5.      The Other Factors Are Neutral*

15        The remaining factors have no application to the case.  As a result, the

16   applicable *Colorado River* factors all favor a stay of the Federal Action pending

17   resolution of the Delaware Action.

18

19

20

21

22

23

24

25

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2350141

- 16 -

NOMINAL DEFENDANT ALLERGAN, INC.'S
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
STAY

1   **IV.    CONCLUSION**

2         For all of these reasons, Allergan respectfully requests that the Court stay the

3   instant Federal Action in deference to the parallel, first-filed Delaware Action.

4

5   DATED:  December 8, 2010                IRELL & MANELLA LLP
                                            JOHN C. HUESTON
6                                           DANIEL P. LEFLER
                                            LILLIE A. WERNER
7

8                                           By:  ___/s/___John C. Hueston_____
                                                     JOHN C. HUESTON
9                                           1800 Avenue of the Stars, Suite 900
                                            Los Angeles, CA  90067
10                                          Telephone:  (310) 277-1010
                                            Facsimile:  (310) 203-7199
11                                          jhueston@irell.com
                                            dlefler@irell.com
12                                          lwerner@irell.com

13                                          Counsel for Nominal Defendant
                                            Allergan, Inc.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2350141

- 17 -

NOMINAL DEFENDANT ALLERGAN, INC.'S
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
STAY