WAYNE W. SMITH, SBN 54593
  WSmith@gibsondunn.com
JEFFREY H. REEVES, SBN 156648
  JReeves@gibsondunn.com
KRISTOPHER P. DIULIO, SBN 229399
  KDiulio@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, California 92612-4412
Telephone: 949.451.3800
Facsimile: 949.451.4220

Attorneys for Defendants,
David E. I. Pyott; Herbert W. Boyer, Ph.D.; Louis J. Lavigne, Jr.; Gavin S. Herbert; Stephen J. Ryan, M.D.; Leonard D. Schaeffer; Michael R. Gallagher; Robert A. Ingram; Trevor M. Jones, Ph.D.; Dawn E. Hudson; Russell T. Ray; Deborah Dunsire, M.D.; Handel E. Evans; Ronald M. Cresswell, Ph.D.; Louis T. Rosso; Karen R. Osar; and Anthony H. Wild, Ph.D.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| In re ALLERGAN, INC. SHAREHOLDER DERIVATIVE LITIGATION,<br><br>This Document Relates To:<br><br>ALL ACTIONS | CASE NO. SACV10-01352 DOC (MLGx)<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED COMPLAINT**<br><br>[*Notice of Motion and Motion to Dismiss, Memorandum of Points and Authorities; Declaration of Kristopher P. Diulio filed concurrently*]<br>**Hearing:**<br>Date:     February 28, 2011<br>Time:    8:30 a.m.<br>Place:   Courtroom 9D |

Pursuant to Federal Rule of Evidence 201, defendants David E. Pyott, Herbert W. Boyer, Ph.D.; Deborah Dunsire, M.D.; Gavin S. Herbert; Leonard D. Schaeffer;

Michael R. Gallagher; Stephen J. Ryan, M.D.; Russell T. Ray; Trevor M. Jones, Ph.D.; Robert A. Ingram; Louis J. Lavigne, Jr.; Dawn E. Hudson; Handel E. Evans; Ronald M. Cresswell, Ph.D.; Louis T. Rosso; Karen R. Osar; and Anthony H. Wild; Ph.D. (collectively "Individual Defendants") by and through their respective counsel of record, respectfully request that the Court take judicial notice of true and correct copies of Exhibits A through T attached hereto and authenticated in the concurrently filed Declaration of Kristopher P. Diulio.  As explained more thoroughly below, each of these exhibits is the appropriate subject of judicial notice.

## I.   DISCUSSION

Federal Rule of Evidence 201 allows a court to take judicial notice of facts "not subject to reasonable dispute [and] . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  "A court shall take judicial notice if requested by a party and supplied with the necessary information." *Id.* 201(d).  Moreover, in considering a motion brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *In re Silicon Graphics Secs. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (internal quotations and citations omitted).  The documents attached hereto are proper subjects of judicial notice under these definitions.

### A.   Exhibits Incorporated by Reference

The Complaint relies on numerous forms and proxy statements filed with the Securities and Exchange Commission ("SEC") by Allergan from 2004 to 2010 in arguing that Defendants made allegedly false or misleading statements during the relevant time period. *See* Compl. ¶¶ 2, 66, 77, 111, 113-114, and 116-122.  Allergan has attached portions of one of these SEC filings, its September 1, 2010 Form 8-K, as **Exhibits E** and **G** to this Request, and confirms that it filed this document with the SEC.  In arguing that Defendants' statements were false or misleading, plaintiffs also

cite to four FDA Warning Letters, dated August 22, 2001 (**Ex. O**), June 23, 2003 (**Ex. P**), September 6, 2005 (**Ex. Q**), and August 17, 2009 (**Ex. R**); the September 1, 2010 Criminal Information filed by the Department of Justice ("DOJ") (**Ex. J**); Allergan's Plea Agreement (**Ex. D**); civil *qui tam* complaints naming Allergan as a defendants (**Exs. L–N**); Allergan's Settlement Agreement with the United States concerning the civil and criminal allegations (**Ex. S**); and the DOJ's September 1, 2010 press release (**Ex. K**).  *See* Compl. ¶¶ 15, 68, 75-76, 79-88, 90, 93-102, 105, 107-109, 136, 138, 142, and 151.

Defendants request judicial notice of these documents under the incorporation by reference doctrine.  Thereunder, a court may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading."  *In re Silicon Graphics*, 183 F.3d at 986 (internal quotation omitted); *see also United States v. Ritchie*, 342 F.3d 903 (9th Cir. 2003) (explaining that a document not attached to the complaint by referenced therein may be considered on defendant's motion to dismiss); *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002) (same); *Morgan v. AXT, Inc.*, 2005 U.S. Dist. LEXIS 42346, at *19-21 (N.D. Cal. 2005) (granting judicial notice of press release under "incorporation by reference" doctrine); *Wietschner v. Monterey Pasta Co.*, 294 F. Supp. 2d 1101, 1110 (N.D. Cal. 2003) ("Where a plaintiff fails to attach to the complaint documents referred to in it, and upon which the complaint is premised, a defendant may attach to the motion to dismiss such documents in order to show that they do not support plaintiff's claim.").  The Complaint relies on Exhibits **D, E, G,** and **J–S** to this Request in attempt to establish a basis for the alleged false statements in the Complaint.  Accordingly, judicial notice of these FDA warning letters, SEC filings, and pleadings is appropriate to provide a more complete picture of the statements made to the market during the relevant time period.

Gibson, Dunn & Crutcher LLP

**B.     Public Filings**

Allergan's SEC filings, **Exhibits C** (Form 8-K dated March 4, 2008), **E** and **G** (portions of Form 8-K dated September 1, 2010), and **H** (Form 8-K dated November 1, 2010) are appropriate subjects of judicial notice, regardless of whether they were referenced in the Complaint. In a securities fraud action, the court may take judicial notice of public records outside the pleadings, including SEC filings and conference call transcripts. *See In re Copper*, 311 F. Supp. 857, 863 (N.D. Cal. 2004) (taking judicial notice of Form 3s and 4s filed with the SEC); *Patel v. Parnes*, 253 F.R.D. 531, 545 (C.D. Cal. 2008) ("Courts may consider securities offering and corporate disclosure documents referenced in a complaint."). Such filings may be judicially noticed even if they are not expressly referenced in the complaint. *See*, *e.g.*, *Wietschner*, 294 F. Supp. at 1109 (taking judicial notice of SEC Form 4s even though not explicitly referenced in the Complaint); *see also In re Wet Seal, Inc. Sec. Litig.*, 518 F. Supp. 2d 1148, 1157 (C.D. Cal. 2007) (SEC filings are appropriate for judicial notice); *In re Pixar Sec. Litig*, 450 F. Supp.2d 1096, 1100 (N.D. Cal. 2006) (conference calls "are the types of documents of which [a] Court properly may take judicial notice"). Moreover, consideration of SEC filings does not convert a 12(b)(6) motion into a motion for summary judgment. *See In re Stac Elec. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996). Judicial notice of Allergan's SEC filings is therefore proper.

Furthermore, this Court may take judicial notice of Allergan's Amended and Restated Certificate of Incorporation, attached hereto as **Exhibit F**. *See In re Computer Sciences Corp. Deriv. Litig.*, 244 F.R.D. 580, 587 n.8 (C.D. Cal. 2007) (taking judicial notice of Computer Sciences Corporation's Articles of Incorporation); *McMichael v. U.S. Filter Corp.*, No. EDCV 99-182VAP (MCX), 2001 WL 418981, at *8 (C.D.Cal. Feb. 23, 2001) ("The certificate of incorporation of a Delaware corporation is a publicly filed document, and as such, can be judicially noticed.").

Gibson, Dunn & Crutcher LLP

### C. Conference Call Transcript

Even if not a matter of public record, courts may take judicial notice of transcripts of conference calls with analysts that are publicly available. *See, e.g.*, *Belodoff v. Netlist, Inc.*, CV 07-00677 DOC (MLGx), at *4 (C.D. Cal. May 30, 2008) (taking judicial notice of conference call transcript that was not a matter of public record where accuracy of transcript was not disputed). This is particularly so here, where Plaintiffs allege that information was withheld from investors by the Defendants. Compl. ¶¶ 113–22, 195–202). For this reason, the Individual Defendants respectfully request that this Court take judicial notice of Allergan's July 30, 2008 Conference Call Transcript, publicly available and attached hereto as **Exhibit I.**

### D. Demand on Directors

Defendants also request judicial notice of the undisputable fact that another shareholder has made a demand on the Board of Directors. Importantly, Defendants do not ask the court to take judicial notice of the contents of the demand. In fact, Defendants dispute the underlying allegations in the demand letter. The mere existence of the demand letter, however, attached hereto as **Exhibit A**, is a critical fact that is implicitly referenced throughout Plaintiff's Complaint. *See Amale v. Cellco P'ship*, 547 F. Supp. 2d 1181, 1185 (W.D. Wash. 2008) (taking judicial notice of documents not attached to complaint because they were either explicitly or implicitly referenced and there was no question as to their authenticity).

Plaintiff spends a substantial portion of the Complaint arguing that demand is excused because it would be futile, but Plaintiff ignores the undisputable fact that another shareholder *has* made a demand on the Board raising the same allegations. A plaintiff may not avoid dismissal by simply ignoring facts that are unhelpful to its case. *See County of Stanislaus v. Pac. Gas & Elec. Co.*, CV-F-93-5866-OWW, 1994 U.S. Dist. LEXIS 21032, at *87 (E.D. Cal. 1994) ("In considering a motion to dismiss, the court is not required to don blinders and to ignore . . . reality." (internal quotations

omitted)). Accordingly, this Court should notice and consider the fact that another shareholder has made a demand on the Board.

### E. Historical Stock Information

**Exhibit T** is a chart compiled from publicly available information that lists the historical stock price of Allergan during the relevant time period. Stock prices are appropriate for judicial notice because they are publicly available and "capable of accurate and ready determination by resort to resources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *In re Copper Mtn.*, 311 F. Supp. 2d at 864 ("Information about the stock price of publicly traded companies is the proper subject of judicial notice."); *Patel*, 253 F.R.D. at 548 (granting judicial notice of historical stock prices).

## II. CONCLUSION

Based on the foregoing, this Court can and should take judicial notice of the documents listed and described above, true and correct copies of which are attached hereto as **Exhibits A** through **T**, and authenticated in the concurrently filed Declaration of Kristopher P. Diulio, on the basis that these exhibits each of undisputed authenticity and are public records that are proper subject for judicial notice in considering a motion to dismiss.

DATED: December 8, 2010           Respectfully Submitted,

                                  GIBSON, DUNN & CRUTCHER LLP


                                  By:  /s/ Wayne W. Smith
                                               Wayne W. Smith

                                  3161 Michelson Drive
                                  Irvine, CA  92612-4412
                                  Telephone:  949/451-3800
                                  949/451-4220 (fax)

                                  Attorneys for Defendants,
                                  David E. I. Pyott; Herbert W. Boyer, Ph.D.;
                                  Louis J. Lavigne, Jr.; Gavin S. Herbert; Stephen

J. Ryan, M.D.; Leonard D. Schaeffer; Michael R. Gallagher; Robert A. Ingram; Trevor M. Jones, Ph.D.; Dawn E. Hudson; Russell T. Ray; Deborah Dunsire, M.D.; Handel E. Evans; Ronald M. Cresswell, Ph.D.; Louis T. Rosso; Karen R. Osar; and Anthony H. Wild, Ph.D.

100984670_1 (Allergan Fed Deriv MTD -- RJN v2).DOC

Gibson, Dunn & Crutcher LLP