ROBBINS UMEDA LLP
BRIAN J. ROBBINS
FELIPE J. ARROYO
SHANE P. SANDERS
ALEJANDRO E. MORENO
600 B Street, Suite 1900
San Diego, CA 92010
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
brobbins@robbinsumeda.com
farroyo@robbinsumeda.com
ssanders@robbinsumeda.com
amoreno@robbinsumeda.com

Co-Lead Counsel for Plaintiffs

[Additional lead counsel appear on signature page]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| In re ALLERGAN, INC. SHAREHOLDER DERIVATIVE LITIGATION | ) Master File No. SACV10-01352-DOC (MLGx) ) ) **OPPOSITION TO NOMINAL** |
| _____ | ) **DEFENDANT ALLERGAN,** ) **INC.'S MOTION TO STAY** ) **JUDICIAL PROCEEDINGS** |
| This Document Relates To: | ) ) Date: February 28, 2011 |
| ALL ACTIONS | ) Time: 8:30 a.m. ) Courtroom: 9D ) Judge: Honorable David O. Carter ) |

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ............................................................................. 1

II.   ALLERGAN'S MOTION TO STAY SHOULD BE DENIED ..................... 3

    A.    Applicable Legal Standards ................................................... 3

    B.    Plaintiffs' Exchange Act Claims Cannot Be Stayed Under the *Colorado River* Doctrine ................................................... 4

    C.    Plaintiffs' State Law Claims Should Not Be Stayed ........................... 6

        1.    The Instant Action and the Delaware Action Are Not Parallel Because the Action Raises Distinct Issues and Claims for Relief ........................................................... 7

        2.    The *Colorado River* Factors Weigh Against a Partial Stay of Plaintiffs' State Law Claims ................................... 10

            a.    Inconvenience of the Federal Forum ............................. 11

            b.    Desirability of Avoiding Piecemeal Litigation .............. 11

            c.    The Order in Which the Actions Were Filed ................. 12

            d.    Federal Law Provides the Rule of Decision on the Merits ........................................................... 13

            e.    The State Court Proceedings Are Inadequate to Protect the Federal Litigant's Rights .............................. 15

            f.    Exercising Jurisdiction Would *Not* Promote Forum Shopping ........................................................... 15

III.  CONCLUSION .............................................................................. 16

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ariz. v. San Carlos Apache Tribe of Ariz.,*
   463 U.S. 545 (1983) ................................................................. 2, 4

*Beam ex rel. Martha Stewart Living Omnimedia, Inc. v. Stewart,*
   833 A.2d 961 (Del. Ch. 2003) ..................................................... 15

*Classen v. Weller,*
   516 F. Supp. 1243 (N.D. Cal. 1981) .............................................. 5

*Colorado River Water Conservation District v. United States,*
   424 U.S. 800 (1976) ............................................................. *passim*

*Del Conte v. S.F. Police Dep't,*
   No. C 06-05030 JSW, 2007 WL 1119187 (N.D. Cal. Apr. 16,
   2007) ................................................................................... 6

*El Centro Foods, Inc. v. Nazarian,*
   No. CV09-06395 ODW (VBKx), 2010 WL 1710286 (C.D. Cal.
   Apr. 21, 2010) ......................................................................... 6

*Finkielstain v. Seidel,*
   857 F.2d 893 (2d Cir. 1988) ......................................................... 4

*Harrison v. Capital Grp. Co., Inc,*
   No. SACV-090935 DOC (MLG), 2009 WL 3272071, at *7 (C.D.
   Cal. Oct. 9, 2009) .................................................................... 13

*Holder v. Holder,*
   305 F.3d 854 (9th Cir. 2002) ........................................................ 6

*In re Comverse Technology, Inc. Derivative Litigation,*
   No. 06-CV-1849 (NGG) (RER), 2006 WL 3193709 (E.D.N.Y.
   Nov. 2, 2006) ....................................................................... 5, 7

*In re Countrywide Fin. Corp. Derivative Litig.,*
   542 F. Supp. 2d 1160 (C.D. Cal. 2008) ..................................... *passim*

*In re Maxim Integrated Prod., Inc., Derivative Litig.,*
   574 F. Supp. 2d 1046, 1070 (N.D. Cal. 2008) ............................... 13

*In re Verisign, Inc., Derivative Litig.,*
   531 F. Supp. 2d 1173 (N.D. Cal. 2007) ....................................... 13

*International Jensen Inc. v. Emerson Radio Corp.,*
   No. 96 C 2816, 1996 WL 494273 (N.D. Ill. Aug. 27, 1996) ............ 5, 14

*Medema v. Medema Builders, Inc.,*
   854 F.2d 210 (7th Cir. 1988) ......................................................... 4

- ii -

*Minucci v. Agrama,*
  868 F.2d 1113 (9th Cir. 1989)........................................................4, 5

*Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,*
  460 U.S. 1 (1983) .................................................................7, 10, 12

*Nakash v. Marciano,*
  882 F.2d 1411 (9th Cir. 1989).......................................6, 7, 9, 11

*Oakland Cnty. Emps.' Ret. Sys. v. Massaro,*
  702 F. Supp. 2d 1012 (N.D. Ill. 2010) ...................................14

*O'Neill v. United States,*
  50 F.3d 677 (9th Cir. 1995).....................................................6

*Peak Performance Nutrition v. Media Power, Inc.,*
  669 F. Supp. 2d 1176 (C.D. Cal. 2009)....................................12

*Prominent Consulting LLC v. Allen Bros., Inc.,*
  543 F. Supp. 2d 877 (N.D. Ill. 2008) ......................................14

*Remington v. Mathson,*
  No. CV 09-4547 NJV, 2010 WL 1233803 (N.D. Cal. Mar. 26,
  2010)...........................................................................................13

*Rhoades v. Powell,*
  644 F. Supp. 645 (E.D. Cal.1986) ...........................................14

*Silberkleit v. Kantrowitz,*
  713 F.2d 433 (9th Cir. 1983)............................................2, 3, 4, 5

*Silvaco Data Sys., Inc. v. Tech. Modeling Assocs., Inc.,*
  896 F. Supp. 973 (N.D. Cal. 1995) ......................................6, 12

*Smith v. Cent. Ariz. Water Conservation Dist.,*
  418 F.3d 1028 (9th Cir. 2005)...................................................6

*Thiam v. Fillmore Props., L.L.C.,*
  No. C 05-01874 JSW, 2005 WL 3357134 (N.D. Cal. Dec. 9, 2005) ............6

*Travelers Indem. Co. v. Madonna,*
  914 F.2d 1364 (9th Cir. 1990)..............................................10, 12

*Turf Paradise, Inc. v. Ariz. Downs,*
  670 F.2d 813 (9th Cir. 1982).................................................2, 4

**STATUTES**

15 U.S.C.
  §78aa(a) .....................................................................................5
  §78cc(b).....................................................................................14

OPP. TO NOMINAL DEFENDANT ALLERGAN, INC.'S MOTION TO STAY JUDICIAL PROCEEDINGS

# I.   INTRODUCTION

Plaintiffs Willa Rosenbloom, Daniel Himmel, Pompano Beach Police & Firefighters' Retirement System, and Western Washington Laborers-Employers Pension Trust (the "Plaintiffs"), public shareholders of Allergan, Inc. ("Allergan" or the "Company"),  respectfully oppose Nominal Defendant Allergan, Inc.'s Motion to Stay Judicial Proceedings filed on December 8, 2010 (the "Motion to Stay") (Docket Nos. 45, 45-1).[1]  Plaintiffs brought this action (the "Action") derivatively on behalf of Allergan to remedy harms caused by the named defendants (the "Individual Defendants")[2] arising from misconduct associated with improper marketing of the Company's products, including Botox.[3]   Allergan now seeks to stay this Action in favor of a parallel shareholder derivative action pending in the Delaware Court of Chancery (the "Delaware Action").[4]  In its Motion to Stay, Allergan urges the Court to

---

[1]  The Individual Defendants (defined below), while expressly joining in Nominal Defendant Allergan's Motion to Dismiss the Consolidated Complaint, did not join Allergan's Motion to Stay.  *See* Individual Defendant's Notice of Motion and Motion to Dismiss Plaintiff's Consolidated Complaint at 2 (Docket No. 51).

[2]  The Individual Defendants are as follows: David I. Pyott, Herbert W. Boyer, Deborah Dunsire, Gavin S. Herbert, Leonard D. Schaeffer, Michael R. Gallagher, Stephen J. Ryan, Russell T. Ray, Trevor M. Jones, Robert A. Ingram, Louis J. Lavigne, Jr., Dawn E. Hudson, Handel E. Evans, Ronald M. Cresswell, Louis T. Rosso, Karen R. Osar, and Anthony H. Wild.

[3]  The Action alleges: (1) violation of section 29(b) of the Securities and Exchange Act of 1934 (the "Exchange Act"); (2) breach of fiduciary duty; (3) corporate waste; (4) unjust enrichment; (5) insider trading; and (6) violation of section 14(a) of the Exchange Act.  *See* [Corrected] Verified Shareholder Derivative Consolidated Complaint for Violations of Federal Securities Laws, Violations of California Corporations Code, Breach of Fiduciary Duties, Waste of Corporate Assets, and Unjust Enrichment (the "Federal Consolidated Complaint"),  ¶¶155-202 filed November 9, 2010 (Docket No. 41).  All paragraph references ("¶__" or "¶¶__") are to the Federal Consolidated Complaint, unless otherwise noted.

[4]  The Delaware Action is a shareholder derivative action captioned *Louisiana Municipal Police Employees' Retirement System v. Pyott*, No. 5795, filed on September 3, 2010, by shareholder plaintiffs ("Delaware Plaintiffs") alleging: (1) breach of fiduciary duty; and (2) corporate waste, concerning the Company's complicity in the violation of federal regulations pertaining to its promotion of Botox. *See* Verified Amended Derivative Complaint, filed on October 11, 2010, ¶¶119-25 (the "Delaware Amended Complaint") attached as Exhibit A to Declaration of Shane P. Sanders in Support of Opposition to Nominal Defendant Allergan, Inc.'s Motion to Stay Judicial Proceedings, filed concurrently herewith ("Sanders Decl.").   The Delaware Action was filed six days before *Rosenbloom v. Pyott*, No. 10-cv-01352

stay the Action and refrain from exercising its constitutionally mandated jurisdiction to adjudicate federal claims.  *See* Allergan's Memorandum of Points and Authorities in Support of Motion to Stay at 12-13, 15 (the "Def.'s Mem.") (Docket No. 45-1), filed concurrently with Motion to Stay.  Allergan bases its Motion to Stay on the abstention doctrine set forth in *Colorado River Water Conservation District v. United States*.  *See* Def.'s Mem. at 1, 5-6; *Colorado River*, 424 U.S. 800 (1976) ("*Colorado River*").

Allergan's arguments are without merit and the Motion to Stay should be denied.  First, the *Colorado River* doctrine only applies to claims where a state and federal court share concurrent jurisdiction.  *See infra* at p. 4.  It ***does not*** apply to cases, such as this one, where the subject claims (brought under the Exchange Act) are subject to the exclusive jurisdiction of the federal court.  *See infra* at pp. 4-5.  It is well settled in the Ninth Circuit that a "***district court has no discretion to stay proceedings as to claims within exclusive federal jurisdiction***."  *Silberkleit v. Kantrowitz*, 713 F.2d 433, 436 (9th Cir. 1983) (citing *Turf Paradise, Inc. v. Ariz. Downs*, 670 F.2d 813 (9th Cir. 1982)); *In re Countrywide Fin. Corp. Derivative Litig.*, 542 F. Supp. 2d 1160, 1172 (C.D. Cal. 2008) ("Ninth Circuit law prohibits the exercise of *Colorado River* 'to stay proceedings *as to claims* within *exclusive* federal jurisdiction'").[5]  The *Colorado River* doctrine, therefore, does not apply and this Action cannot be stayed on that basis.

Moreover, this Court should not enter a partial stay as to Plaintiffs' state law claims.  Though Allergan fails to address the issue at all, even a partial stay under the *Colorado River* abstention principles will only be warranted where the moving party carries the heavy burden of showing that "'***exceptional circumstances***'" justify a stay.  *See* 424 U.S. at 818 (emphasis added) (citation omitted).  As demonstrated below in

DOC (MLGx), the first complaint to form part of the Action, which was filed September 9, 2010.

[5] Here, as throughout, all emphasis is added and citations are omitted unless otherwise noted.

Section II.C.2., the balancing of the *Colorado River* factors, and the significant differences between this Action and the Delaware Action demonstrate that even a partial stay of Plaintiffs' state law claims is not warranted.  For these reasons, as discussed in more detail below, the Motion to Stay should be denied in its entirety.[6]

## II.    ALLERGAN'S MOTION TO STAY SHOULD BE DENIED

### A.    Applicable Legal Standards

Allergan seeks to ***completely*** stay the Action based on the *Colorado River* doctrine.  Def.'s Mem. at 1.   The *Colorado River* doctrine exists to allow a federal court to abstain from exercising jurisdiction when, under certain extraordinary and narrow circumstances, "considerations of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation'" weigh in favor of staying a federal lawsuit in favor of parallel proceeding in state court.  *Colo. River*, 424 U.S. at 813, 817.  Importantly, controlling Ninth Circuit authority prohibits a federal court from staying claims of exclusively federal jurisdiction, such as Plaintiffs' Exchange Act claims, under the *Colorado River* doctrine. *See infra* pp. 4-5; *Silberkleit*, 713 F.2d at 435-36 (a federal court may not "stay proceedings as to claims within exclusive federal jurisdiction" under the *Colorado River* doctrine).  As to state law claims or claims over which the state court has concurrent jurisdiction, a federal court applies a two-part test.  <u>First</u>, "the Court must determine whether the federal and state actions are sufficiently parallel." *See Countrywide*, 542 F. Supp. 2d at 1170 (a case is sufficiently parallel when the same parties are concurrently litigating the same issues in different forums).  <u>Second</u>, even

---

[6] The factual background to this litigation is set forth in Plaintiffs' Opposition to Defendant Allergan Inc.'s Motion to Dismiss the Consolidated Complaint (the "Opposition to MTD"), filed along with this Opposition.  As explained in the Opposition to MTD, Plaintiffs' suit arises out of the wrongdoing by the Individual Defendants in connection with the U.S. Department of Justice's $600 million sanction of Allergan arising from the Company's improper promotion of Botox in violation of the Federal Food, Drug, and Cosmetic Act. The Federal Consolidated Complaint also contains allegations that the Individual Defendants misbranded Botox and sought improper reimbursements for Botox treatments from Medicare and Medicaid.

1  when two cases are parallel, the court must still balance a non-exclusive series of

2  factors relevant to whether the interest of "judicial administration, giving regard to

3  conservation of judicial resources and comprehensive disposition of litigation,"

4  supports a stay in favor of the state court action. *Id.* at 1169.[7]  As explained in detail

5  below, under the circumstances of this Action, a partial stay of the state law claims is

6  not warranted.

### B. Plaintiffs' Exchange Act Claims Cannot Be Stayed Under the *Colorado River* Doctrine

9  As a threshold matter, Plaintiffs' federal claims under the Exchange Act may not

10  be stayed pursuant to *Colorado River*.  Ninth Circuit law prohibits the application of

11  the *Colorado River* doctrine "to stay proceedings as to claims within exclusive federal

12  jurisdiction."[8]  *Silberkleit*, 713 F.2d at 436 (Exchange Act claims, which are subject to

13  exclusive federal jurisdiction, may not be stayed under the *Colorado River* doctrine.);

14  *see also Minucci v. Agrama*, 868 F.2d 1113, 1115 (9th Cir. 1989) (*Colorado River*

15  abstention doctrine "inapplicable" as plaintiff's "copyright claim [was] within the

16  exclusive jurisdiction of the federal courts."); *Ariz. v. San Carlos Apache Tribe of

17  Ariz.*, 463 U.S. 545, 560 (1983) ("a dismissal or stay of the federal suits would have

18  been improper if there was no jurisdiction in the concurrent state actions to adjudicate

19  the claims at issue in the federal suits").  A federal court may ***only*** stay claims based

20  on state law or subject to concurrent jurisdiction. *See Countrywide*, 542 F.Supp.2d at

21  1172 (staying state law claims subject to concurrent jurisdiction of state court, but

22  refusing to stay exclusively federal Exchange Act claims); *Turf Paradise,* 670 F.2d at

---

[7] A (non-exclusive) list of factors considered by the Ninth Circuit when deciding whether to stay a federal action under *Colorado River* can be found at *supra* p. 10.

[8] Other Federal Circuits also prohibit the stay of exclusively federal causes of action based on the *Colorado River* doctrine.  *See, e.g.*, *Finkielstain v. Seidel*, 857 F.2d 893, 896 (2d Cir. 1988) (finding *Colorado River* abstention "not appropriate" because the plaintiff's Exchange Act claims were "exclusively within the jurisdiction of the federal courts"); *Medema v. Medema Builders, Inc.*, 854 F.2d 210, 215 (7th Cir. 1988) (concluding "*Colorado River* stay is not appropriate" where the plaintiff's claim invokes the exclusive jurisdiction of federal courts).

1    821 (*Colorado River* "is invoked when both the federal and state courts have

2    concurrent jurisdiction over particular claims."); *Minucci*, 868 F.2d at 1115

3    ("Colorado River doctrine ... applies to claims under the concurrent jurisdiction of the

4    federal and state courts.").[9]

5           Here, Plaintiffs' claims under sections 14(a) and 29(b) of the Exchange Act can

6    only be brought in federal court. *See* 15 U.S.C. §78aa(a) ("The district courts of the

7    United States … shall have exclusive jurisdiction of violations of the [Exchange Act]

8    …."). Indeed, Allergan concedes that section 14(a) claims are subject to exclusive

9    federal jurisdiction. *See* Def.'s Mem. at 13 ("[I]n *International Jensen*, the court

10   stayed both the fiduciary duty claims and the ***exclusively federal*** Section 14(a) proxy

11   violation claims ….") (emphasis added). Under the on-point case law cited above, this

12   Court has ***no discretion*** to stay any exclusively federal claims, including Plaintiffs'

13   claims under sections 14(a) and 29(b) of the Exchange Act.[10] Simply put, Plaintiffs'

14   Exchange Act claims are exclusively federal causes of action that cannot be stayed by

15   this Court.[11]

16   _____

17   [9] Co-lead counsel for Plaintiffs prevailed against the very same arguments made by Allergan in *In re Comverse Technology, Inc. Derivative Litigation*, 06-CV-1849 (NGG) (RER), 2006 WL 3193709 (E.D.N.Y. Nov. 2, 2006). In that case, defendants

18   sought to stay a stock option backdating case, proceeding in New York federal court, in favor of a New York state court action. *See id.*, at *1. The court denied defendants'

19   motion to stay and noted that "given the exclusive jurisdiction of the federal courts over Exchange Act claims, courts confronted with *Colorado River* abstention requests

20   in cases involving such claims have routinely denied those requests." *Id.*, at *3.

21   [10] Allergan does not cite to any authority to support a federal stay of Plaintiffs' exclusively federal section 29(b) Exchange Act claim in favor of state court

22   proceedings. Rather, Allergan cites to *Classen v. Weller* for the proposition that a federal court may stay claims subject to exclusive jurisdiction where the state court

23   can provide the same remedies. 516 F. Supp. 1243, 1245 (N.D. Cal. 1981). However, *Classen* has been superseded by the subsequent Ninth Circuit decisions in *Minucci*

24   and *Silberkleit* which, as stated above, clarify that a district court has "no discretion to stay proceedings as to claims within exclusive federal jurisdiction." *See Minucci*, 868

25   F.2d at 1115; *Silberkleit*, 713 F.2d at 435-36.

26   [11] Notwithstanding the clear case law on these issues, Allergan suggests that the Court may stay Plaintiffs' Exchange Act claims under the *Colorado River* doctrine. Def.'s

27   Mem. at 13. Allergan is wrong. The Company cites only to *International Jensen Inc. v. Emerson Radio Corp.*, a single unpublished decision from the Northern District of

28   Illinois. No. 96 C 2816, 1996 WL 494273 (N.D. Ill. Aug. 27, 1996) ("*International Jensen*"); Def.'s Mem. at 13. The case does not further Allergan's cause and only

- 5 -

### C.     Plaintiffs' State Law Claims Should Not Be Stayed

Without basis in law or citation to relevant authority, Allergan suggests that this Court is imbued with "broad authority to stay proceedings in a federal case in deference to a pending state court case." Def.'s Mem. at 5. Allergan's suggestion that the Court's discretion is unrestrained is wrong. In the Ninth Circuit, abstention from the exercise of federal jurisdiction is only appropriate under "exceptional circumstances." *See Colorado River*, 424 U.S. at 813 (determining that "abstention from the exercise of federal jurisdiction is the exception, not the rule," and that a court may abdicate its obligation to decide cases under the abstention doctrine "only in … exceptional circumstances"); *Smith v. Cent. Ariz. Water Conservation Dist.*, 418 F.3d 1028, 1033 (9th Cir. 2005) (circumstances where the *Colorado River* abstention doctrine would preclude a federal district court's exercise of jurisdiction are "exceedingly rare"); *Holder v. Holder*, 305 F.3d 854, 867 (9th Cir. 2002) ("'exceptional circumstances must be present'" for the *Colorado River* abstention doctrine to apply) (citation omitted); *see also O'Neill v. United States*, 50 F.3d 677, 688 (9th Cir. 1995). Rather than being "broad," as Allergan suggests, the *Colorado River* abstention doctrine "is a narrow exception to 'the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them.'" *Holder*, 305 F.3d at 867 (citation omitted).

---

serves to muddy the water. As shown above, the Ninth Circuit has a bright-line rule that exclusively federal claims cannot be stayed under *Colorado River* in favor of related state court proceedings. *International Jensen* has no application to this Court's decision. The Ninth Circuit authorities cited by Allergan are also inapposite because they did not involve exclusively federal claims. *See, e.g.*, *El Centro Foods, Inc. v. Nazarian*, No. CV09-06395 ODW (VBKx), 2010 WL 1710286, at *3 (C.D. Cal. Apr. 21, 2010) ("the adjudicative power of the state courts under the Lanham Act is identical to federal courts"); *Del Conte v. S.F. Police Dep't*, No. C 06-05030 JSW, 2007 WL 1119187, at *4 (N.D. Cal. Apr. 16, 2007) (the state court "provides an adequate forum in which to hear [plaintiff's federal] civil rights claims"); *Thiam v. Fillmore Props., L.L.C.*, No. C 05-01874 JSW, 2005 WL 3357134 (N.D. Cal. Dec. 9, 2005) (federal civil rights claims could have been brought in state court); *Silvaco Data Sys., Inc. v. Tech. Modeling Assocs., Inc.*, 896 F. Supp. 973, 976, 977 (N.D. Cal. 1995) ("concurrent jurisdiction under the Lanham Act is available in state court").

There are two steps to the Court's inquiry.  The Court must first decide whether the federal and state law proceedings are parallel (e.g., substantially similar).  *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989) (federal and state actions were substantially similar because the named parties to the federal were also named in the state action, the same dispute was at issue in both actions, and the federal action was a "'spin-off' of more comprehensive state litigations").   Even if the Court determines that they are sufficiently similar to be deemed "parallel," the Court must still balance the factors relevant to whether the interest of "judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation" support a stay in favor in the federal Court.  In *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, the Supreme Court clarified that "the decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance ***heavily weighted in favor of the exercise of jurisdiction***." 460 U.S. 1, 16 (1983) ("*Cone*") .   Below, Plaintiffs explain why Allergan has not shown (and cannot show) that this Action and the Delaware Action are sufficiently similar to be deemed parallel.  Plaintiffs also explain why Allergan cannot satisfy its heavy burden to demonstrate that the balance of the *Colorado River* factors weighs in favor of a stay here.

### 1.   The Instant Action and the Delaware Action Are Not Parallel Because the Action Raises Distinct Issues and Claims for Relief

Prior to applying the *Colorado River* factors analysis, the Court must determine whether the federal and state actions are sufficiently parallel.  *Countrywide*, 542 F. Supp. 2d at 1170. The Ninth Circuit standard is not one of exact parallelism, but looks to whether the two proceedings are "substantially similar."  *Nakash*, 882 F.2d at 1416.   Actions are substantially similar when "'substantially the same parties are contemporaneously litigating the same issues in different forums.'"  *Countrywide*, 542

F. Supp. 2d at 1170 (citing *Comverse*, 2006 WL 3193709, at *2).  For example, in *Countrywide*, plaintiff shareholders were proceeding, derivatively on behalf of Countrywide, with Exchange Act claims in California federal court.  *See* 542 F. Supp. 2d at 1167.  Subsequently, Countrywide announced that it intended to merge with a subsidiary of Bank of America.  *Id.*  In response, the Countrywide plaintiffs amended their complaint to add state law breach of fiduciary duty claims related to the proposed merger.  *See id.* at 1168.  The Countrywide defendants responded by filing a *Colorado River* motion to stay the merger related claims in favor of litigation pending in Delaware. *See id.* at 1169.  The Court entered a partial stay of the state law merger related claims.  *See id.* at 1170.  Although the Exchange Act claims were allowed to continue in federal court, the Court found that the state law claims in the federal and state actions were sufficiently parallel because they concerned the same defendants, represented the same putative class of Countrywide common-stock holders, raised same claims, and concerned very similar sets of substantive issues.  *See id.*

   The instant Action contrasts sharply with *Countrywide*.  Allergan argues that the Action and the Delaware Action are substantially similar because they purportedly "involve the same (i) parties, (ii) factual allegations, and (iii) legal theories and requested relief."  Def.'s Mem. at 7.  In light of the principles discussed in *Countrywide,* and the fact that the Action and the Delaware Action concern different claims, different parties, and different legal theories*,* Allergan fails to show that the actions are substantially similar. First, unlike *Countrywide*, the factual allegations and legal theories raised in this Action are substantially distinct from those alleged in the Delaware Action.  For example, the Delaware Plaintiffs filed a 14-page initial complaint on September 3, 2010, which sought relief solely for breach of fiduciary duty and corporate waste.  *See* Verified Derivative Complaint, *La. Mun. Police Emps.' Ret. Sys. v. Pyott,* Civil Action No. 5795 (Del. Ch. filed on Sept. 3, 2010) (Docket No. 68), ¶¶51-53 (the "Delaware Original Complaint") attached as Exhibit B to Sanders Decl.  Although the Delaware Plaintiffs subsequently filed an amended complaint, the

- 8 -

Delaware Amended Complaint did not expand its allegations beyond state law breach of fiduciary duty and waste.  Delaware Original Complaint, ¶¶72-77, 122.  In contrast, Plaintiffs here filed a detailed sixty-seven page complaint alleging six different causes of action, including federal violations of the Exchange Act and statutory violations of the California Corporations Code.  ¶¶155-202.  In addition to the breach of fiduciary duty and waste claims pled in the Delaware Action, this Action pleads claims that are not raised and will not be adjudicated in the Delaware Action, including: (i) sections 14(a) and 29(b) claims under the Exchange Act for rescission of employment and compensation contracts and damages in connection with a misleading Company proxy; (ii) unjust enrichment claims; (iii) claims for insider trading; and (iv) breach of duty under California statutory law.  *Compare* Federal Consolidated Complaint, ¶¶155-57, 170-94, *with* Delaware Amended Complaint, ¶¶119-25.  Here, Plaintiffs' claims and legal theories are materially more comprehensive than those alleged by the Delaware Plaintiffs.  Accordingly, the Action cannot be considered a mere "spin-off" of the Delaware Action.  *Cf. Nakash*, 882 F.2d at 1417 (the court was "reluctant to find that the actions are not parallel when the federal action is but a 'spin off' of ***more comprehensive*** state litigation").

Without argument or basis in fact, Allergan claims that "the cases involve substantially the same parties."  Def.'s Mem. at 7.  That is also wrong.  Defendants Handel E. Evans ("Evans"), Ronald M. Cresswell ("Cresswell"), Louis T. Rosso ("Rosso"), Karen R. Osar ("Osar"), and Anthony H. Wild ("Wild") are not named, and face no liability in the Delaware Action.  ¶¶39-43.  The additional defendants were intimately involved in the wrongdoing that underpins this Action.  For example, each of these additional defendants was a director of the Company when the wrongdoing concerning Allergan's illegal marketing and misbranding of Botox was endemic at the Company.  *See*, ¶¶6, 39-43. Moreover, these defendants were members of key Board committees charged with oversight of the conduct that led to the filing of the Action.  For example, defendants Evans, Rosso, Osar, and Wild were members of the

1   Company's Audit and Finance Committee, which was charged with monitoring

2   Allergan's legal and regulatory compliance – including, presumably, compliance with

3   marketing protocols for Botox.  ¶¶39, 41-43, 53(b).  Defendants Evans and Cresswell

4   served on Allergan's Corporate Governance Committee and were required to "[r]eview

5   comprehensive reports from management regarding compliance-related matters

6   affecting the Company and provide general compliance oversight to Allergan." ¶¶39-

7   40, 54.  In sum, additional defendants in the Action are integral to any derivative

8   allegations regarding the improper marketing of  Allergan's products.  The Delaware

9   Action's failure to name those additional defendants should preclude a finding that the

10   actions are substantially similar.

11          **2.    The *Colorado River* Factors Weigh Against a Partial Stay of**
12                **Plaintiffs' State Law Claims**

13       Even if this Court found that the instant Action and the Delaware Action are

14   substantially similar, Allergan still bears the burden of establishing that the *Colorado*

15   *River* factors weigh heavily in favor of a stay of the federal proceedings in deference

16   to the state court action.  *See Travelers Indem. Co. v. Madonna*, 914 F.2d 1364 (9th

17   Cir. 1990) (to determine whether a stay is warranted, the relevant factors must be

18   balanced, "with the balance heavily weighted in favor of the exercise of jurisdiction")

19   (citing *Cone*, 460 U.S. at 16).  Although the factors are not fixed, the Ninth Circuit has

20   generally considered the following non-exhaustive list of factors: (i) whether the state

21   court first assumed jurisdiction over property; (ii) inconvenience of the federal forum;

22   (iii) the desirability of avoiding piecemeal litigation; (iv) the order in which

23   jurisdiction was obtained by the concurrent forums; (v) whether federal law or state

24   law provides the rule of decision on the merits; (vi) whether the state court

25   proceedings are inadequate to protect the federal litigant's rights; and (vii) whether

26   exercising jurisdiction would promote forum shopping. *Travelers*, 914 F.2d at 1367-

27   68. Additionally, if there is "[a]ny doubt as to whether a factor exists, [it] should be

28   resolved against a stay, not in favor one."  *Id.* at 1369.  Here there is no "*res*" or

property at issue, so this factor is irrelevant to the stay sought.  As demonstrated below, the other *Colorado River* factors also do not weigh in favor of a partial stay of Plaintiffs' state law causes of action.

### a.    Inconvenience of the Federal Forum

Allergan does not address the convenience of this California Federal forum, and for good reason.  The Central District of California is the more viable forum relative to Delaware because: (i) nominal defendant Allergan maintains its principal executive office and its administrative and research facilities within the district; (ii) eight out of the twelve individual defendants in the Delaware Action (and nine out of the seventeen Individual Defendants in this Action) are citizens of California, and none of the Individual Defendants are citizens of Delaware; (iii) the misconduct alleged in both the federal and state complaints primarily occurred in California; and (iv) most of the discovery material and evidence is likely located in California.  The convenience of the federal forum, therefore, weighs heavily against a stay.

### b.    Desirability of Avoiding Piecemeal Litigation

As addressed above, deference to the Delaware Action will ineluctably result in piecemeal litigation because this Action is more comprehensive than the Delaware Action.  *Cf. Nakash*, 882 F.2d at 1417 (staying federal action because state action was the more comprehensive action).   Beyond the fact that Plaintiffs allege two exclusively federal claims under sections 14(a) and 29(b) of the Exchange Act, Plaintiffs also allege violations of sections 25402 and 25502.5 of the California Corporate Code (insider trading) and common law claims for unjust enrichment. Insider trading and unjust enrichment are ***not*** at issue in the Delaware Action.  The principles of comity and judicial economy, therefore, will not be served by partially staying Plaintiffs' state law claims.  Moreover, as explained in detail above, even if the Court grants a partial stay of Plaintiffs' state law claims, the Court ***must*** adjudicate the Action's federally exclusive claims.   To avoid piecemeal litigation, "judicial administration" would be better served by adjudicating all the derivative claims

arising out of the marketing of Botox in the U.S. District Court for the Central District of California – not the Delaware Court of Chancery.

### c.   The Order in Which the Actions Were Filed

Allergan unconvincingly offers that "[b]ecause of the Delaware Action's status as the first-filed lawsuit, ... this factor weighs heavily in favor of a stay." Def.'s Mem. at 11.  Allergan conveniently neglects to mention that there was a mere six days difference between the filing of the Delaware Action and the first action filed in this Court.  Ninth Circuit case law has held that such a minimal difference between the date of the first-filed action in a state court and the action filed in federal court is immaterial and should not be weighed in favor of staying the federal proceedings.  *See Cone*, 460 U.S. at 21 (determining the petitioner's argument that the state action was filed 19 days before the federal suit favors a stay to be "too mechanical a reading to the 'priority' element of the *Colorado River* balance"); *Travelers*, 914 F.2d at 1370 (finding no abuse of discretion where the district court found that the priority factor did not favor a stay even though the state action was filed three days before the federal action).[12]

The Court may also consider the relative progress of the state and federal court actions.  *See Peak Performance Nutrition v. Media Power, Inc.*, 669 F. Supp. 2d 1176, 1181 (C.D. Cal. 2009).  Here, both the Delaware Action and this Action are at similar stages in the litigation process.  Allergan has filed motions to dismiss as to both actions, and those motions are awaiting further briefing before court resolution.[13]  The

---

[12] Allergan's citation to *Silvaco* is not to the contrary.  In *Silvaco*, the state actions were filed more than ***seven months*** before the federal action.  *Silvaco*, 896 F. Supp. at 977 ("The First and Second State Actions were commenced on July 15, 1991 and November 7, 1994 respectively, whereas the federal action was not filed until May 19, 1995.").

[13] The hearing on defendants' motion to dismiss the Delaware Action has been indefinitely postponed pending the Delaware Court of Chancery's adjudication of a third-party motion to intervene and stay.  *See* Letter to Counsel re: rescheduling hearing, *La. Mun. Police Emps.' Ret. Sys. v. Pyott,* No. 5795-VCL attached as Exhibit C to Sanders Decl.; *cf.* Def.'s Mem. at 11 ("Defendants filed motions to dismiss the Amended Complaint on October 25, 2010 and the hearing will be before the Chancery Court in less than two weeks.").

1    order in which the actions were filed and (lack of) progress in the Delaware Action,

2    therefore, does not weigh in favor of a stay.[14]

3            **d.    Federal Law Provides the Rule of Decision on the Merits**

4            As discussed in detail above, this Action consists of mixed questions of federal

5    and state law.[15]  *See supra* Section II.B; *cf. Harrison v. Capital Grp. Co.*, No. SACV-

6    090935 DOC (MLG), 2009 WL 3272071 (C.D. Cal. Oct. 9, 2009) (the court found

7    that the prevalence of state law claims supported a stay because "***every*** claim in [the

8    federal] action [was] based on state substantive law …. [and] the only basis for federal

9    jurisdiction [was] the diversity of the parties.").   Here, federal law controls a

10   substantial portion of Plaintiffs' claims because Plaintiffs' proxy allegations and claims

11   for rescission of the Individual Defendants' employment and compensation contracts

12   depend entirely on interpretation of the Exchange Act by a federal court.   *See*

13   *Remington v. Mathson*, No. CV 09-4547 NJV, 2010 WL 1233803, at *8 (N.D. Cal.

14   Mar. 26, 2010) (concluding the fifth factor weighed against abstention because

15   "federal law controls the determination of the [p]laintiff's [exclusively] federal

16   environmental claims").

17           Plaintiffs' section 14(a) claim, for example, is based on misstatements contained

18   in Allergan's proxy regarding the Company's compensation plan for certain of the

19   Individual Defendants, including the 2008 Incentive Plan that increased the amount of

20

---

21   [14] *Silvaco* is distinguishable.  Def.'s Mem. at 11.  In that case, significant motion
22   practice (two demurrers and several discovery motions) and discovery (three days of
     depositions) had taken place in the state court actions. *See Silvaco*, 896 F. Supp. at
23   977.  This stands in stark contrast to the proceedings that have taken place in the
     Delaware Action, which Allergan admits has not progressed beyond the motion to
24   dismiss stage.  Def.'s Mem. at 11.

25   [15] Allergan asserts that Delaware law applies to Plaintiffs' insider trading allegations.
     That is wrong.  Ninth Circuit courts have vindicated the rights of plaintiffs to bring
26   California statutory insider trading claims against officers and directors of out-of-state
     corporations. *See In re Maxim Integrated Prod., Inc., Derivative Litig.*, 574 F. Supp.
27   2d 1046, 1070 (N.D. Cal. 2008) ("A plaintiff may bring a California insider trading
     claim against individuals who traded on insider information in California even if the
28   corporation is incorporated in Delaware."); *accord In re Verisign, Inc., Derivative
     Litig.*, 531 F. Supp. 2d 1173, 1220 (N.D. Cal. 2007).

- 13 -

1    stock available for grants to the Company's employees, executives, and directors by

2    twenty million shares. *See*, ¶¶195-202. The Delaware Action does not allege any

3    claims related to misleading proxy statements in connection with the 2008 Incentive

4    Award Plan. *See* Delaware Amended Complaint, ¶¶119-125. Allergan has failed to

5    show that Plaintiffs' section 14(a) claim is encompassed by the claims alleged in the

6    Delaware Action.[16]

7           Similarly, the Delaware Action diverges materially from the instant Action in

8    regards to Plaintiffs' section 29(b) claim. Plaintiffs' section 29(b) claim provides a

9    private, equitable cause of action for rescission of contracts, including the 2008

10    Incentive Award Plan, that were made in violation of any provision of the Exchange

11    Act. *See*, ¶¶155-157; 15 U.S.C. §78cc(b); *Rhoades v. Powell*, 644 F. Supp. 645, 664

12    (E.D. Cal.1986), *aff'd,* 961 F.2d 217 (9th Cir. 1992) (finding that section 29(b) creates

13    private right of action to void contracts made in violation of section 15 of the

14    Exchange Act). There are no such allegations or claims in the Delaware Action.

15    Allergan itself acknowledges the difference between the requested relief in connection

16    with Plaintiffs' section 29(b) claim and the relief and claims sought in the Delaware

17    Action. *See* Def.'s Mem. at 5 (the Federal Action contains "Exchange Act claims

18    premised on Allergan proxy statements and ***employment and compensation***

19    ***contracts***"). Even if a stay of Plaintiffs' Exchange Act claims were possible, the

20    distinct claims (and relief sought) in connection with the Exchange Act claims

21    precludes a stay of this Action in favor of the Delaware Action.

22           This factor thus also weighs against a stay.

23

24

---

25   [16] *See Oakland Cnty. Emps.' Ret. Sys. v. Massaro*, 702 F. Supp. 2d 1012, 1019 (N.D. Ill. 2010) (distinguishing holding in *International Jensen* because the "defendants
26   have not convincingly demonstrated that the plaintiffs' section 14(a) claim is indeed duplicative of, or encompassed by, claims alleged in the state court action"); *see also*
27   *Prominent Consulting LLC v. Allen Bros., Inc.*, 543 F. Supp. 2d 877, 883 (N.D. Ill. 2008) (refusing to apply the reasoning in *International Jensen* because the federal
28   court and the state court would not "engage in precisely the same analysis").

### e.   The State Court Proceedings Are Inadequate to Protect the Federal Litigant's Rights

Allergan incorrectly argues that the Delaware Action will adequately protect Plaintiffs' rights.  Def.'s Mem. at 15.  The Delaware Amended Complaint, however, does not include certain causes of action asserted in this Action.  *See supra* pp. 12-13. Each of Plaintiffs' Exchange Act and California statutory causes of action provides an additional avenue for recovery on behalf of Allergan.  The claims are also subject to different standards than the Delaware Plaintiffs' state law breach of fiduciary duty and corporate waste claims.  The exclusion of the additional claims pled in the more comprehensive Action could impair the Company's eventual recovery.

Additionally, Allergan admits that the Action seeks equitable relief under section 29(b) of the Exchange Act, including the rescission of certain Individual Defendants' employment contracts, which is not at issue in the Delaware Action.  Although Allergan argues that "rescission of the board members' employment and compensation contracts and benefits … is also ***available*** under Delaware Law," it is far-fetched, at best, to suggest that the Delaware Court of Chancery will grant this remedy.  *See* Def.'s Mem. at 15.  The Delaware Plaintiffs have not even sought a rescissionary remedy nor have they pled facts to support the rescission of the 2008 Incentive Plan.[17]  This factor weighs against a stay.

### f.   Exercising Jurisdiction Would *Not* Promote Forum Shopping

Allergan does not (because it cannot) argue that Plaintiffs have engaged in forum shopping.  In light of the fact that Plaintiffs commenced this Action in Allergan's primary place of business and in the state where the majority of the

---

[17] Demand futility is decided on a claim by claim basis.  *See Beam ex rel. Martha Stewart Living Omnimedia, Inc. v. Stewart*, 833 A.2d 961, 977, n.48 (Del. Ch. 2003). The Delaware Amended Complaint pleads no facts concerning the 2008 Incentive Plan or the necessity of a rescissionary remedy.  Therefore, the Plaintiffs' rescissionary cause of action under section 29(b) of the Exchange Act **will** not (nor can it sua sponte) be litigated in Delaware.

- 15 -

1  Individual Defendants reside, any allegation of forum shopping fails on its face.  This

2  factor does not weigh in favor of a stay.

3  **III.    CONCLUSION**

4          Plaintiffs' Exchange Act claims ***cannot*** be stayed.  With respect to Plaintiffs'

5  state law claims, Allergan has failed to make a showing that exceptional

6  circumstances exist to support a stay of the Action under *Colorado River*.  Allergan

7  has also failed to show that ***any*** of the *Colorado River* factors weigh so heavily in

8  favor of a stay of this Action in favor of the Delaware Action.  Accordingly, this Court

9  should deny Allergan's Motion to Stay Judicial Proceedings in its entirety.

10  DATED: January 18, 2011                    Respectfully submitted,

11                                                         ROBBINS UMEDA LLP
                                                          BRIAN J. ROBBINS
12                                                         FELIPE J. ARROYO
                                                          SHANE P. SANDERS
13                                                         ALEJANDRO E. MORENO

14                                                              /s/ Felipe J. Arroyo
                                                            FELIPE J. ARROYO
15
                                                          600 B Street, Suite 1900
16                                                         San Diego, CA 92010
                                                          Telephone: (619) 525-3990
17                                                         Facsimile:  (619) 525-3991
                                                          brobbins@robbinsumeda.com
18                                                         farroyo@robbinsumeda.com
                                                          ssanders@robbinsumeda.com
19                                                         amoreno@robbinsumeda.com

20                                                         ROBBINS GELLER RUDMAN
                                                            & DOWD LLP
21                                                         DARREN J. ROBBINS
                                                          TRAVIS E. DOWNS III
22                                                         DAVID W. MITCHELL
                                                          BENNY C. GOODMAN III
23                                                         BRIAN O. O'MARA
                                                          655 West Broadway, Suite 1900
24                                                         San Diego, CA 92101
                                                          Telephone: (619) 231-1058
25                                                         Facsimile: (619) 231-7423
                                                          darrenr@rgrdlaw.com
26                                                         travisd@rgrdlaw.com
                                                          davidm@rgrdlaw.com
27                                                         bennyg@rgrdlaw.com
                                                          bomara@rgrdlaw.com
28

OPP. TO NOMINAL DEFENDANT ALLERGAN, INC.'S MOTION TO STAY JUDICIAL PROCEEDINGS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROBBINS GELLER RUDMAN
& DOWD LLP
AELISH M. BAIG
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone: (415) 288-4545
Facsimile: (415) 288-4534

THE WEISER LAW FIRM, P.C.
KATHLEEN A. HERKENHOFF
12707 High Bluff Drive, Suite 200
San Diego, CA 92130
Telephone: (858) 794-1441
Facsimile: (858) 794-1450
kah@weiserlawfirm.com

THE WEISER LAW FIRM, P.C.
ROBERT B. WEISER
BRETT D. STECKER
JEFFREY J. CIARLANTO
121 N. Wayne Avenue, Suite 100
Wayne, PA 19087
Telephone: (610) 225-2677
Facsimile: (610) 225-2678
rw@weiserlawfirm.com
bds@weiserlawfirm.com
jjc@weiserlawfirm.com

Lead Counsel for Plaintiffs

THE SHUMAN LAW FIRM
KIP B. SHUMAN
RUSTY GLENN
885 Arapahoe Avenue
Boulder, CO 80302
Telephone: (303) 861-3003
Facsimile: (303) 484-4886

LAW OFFICE OF DEBRA S.
GOODMAN P.C.
DEBRA S. GOODMAN
1301 Skippack Pike
Suite 7A #133
Blue Bell, PA 19422
Telephone: (610) 277-6057
Facsimile: (484) 231-1922

Additional Counsel for Plaintiff Willa
Rosenbloom

LEPOLD KUVIN, P.A.
WILLIAM C. WRIGHT
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410

- 17 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Telephone: (561) 514-1400
Facsimile: (561) 514-1401
wwright@leopoldkuvin.com

Additional Counsel for Plaintiff Daniel Himmel

SUGERMAN & SUSSKIND
ROBERT SUGARMAN
PEDRO A. HERRERA
100 Miracle Mile, Suite 300
Coral Gables, FL 33134
Telephone: (305) 529-2801
Facsimile: (305) 447-8115

Additional Counsel for Plaintiffs Pompano Beach Police & Firefighters' Retirement System and Western Washington Laborers-Employers Pension Trust

- 18 -

1

## **CERTIFICATE OF SERVICE**

2      I hereby certify that on January 18, 2011, I authorized the electronic filing of

3  the foregoing with the Clerk of the Court using the CM/ECF system, which will send

4  notification of such filing to the e-mail addresses denoted on the Electronic Mail

5  Notice List.

6      I hereby certify that I caused the foregoing to be mailed on January 18, 2011, to

7  the non-CM/ECF participants indicated on the attached service list via the U. S. Mail

8  in a sealed envelope with postage thereon fully prepaid.

9      I declare under penalty of perjury under the laws of the United States of

10  America that the foregoing is true and correct.  Executed on January 18, 2011, at San

11  Diego, California.

12

/s/Felipe J. Arroyo

13  FELIPE J. ARROYO

14  ROBBINS UMEDA LLP
600 B Street, Suite 1900
15  San Diego, CA 92010
Telephone: (619) 525-3990
16  Facsimile: (619) 525-3991

17  E-mail: farroyo@robbinsumeda.com

18

19

20

21

22

23

24

25

26  562118

27

28

- 19 -

OPP. TO NOMINAL DEFENDANT ALLERGAN, INC.'S MOTION TO STAY JUDICIAL PROCEEDINGS

1

Non-CM/ECF Service List

2

*In re Allergan, Inc. S'holder Derivative Litig.*,
Master File No. SACV10-01352-DOC (MLGx)

3

4

| | |
|---|---|
| THE WEISER LAW FIRM, P.C. | THE WEISER LAW FIRM, P.C. |
| JEFFREY CIARLANTO | KATHLEEN A. HERKENHOFF |
| 121 North Wayne Avenue, Suite 100 | BRETT STECKLER |
| Wayne, PA 19087 | 12707 High Bluff Drive, Suite 200 |
| Telephone: (610) 225-2616 | San Diego, CA 92130 |
| Facsimile: (610) 225-2678 | Telephone: (858) 794-1441 |
| | Facsimile: (858) 794-1450 |

5

6

7

8

LAW OFFICE OF DEBRA S.
  GOODMAN P.C.
DEBRA S. GOODMAN
1301 Skippack Pike, Suite 7A #133
Blue Bell, PA 19422
Telephone: (610) 277-6057
Facsimile: (484) 231-1922

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 20 -