IRELL & MANELLA LLP
John C. Hueston (164921)
jhueston@irell.com
Daniel P. Lefler (151253)
dlefler@irell.com
Lillie A. Werner (261250)
lwerner@irell.com
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:   (310) 277-1010
Facsimile:   (310) 203-7199

Attorneys for Nominal Defendant Allergan, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| In re ALLERGAN, INC. SHAREHOLDER DERIVATIVE LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Master File No. SACV10-01352-DOC (MLGx)<br><br>**NOMINAL DEFENDANT ALLERGAN, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS REPLY TO ITS MOTION TO STAY JUDICIAL PROCEEDINGS**<br><br>Date:   February 28, 2011<br>Time:   8:30 a.m.<br>Ctrm:   9D<br>Judge:   Hon. David O. Carter |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2374583

REPLY IN SUPPORT OF MOTION TO STAY
JUDICIAL PROCEEDINGS

## TABLE OF CONTENTS

Page

I. INTRODUCTION ...................................................................................................1

II. ARGUMENT .........................................................................................................2

    A. This Court Can Stay the Artfully Pled Exchange Act Claims ..................................................................................................2

    B. The Federal Action Should Be Stayed Pursuant to *Colorado River* ...................................................................................6

        1. The Substantially Similar Federal Action and Delaware Action are Parallel .......................................................6

        2. The *Colorado River* Factors Strongly Support a Stay of the Federal Action ........................................................8

            a) The First-Filed Delaware Action Continues to Progress Further Than the Federal Action .......................8

            b) Questions of State Law Dominate Both Actions ..........................................................................................9

            c) A Stay Will Prevent Inconsistent Rulings and Piecemeal Adjudication ...................................................10

            d) Plaintiffs' Rights Will Be Adequately Protected in the Delaware Action ................................11

III. CONCLUSION ...................................................................................................12

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

REPLY IN SUPPORT OF MOTION TO STAY
JUDICIAL PROCEEDINGS

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ambrosia Coal & Constr. Co. v. Pages Morales*,
  368 F.3d 1320 (11th Cir. 2004)...................................................................9

*AvMed, Inc. v. Sheridan Healthcorp, Inc.*,
  No. 09-23851-CIV, 2010 WL 3008811 (S.D. Fla. July 28, 2010) .................3

*City of San Francisco v. United States*,
  930 F. Supp. 1348 (N.D. Cal. 1996) ............................................................5

*Classen v. Weller*,
  516 F. Supp. 1243 (N.D. Cal. 1981) ............................................................3

*Colorado River Water Conservation Dist. v. United States*,
  424 U.S. 800 (1976) ............................................................................passim

*E. & J. Gallo Winery v. Encana Energy Servs., Inc.*,
  388 F. Supp. 2d 1148 (E.D. Cal. 2005) .....................................................10

*Enfission, Inc. v. Leaver*,
  408 F. Supp. 2d 1093 (W.D. Wash. 2005) ................................................12

*Freund v. Lucent Tech., Inc.*,
  No. Civ.A 18893, 2003 WL 139766 (Del. Ch. Jan. 9, 2003) .......................8

*Gabelli v. Sikes Corp.*,
  No. 90 Civ. 4904, 1990 WL 213119 (S.D.N.Y. Dec. 14, 1990).................10

*Gen. Elec. Co. by Levit v. Cathcart*,
  980 F.2d 927 (3d Cir. 1992).......................................................................11

In re *Countrywide Fin. Corp. Deriv. Litig.*,
  542 F. Supp. 2d 1160 (C.D. Cal. 2008).......................................................2

*Int'l Jensen Inc. v. Emerson Radio Corp.*,
  No. 96 C 2816, 1996 WL 494273 (N.D. Ill. Aug. 27, 1996) .......................4

*Klein v. Walston & Co.*,
  432 F.2d 936 (2d Cir. 1970).........................................................................3

*Lorentzen v. Levolor Corp.*,
  754 F. Supp. 987 (S.D.N.Y. 1990) ..............................................................4

*Matsushita Elec. Indus. Co. v. Epstein*,
  516 U.S. 367 (1996) ...............................................................................5, 10

*Medema v. Medema Builders, Inc.*,
  854 F.2d 210 (7th Cir. 1988).......................................................................3

*Millenco L.P. v. meVC Draper Fisher Jurvetson Fund I, Inc.*,
  824 A.2d 11 (Del. Ch. 2002).......................................................................9

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

REPLY IN SUPPORT OF MOTION TO STAY
JUDICIAL PROCEEDINGS

2374583

- ii -

...

|  | Page(s) |
|---|---|

*Minucci v. Agrama*,
   868 F.2d 1113 (9th Cir. 1989) .............................................................. 2, 4, 5

*Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*,
   460 U.S. 1 (1983) ....................................................................................... 4

*Moss v. Moss Tubes, Inc.*,
   No. 96 CV 1407, 1997 WL 727611 (N.D.N.Y. Aug. 21, 1997) ................. 10

*N. Pac. Seafoods, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*,
   No. C06-795, 2008 WL 53180 (W.D. Wash. Jan. 3, 2008) ....................... 12

*Nakash v. Marciano*,
   882 F.2d 1411 (9th Cir. 1989) ..................................................................... 6

*Remington v. Mathson*,
   No. CV 09-4547, 2010 WL 1233803 (N.D. Cal. Mar. 26, 2010) ................ 2

*Thiam v. Fillmore Props., LLC*,
   No. 05-1874, 2005 WL 3357134 (N.D. Cal. Dec. 9, 2005) ......................... 9

*United States v. Ohio Farmers Ins. Co.*,
   981 F. Supp. 443 (S.D.W. Va. 1997) .......................................................... 4

*Weiner v. Shearson, Hammill & Co.*,
   521 F.2d 817 (9th Cir. 1975) ........................................................... 2, 3, 5, 6

**Statutes**

15 U.S.C. § 78n(a) ............................................................................... 2, 4, 7, 11

15 U.S.C. § 78cc(b) ..................................................................................... 2, 12

Del. Gen. Corp. L. § 220 .................................................................................. 8

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2374583

- iii -

REPLY IN SUPPORT OF MOTION TO STAY JUDICIAL PROCEEDINGS

## I. INTRODUCTION

Because Plaintiffs cannot dispute that this action (the "Federal Action") and the first-filed state court action pending in the Delaware Chancery Court (the "Delaware Action") both center on the litigation of the same essential legal issues regarding the same alleged off-label marketing of Botox® therapeutic by and against nearly the same parties, Plaintiffs have urged this Court to turn a blind eye to this undeniable reality by adopting an overly formalistic application of the *Colorado River* abstention doctrine. In doing so, Plaintiffs emphasize that they have named five extra individual defendants, alleged a few additional claims, and sought supposedly greater legal relief than their Delaware counterpart. (Pls. Opp. to Nom. Def. Allergan's Mot. to Stay Jud. Proceedings ("Opp.") at 9, 15.) Plaintiffs even go so far as to note that their complaint is **longer** than the Delaware complaint. (*See id.* at 8-9.) But if such arguments are accepted, any potential plaintiff who loses the race to the state courthouse could evade *Colorado River* by mechanically pleading immaterial variations in a federal complaint. In truth, existing precedent does not require the conclusion that Plaintiffs' artful pleading, including their strategic insertion of exclusively federal claims (whose remedies can be pursued in the Delaware Action), must override this Court's ability to apply common sense and stay the Federal Action.

In the final analysis, Plaintiffs have simply failed to rebut Allergan's showing that the Federal Action and the Delaware Action are parallel. Plaintiffs have also failed to dispute that the interests of judicial economy and federal-state comity, as well as the preservation of valuable corporate resources, would be furthered by a stay. Indeed, it is somewhat unseemly for Plaintiffs, who have draped themselves in the mantle of corporate protection, to urge duplicative litigation that Allergan's shareholders must finance. Thus, pursuant to *Colorado River*, Allergan requests that this Court stay the Federal Action pending resolution of the Delaware Action.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2374583

REPLY IN SUPPORT OF MOTION TO STAY
JUDICIAL PROCEEDINGS

- 1 -

## II. ARGUMENT

### A. This Court Can Stay the Artfully Pled Exchange Act Claims

Plaintiffs assert that this Court has "**no discretion**" (Opp. at 5) to stay the federal claims, asserted under Sections 14(a) and 29(b) of the Exchange Act, because their jurisdiction is exclusively federal. (Opp. at 2, 4-5.) The *Colorado River* inquiry, however, is flexible and discretionary (Nom. Def. Allergan's Mem. in Support of Mot. to Stay Jud. Proceedings ("Mem.") at 5-6, 11), and was not intended to be subverted by the calculated pleading of exclusively federal claims.

"The Supreme Court has not resolved the difficult issue of whether federal court abstention is proper when there are claims raised within the federal court's exclusive jurisdiction," *Remington v. Mathson*, No. CV 09-4547, 2010 WL 1233803, at *7 (N.D. Cal. Mar. 26, 2010), and courts in the Ninth Circuit have had different views on the question. Not surprisingly, Plaintiffs cite to their preferred authority, such as *Minucci v. Agrama*, 868 F.2d 1113 (9th Cir. 1989), for the proposition that exclusively federal claims cannot be stayed. (Opp. at 2, 4-5.)[1]

Plaintiffs ignore, however, that other cases within the Ninth Circuit have reached precisely the opposite conclusion. In *Weiner v. Shearson, Hammill & Co.*, 521 F.2d 817 (9th Cir. 1975), the same plaintiff brought two "virtually identical"

---

[1] Plaintiffs' reliance on Judge Pfaelzer's opinion in In re *Countrywide Fin. Corp. Deriv. Litig.*, 542 F. Supp. 2d 1160 (C.D. Cal. 2008), for this proposition is misleading. Plaintiffs claim that Judge Pfaelzer granted a stay as to certain state law claims, but "refuse[ed] to stay exclusively federal Exchange Act claims." (Opp. at 4.) In fact, the defendants *only* moved for a partial stay of state law claims relating to the proposed Countrywide-Bank of America merger on the basis that there was a parallel state court action pertaining to the merger, which Judge Pfaelzer granted. In re *Countrywide*, 542 F. Supp. 2d at 1169-74. The federal and state **derivative** claims, which were unrelated to the merger, were not a subject of the motion. Judge Pfaelzer never "refus[ed]" to stay the federal claims, as that request was not made of her. Consequently, Judge Pfaelzer's passing comment, which Plaintiffs quote (Opp. at 2), that "Ninth Circuit law prohibits the exercise of *Colorado River* 'to stay proceedings *as to claims* within *exclusive* federal jurisdiction,'" In re *Countrywide*, 542 F. Supp. 2d at 1172, was not pertinent to her decision.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

REPLY IN SUPPORT OF MOTION TO STAY
JUDICIAL PROCEEDINGS

2374583                                      - 2 -

actions – a first-filed state court lawsuit and a subsequently-filed federal court action – against his stockbroker for allegedly mishandling the sale and purchase of securities in his account. *Id.* at 818-19.  Although the federal complaint contained one or more Exchange Act claims with exclusive federal jurisdiction, *id.* at 821-22, a panel of the Ninth Circuit confirmed that a stay of the federal action pending resolution of the state action was well within the federal district court's discretion:

> We note that even if the state court finds itself precluded from giving affirmative relief under the 1934 Act (assuming it ever reaches that question), a stay would not necessarily be inappropriate.  The state court does have power to grant the parties relief under the 1933 Act or the state law counterclaim, and in doing so, it also may or may not resolve the 1934 Act issues.

*Id.* at 822.  Thus, despite Plaintiffs' contrary suggestion, the Ninth Circuit has held that exclusively federal claims may potentially be stayed where there is a parallel state action. *See also Classen v. Weller*, 516 F. Supp. 1243, 1245 (N.D. Cal. 1981) (following *Weiner* in holding that "[p]laintiff's argument that a stay may not be granted when a federal court has exclusive jurisdiction over a claim is simply incorrect").

*Weiner* is also consistent with numerous court decisions, which have similarly recognized that a federal court may in appropriate circumstances stay a federal action – notwithstanding the presence of one or more exclusively federal claims – in favor of a parallel state court action. *See, e.g.*, *Medema v. Medema Builders, Inc.*, 854 F.2d 210, 215 (7th Cir. 1988) (though initially suggesting that *Colorado River* does not apply to exclusively federal claims, cautioning that "we do not mean to create a monolithic rule subject to no exceptions," and holding that "where the exclusively federal claim is frivolous, a stay is within the court's discretion"); *Klein v. Walston & Co.*, 432 F.2d 936, 937 (2d Cir. 1970) (trial court had discretion to stay exclusively federal securities claim in favor of state court action); *AvMed, Inc. v.*

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

REPLY IN SUPPORT OF MOTION TO STAY
JUDICIAL PROCEEDINGS

2374583                                - 3 -

*Sheridan Healthcorp, Inc.*, No. 09-23851-CIV, 2010 WL 3008811, at *7 (S.D. Fla. July 28, 2010) (staying exclusively federal antitrust claims in favor of state court action); *United States v. Ohio Farmers Ins. Co.*, 981 F. Supp. 443, 445 (S.D.W. Va. 1997) (staying exclusively federal Miller Act claims in favor of state court action); *Int'l Jensen Inc. v. Emerson Radio Corp.*, No. 96 C 2816, 1996 WL 494273, at *4 (N.D. Ill. Aug. 27, 1996) (staying exclusively federal Section 14(a) claim in favor of state court action); *Lorentzen v. Levolor Corp.*, 754 F. Supp. 987 (S.D.N.Y. 1990) (staying exclusively federal Section 10(b) claim in favor of state court action).

Furthermore, when confronted with this precise issue, Judge Walker, of the Northern District of California, explained eloquently why *Minucci* is unwise:

> The court notes, respectfully, that it is unable to discern the basis for or utility of the *Minucci* rule. The court has been unable to locate in *Colorado River* or *Moses Cone* either language or policy concerns which would require the conclusion that federal courts must *always* proceed with dispatch to dispose of cases brought under exclusive federal jurisdiction, no matter the degree to which such "exclusively" federal cases may overlap with ongoing state proceedings. Exclusive federal jurisdiction, after all, is not a terribly rare phenomenon, and the per se *Minucci* rule seems likely to mandate federal proceedings in a large number of cases in which state court proceedings are likely to clarify or even obviate the need for ultimate federal review. . . . Moreover, the tight restriction on district court discretion under *Colorado River* worked by the *Minucci* rule seems likely further to formalize the law regarding district court discretion to stay actions and, accordingly, to force district courts to base their decisions regarding abstention on a senselessly formalistic and mechanical analysis in which district court discretion is controlled not by the equities of a case but rather by whether that case, based on factors which only partially

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2374583                                  - 4 -

REPLY IN SUPPORT OF MOTION TO STAY
JUDICIAL PROCEEDINGS

> reflect the broad range of concerns which should appropriately govern the exercise of discretion in such situations, can be made to fit into a certain legal pigeonhole.

*City of San Francisco v. United States*, 930 F. Supp. 1348, 1353 (N.D. Cal. 1996) (internal citation omitted).

Although Judge Walker ultimately believed he had no choice but to follow *Minucci*, *see id.* at 1355, he did not address *Weiner*. Additionally, Judge Walker's opinion – like *Minucci* – predated *Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367 (1996), in which the Supreme Court recognized that exclusively federal claims could be released through the settlement of state court litigation, since "there is no 'universal right to litigate a federal claim in a federal district court.'" *Id.* at 385 (citation omitted). It makes little sense that a federal district court should be powerless to stay exclusively federal claims when doing so would permit effective coordination with a parallel state action, particularly where that parallel state action's resolution (*i.e.*, by settlement) could finally resolve the exclusively federal claims.

Moreover, *Minucci* is distinguishable from the present case, as the exclusively federal claims in the Federal Action will be litigated on the merits only if Plaintiffs can meet their heavy burden of showing under Delaware ***state law*** that they have successfully pleaded demand futility. (Mem. at 12.) The concern that primarily animates *Minucci* – namely, that federal courts should exercise their jurisdiction over exclusively federal claims and decide questions of federal law – would have no application here if Plaintiffs cannot overcome this threshold state law inquiry. At a minimum, this Court should have the discretion to temporarily stay the Federal Action until the Delaware court resolves, based on its interpretation of Delaware law, the parallel demand futility motion pending there.

Plainly, a flexible *Colorado River* analysis, which the district court is uniquely suited to perform based on the nuances of each case, is necessary to ensure

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

REPLY IN SUPPORT OF MOTION TO STAY
JUDICIAL PROCEEDINGS

2374583 - 5 -

that the federal courts' limited resources are not squandered. Certainly, no public interest is furthered by routinely handing a second set of plaintiffs' lawyers a stake in the same dispute. This Court should therefore follow *Weiner* and hold that Plaintiffs' strategic pleading of exclusively federal claims does not represent an insuperable obstacle to Allergan's motion to stay the Federal Action.

### B. The Federal Action Should Be Stayed Pursuant to *Colorado River*

#### 1. The Substantially Similar Federal Action and Delaware Action are Parallel

Plaintiffs' arguments that the Federal Action and Delaware Action are not parallel are half-hearted at best. As pointed out by Allergan in its moving papers, two court actions are deemed "parallel" where they are "substantially similar." (Mem. at 6.) The actions need not be identical, since "[e]xact parallelism" is not required. *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989). Allergan has easily met this burden by showing that the two actions: (1) have both been brought on behalf of the same real party in interest (Allergan) against the same core defendants (Allergan's current Board of Directors); (2) are both centered factually on the alleged off-label marketing of Botox® therapeutic; and (3) depend on the same essential legal issues, such as whether demand is futile and whether the Board is legally responsible for any off-label marketing by Allergan. (Mem. at 6-9.)

Plaintiffs' attempts to undermine Allergan's showing ring hollow, and are predicated on the implicit request that this Court improperly convert the rule of substantial similarly into one requiring "exact parallelism" or identity between the two actions. First, Plaintiffs note that they have named five additional individuals – all former Board members – as defendants. (Opp. at 9-10.) Yet, Plaintiffs' argument that "the parties are not identical is disingenuous," as the case law is clear that some divergence between the parties is not critical. *Nakash*, 882 F.2d at 1416. And even if this Court were to accept Plaintiffs' representation that these five former Board members were "intimately involved" in off-label marketing (Opp. at 9), the

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

REPLY IN SUPPORT OF MOTION TO STAY
JUDICIAL PROCEEDINGS

2374583 - 6 -

Delaware plaintiff could potentially call on these individuals as percipient witnesses to the extent the state court action survives into discovery.

Second, without pointing to any specific material differences, Plaintiffs seem to argue that the factual allegations of the Federal Action must be distinct from those of the Delaware Action because Plaintiffs' complaint is longer – 67 pages compared to 38 pages – than the Delaware complaint. (Opp. at 8-9; *see also* Declaration of Lillie A. Werner ("Werner Decl."), Ex. 7.) It would be a poor rule, however, that rewards the attorney who uses the greatest number of words. In any event, it is clear that the overlap of factual allegations between the two complaints is patent (Mem. at 8), and that both cases hinge on the Board's alleged role in connection with the claimed off-label marketing.

Third, Plaintiffs argue that the actions are not substantially similar because Plaintiffs have mechanically tacked a few additional legal claims and supposedly different forms of relief onto the breach of fiduciary duty and waste claims pending in the Delaware Action. (Opp. at 9.) However, as Allergan previously explained, whether any of these claims are litigated on the merits is entirely contingent on the threshold demand futility analysis, which will be evaluated under Delaware law in either action. (Mem. at 9.) Moreover, the mere inclusion of additional legal theories – whether federal or state – cannot suffice to defeat substantial similarity. (*Id.* at 10 (citing cases).) For example, while Plaintiffs trumpet their federal Section 14(a) disclosure claim, they have not shown how it adds any incremental value to a state law duty of candor claim. (*Id.* at 12.) Moreover, Plaintiffs' additional claims are all premised on the same alleged off-label marketing of Botox® therapeutic, and the central relief sought in both actions is the same: recovery of the sums paid by Allergan in connection with the criminal investigation and civil *qui tam* cases.

Allergan understands that Plaintiffs are represented by sophisticated counsel, who have worked valiantly to dress up the Federal Action in order to argue that it is not a duplicate of the Delaware Action. However, Plaintiffs' refinements to the

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

REPLY IN SUPPORT OF MOTION TO STAY
JUDICIAL PROCEEDINGS

2374583 - 7 -

1  Delaware complaint are only cosmetic and do not undermine the obvious substantial
2  similarity between the two actions. The Federal Action and Delaware Action are
3  parallel for purposes of *Colorado River*.

4       2. <u>The *Colorado River* Factors Strongly Support a Stay of the
5           Federal Action</u>

6  Plaintiffs' opposition, which relies almost entirely on the incorrect argument
7  that this Court has "***no discretion***" (Opp. at 5) to stay the federal claims, does not
8  come close to rebutting Allergan's showing that the applicable *Colorado River*
9  factors all favor a stay.

10       *a)*     *The First-Filed Delaware Action Continues to Progress*
11           *Further Than the Federal Action*

12  While Plaintiffs note that the Delaware court has yet to rule on the motions to
13  dismiss (Opp. at 12-13), the first-filed Delaware Action has meaningfully
14  progressed beyond the Federal Action. In fact, the Delaware court is proceeding
15  methodically to resolve the motions to dismiss, and in doing so has carefully crafted
16  a framework to protect Allergan's shareholders. In its recent hearing on the motion
17  to intervene, the Delaware court explained that no ruling on the motions to dismiss
18  would issue until the proposed intervenor's separate request for Allergan's books and
19  records under Del. Gen. Corp. L. § 220 was concluded. (Dkt. No. 58; Mem. at 3
20  n.1.) *See Freund v. Lucent Tech., Inc.*, No. Civ.A 18893, 2003 WL 139766, at *4
21  (Del. Ch. Jan. 9, 2003) ("[T]he public policy of . . . [Delaware] is to encourage
22  stockholders to utilize Section 220 before filing a derivative action."). The proposed
23  intervenor was given 7-10 days from the hearing to finish reviewing Allergan's
24  production of materials, 30-45 days to negotiate the production's scope, and any
25  unsettled dispute is to be resolved within 60-90 days. (Dkt. No. 58, Ex. 1 at 55:22 –
26  56:14.) Once the Section 220 matter is completed, the court appears poised to rule
27  on the motions to dismiss expeditiously with the aid of a developed factual record.
28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2374583

REPLY IN SUPPORT OF MOTION TO STAY
JUDICIAL PROCEEDINGS

- 8 -

### b) *Questions of State Law Dominate Both Actions*

Despite Plaintiffs' protests, questions of state law will largely govern the Federal Action. First and foremost, Plaintiffs cannot dispute that the crucial demand futility analysis – which will determine whether the putative shareholders can seize control of these litigations – will be decided under Delaware law in either case. (Mem. at 12.) Second, Plaintiffs cannot deny that the vast majority of claims in the Federal Action have been brought under state law. (*Id.* at 11-12.)[2]

Plaintiffs instead focus their attention on the two federal claims. (Opp. at 13-14.) However, as Allergan has detailed, the importance of these claims to the *Colorado River* analysis is extremely diminished because they are "premised on the same interactions between the parties as the state law claims," *Thiam v. Fillmore Props., LLC*, No. 05-1874, 2005 WL 3357134, at *2 (N.D. Cal. Dec. 9, 2005), and because these interests can be remedied under state law. (Mem. at 12-13 (misleading proxies, discussed in the Delaware complaint, *see* Werner Decl. Ex. 7, ¶¶ 72-77, can be remedied under Delaware law); Mem. at 15 (rescission available under Delaware law).) *See also Millenco L.P. v. meVC Draper Fisher Jurvetson Fund I, Inc.*, 824 A.2d 11 (Del. Ch. 2002) (invalidating board elections based on misleading proxy statements under Delaware law). These points stand unrebutted.

As a result, the predominance of state law questions in the Federal Action, as well as the overlap in Plaintiffs' federal claims and the Delaware Action's state claims, supports a stay.

---

[2] Plaintiffs quibble that they may bring an insider trading claim in the Federal Action under California law – as opposed to Delaware law. (Opp. at 13 n.15.) Yet, in either scenario, it is ***state*** law that will govern, meaning that no federal interest would be served by litigating the claim here. *Ambrosia Coal & Constr. Co. v. Pages Morales*, 368 F.3d 1320, 1334 (11th Cir. 2004) ("[T]he question for [abstention] purposes is not which state law applies.") (citation & quotation marks omitted).

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2374583

REPLY IN SUPPORT OF MOTION TO STAY
JUDICIAL PROCEEDINGS

- 9 -

      *c)*    *A Stay Will Prevent Inconsistent Rulings and Piecemeal Adjudication*

Plaintiffs essentially propose that the Federal Action be litigated concurrently with the Delaware Action. (Opp. at 11-12.) However, as Allergan has explained, in so doing Plaintiffs ask that this Court wholly ignore the state courts' interest in deciding questions of state law, plainly risk inconsistent rulings between the two actions, and condone the piecemeal litigation of a single dispute through two separate and substantially similar actions. (Mem. at 13-14.)

In response, Plaintiffs claim that a stay itself would result in piecemeal adjudication because Plaintiffs have pleaded additional claims that would purportedly not be resolved by the Delaware Action. (Opp. at 11-12.) Plaintiffs are misguided, as it is entirely prudent from a judicial economy standpoint to await the outcome of the Delaware Action. At that time, this Court will be in a position to determine what, if anything, remains to be litigated in the Federal Action. As detailed below, *infra* Part II.B.2.d, the Delaware courts make available all the relief Plaintiffs seek here. Allergan also notes that a negotiated settlement of the Delaware Action – for which Plaintiffs would have an opportunity to be heard after receiving notice – could conceivably result in the release of all claims relating to Allergan's alleged off-label marketing, including those that are exclusively federal. *E. & J. Gallo Winery v. Encana Energy Servs., Inc.*, 388 F. Supp. 2d 1148, 1157 (E.D. Cal. 2005) ("[a] settlement in state court that releases claims that are exclusively within the jurisdiction of the federal courts may preclude subsequent action in the federal court") (citing *Matsushita*, 516 U.S. at 373-74).

As a result, because the Delaware Action could dramatically alter the Federal Action's scope, a stay in the interim would certainly reduce the potential for piecemeal adjudication. *See, e.g.*, *Moss v. Moss Tubes, Inc.*, No. 96 CV 1407, 1997 WL 727611 (N.D.N.Y. Aug. 21, 1997) (staying infringement action that might be mooted by pending state court dispute over patent ownership); *Gabelli v. Sikes*

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

REPLY IN SUPPORT OF MOTION TO STAY
JUDICIAL PROCEEDINGS

2374583 - 10 -

*Corp.*, No. 90 Civ. 4904, 1990 WL 213119 (S.D.N.Y. Dec. 14, 1990) (staying exclusively federal claims where a proposed state court settlement would result in their release).  Consequently, this factor militates in favor of a stay as well.

>    d)    *Plaintiffs' Rights Will Be Adequately Protected in the Delaware Action*

Plaintiffs do not dispute that Allergan's rights are already being pursued by another putative shareholder in Delaware. (Mem. at 15.)  Nor do Plaintiffs dispute that the remedies they seek in the Federal Action are available under Delaware law and could be litigated in the Delaware Action. (*Id.*)  It is also clear that the central focus of both actions is to recover the sums paid by Allergan in connection with the criminal investigation and civil *qui tam* actions, and thus Plaintiffs' primary interests will unquestionably be protected by the Delaware Action.

Rather, Plaintiffs primarily complain that – to date – the Delaware plaintiff has not asserted certain collateral claims or remedies alleged by the Plaintiffs in this action. (Opp. at 15.)  This is hardly a reason, however, to conclude that the Delaware Action is inadequate to protect the interests of Allergan and its shareholders.  The fact that the Delaware plaintiff has not chosen to litigate all claims asserted by Plaintiffs here is simply the product of tactical decisions made by experienced lawyers, not evidence that the Delaware Action will fail to protect shareholders.  Indeed, the added value of Plaintiffs' exclusively federal claims is wholly unclear.  Plaintiffs contend that misleading proxy statements allowed the Board to continue with an off-label marketing scheme that harmed the company. (Consolidated Compl. ¶ 200.)  Yet, any such damages are not cognizable under Section 14(a).  *Gen. Elec. Co. by Levit v. Cathcart*, 980 F.2d 927, 932-33 (3d Cir. 1992) ("[T]he mere fact that omissions in proxy materials, by permitting directors to win re-election, *indirectly* lead to financial loss through mismanagement will not create a sufficient nexus with the alleged monetary loss.").  Plaintiffs' other apparent request under Section 14(a) to invalidate Board elections (Consolidated Compl.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2374583

REPLY IN SUPPORT OF MOTION TO STAY
JUDICIAL PROCEEDINGS

- 11 -

"Prayer for Relief" ¶ C.) can be remedied under state law. *See supra* Part II.B.2.b. Furthermore, as to the Section 29(b) claim, Plaintiffs do not dispute that the Delaware courts have the equitable power to grant rescission. (*Id.*)

Finally, Allergan shareholders will ***benefit*** if only the Delaware Action proceeds. Otherwise, the company would presently be obligated to reimburse the costs of two duplicative actions. Thus, because the Delaware Action is more than adequate to protect Plaintiffs' interests, this factor also decisively supports a stay.[3]

### III. CONCLUSION

For the foregoing reasons, Allergan respectfully requests that the Court stay the Federal Action in favor of the Delaware Action.

DATED: February 8, 2011

IRELL & MANELLA LLP
JOHN C. HUESTON
DANIEL P. LEFLER
LILLIE A. WERNER

By: /s/ John C. Hueston
JOHN C. HUESTON
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
jhueston@irell.com
dlefler@irell.com
lwerner@irell.com

Counsel for Nominal Defendant
Allergan, Inc.

---

[3] Plaintiffs point to two other *Colorado River* factors that Allergan did not raise – the inconvenience of the federal forum and whether the Federal Action's filing constituted forum shopping. Opp. at 11, 15-16. However, Allergan's absence of argument merely means that these factors are not relevant to this case, and are therefore neutral. *Enfission, Inc. v. Leaver*, 408 F. Supp. 2d 1093, 1098-99 (W.D. Wash. 2005) (explaining that the greater supposed convenience of the federal forum does not weigh against abstention); *N. Pac. Seafoods, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, No. C06-795, 2008 WL 53180, at *7 (W.D. Wash. Jan. 3, 2008) (where there is "no indication of . . . forum-shopping," then "[t]his factor does not apply").

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2374583

REPLY IN SUPPORT OF MOTION TO STAY
JUDICIAL PROCEEDINGS

- 12 -