UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No. SACV 10-1352 DOC (MLGx)                                                      Date: March 9, 2011

Title: IN RE: ALLERGAN INC. SHAREHOLDER DERIVATIVE LITIGATION

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Nancy Boehme | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:       ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                        NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER DENYING NOMINAL DEFENDANT ALLERGAN INC'S MOTION TO STAY JUDICIAL PROCEEDINGS

      Before the Court is a Motion to Stay Judicial Proceedings filed by Nominal Defendant Allergan, Inc. ("Nominal Defendant) in the above-captioned case ("Motion to Stay") (Docket 45). The Court finds this matter appropriate for decision without oral argument. Fed.R.Civ. P. 78; Local Rule 7-15. After considering the moving, opposing and replying papers thereon, and for the reasons stated below, the Motion to Stay is hereby DENIED.

    I.    BACKGROUND

      Plaintiffs bring a shareholder derivative action on behalf of the shareholders of Allergan, Inc. ("Allergan") against Allergan's Board of Directors and its Chief Executive Officer as well as Nominal Defendant Allergan (collectively, "Defendants") for severely damaging Allergan's once profitable corporate franchise. Plaintiffs allege that Defendants knowingly caused Allergan to engage in an illegal marketing and promotion scheme for its most important product, Botox, wherein Allergan illegally marketed Botox for unauthorized uses.

      On September 1, 2010, the U.S. Department of Justice ("DOJ") announced a $600 million sanction to resolve civil and criminal cases regarding Allergan's promotion of Botox for uses not approved by the Federal Drug Administration ("FDA"). The DOJ then pursued an action against Allergan in federal court. On October 5, 2010, Allergan entered into a guilty plea and agreed to pay a

criminal fine of $375 million.  Plaintiffs seek equitable and monetary relief on the shareholders behalf for the damage allegedly caused by these events.

With the instant Motion to Stay, Nominal Defendant requests that the Court stay the proceedings in this case pending resolution of an allegedly parallel first-filed action in the Delaware Court of Chancery ("Delaware action").

## II.     LEGAL STANDARD

In *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 814-18 (1976), the Supreme Court stated that, in certain exceptional circumstances, federal courts should decline to exercise jurisdiction out of deference to pending state proceedings.  *See also, e.g., O'Neill v. United States*, 50 F.3d 677, 688 (9th Cir. 1995).  The *Colorado River* doctrine is an exception to the general rule that a federal court has the "virtually unflagging obligation . . .to exercise the jurisdiction given them," notwithstanding the concurrent jurisdiction of state courts.  *Id.* at 817.  The doctrine is based on considerations of "wise judicial administration, giving regard to conversation of judicial resources and comprehensive disposition of litigation." *Id*. (internal citations omitted).

## III.    DISCUSSION

In this case, the Court lacks discretion to stay the present action pending resolution of the Delaware action.  Generally, the doctrine established in *Colorado River* and *Moses H. Cont Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 15 (1983) allows district courts discretion to stay proceedings in deference to parallel, pending state court cases.  However, in *Minucci v. Agrama*, 868 F.2d 1113 (9th Cir. 1989), the Ninth Circuit reversed a district court determination to stay a claim under the federal Copyright Act pending resolution of a number of related state-law claims, holding that a "'district court has no discretion to stay proceedings as to claims within *exclusive* federal jurisdiction . . . .'"  *Id.* at 1115 (quoting *Silberkleit v. Kantrowitz*, 713 F.2d 433, 436 (9th Cir. 1983)).  Like the case at issue in *Minucci*, the present case contains claims subject to exclusive federal jurisdiction – specifically, Plaintiffs' cause of action under the Exchange Act of 1934, 15 U.S.C. § 78a ("Exchange Act").  The Court is thus foreclosed from imposing a stay.

Defendants argue that Plaintiffs' claims under the Exchange Act are artfully pled and that, with a few superficial exceptions, the instant case mirrors the first-filed Delaware action.  Defendants further urge that declining to stay the case will waste judicial resources, risk inconsistent rulings, and unnecessarily deplete Nominal Defendant's treasury, to the detriment of the shareholders that Plaintiffs claim to represent.  Indeed, the formalistic *Minucci* rule has generated criticism within the Ninth Circuit.  In *City and County of San Francisco v. United States*, 930 F. Supp. 1348 (9th Cir. 1996), Judge Walker eloquently explained the problems with the *Minucci* regime:

> The court notes, respectfully, that it is unable to discern the basis

> for or utility of the *Minucci* rule. The court has been unable to locate in *Colorado River* or *Moses Cone* either language or policy concerns which would require the conclusion that federal courts must always proceed with dispatch to dispose of cases brought under exclusive federal jurisdiction, no matter the degree to which such 'exclusively' federal cases may overlap with ongoing state proceedings. Exclusive federal jurisdiction, after all, is not a terribly rare phenomenon, and the per se *Minucci* rule seems likely to mandate federal proceedings in a large number of cases in which state court proceedings are likely to clarify or even obviate the need for ultimate federal review.
> . . .
>
> Moreover, the tight restriction on district court discretion under *Colorado River* worked by the *Minucci* rule seems likely further to formalize the law regarding district court discretion to stay actions and, accordingly, to force district courts to base their decisions regarding abstention on a senselessly formalistic and mechanical analysis in which district court discretion is controlled not by the equities of a case but rather by whether that case, based on factors which only partially reflect the broad range of concerns which should appropriately govern the exercise of discretion in such situations, can be made to fit into a certain legal pigeonhole. . . .
>
> Nor is the ritualistic *Minucci* rule necessitated by the need to give life to the Supreme Court's repeated observation that federal courts have a 'virtually unflagging obligation' to exercise their jurisdiction. This concern is reflected in *Moses Cone*'s observation that a court applying the *Colorado River* test must heavily weight those factors in favor of the exercise of jurisdiction; it does not require the complete obliteration of the *Colorado River* test in a certain class of cases that is accomplished by application of the *Minucci* rule.

*Id.* at 1353-55.  The instant Court echoes Judge Walker's concerns.  Nevertheless, as Judge Walker ultimately concluded in *City of San Francisco,* this Court finds that the *Minucci* rule robs it of discretion to stay the present case pending resolution of the Delaware action.

    **IV.    DISPOSITION**

In light of the above, Nominal Defendants' Motion to Stay is hereby DENIED.[1]

The Clerk shall serve this minute order on all parties to the action.

---

[1] In the instant Motion to Stay, Nominal Defendant moves only for a total stay of the current case. Nominal Defendant does not request a partial stay. The Court's ruling in the instant Order does not prejudice Nominal Defendant's right to move for a partial stay.