IRELL & MANELLA LLP
John C. Hueston (164921)
jhueston@irell.com
Daniel P. Lefler (151253)
dlefler@irell.com
Lillie A. Werner (261250)
lwerner@irell.com
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:   (310) 277-1010
Facsimile:   (310) 203-7199

Attorneys for Nominal
Defendant Allergan, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| In re ALLERGAN, INC. SHAREHOLDER DERIVATIVE LITIGATION | Master File No. SACV10-01352-DOC (MLGx) |
| This Document Relates To: | **NOMINAL DEFENDANT ALLERGAN, INC.'S NOTICE OF MOTION; MOTION FOR A PARTIAL STAY; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| ALL ACTIONS | Date:   May 2, 2011<br>Time:   8:30 a.m.<br>Ctrm:   9D<br>Judge:  Hon. David O. Carter |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2402535

NOMINAL DEFENDANT ALLERGAN, INC.'S
NOTICE OF MOTION AND
MOTION FOR PARTIAL STAY

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

PLEASE TAKE NOTICE that on May 2, 2011, at 8:30 a.m., or as soon thereafter as the matter may be heard before the Honorable David O. Carter, United States District Court Judge, in Courtroom 9D of the United States District Court, Central District of California, Southern Division, 411 West Fourth Street, Room 1053, Santa Ana, California, 92701, nominal defendant Allergan, Inc. ("Allergan" or the "Company") will and hereby does move this Court for entry of an Order partially staying the consolidated derivative action instituted by Willa Rosenbloom, Daniel Himmel, Pompano Beach Police & Firefighters' Retirement System, and Western Washington Laborers-Employers Pension Trust (collectively, "Plaintiffs"), pending resolution of the duplicative state law claims alleged in an earlier-filed, substantially similar derivative action captioned *Louisiana Municipal Police Employees' Retirement System v. Pyott, et al.*, Civil Action No. 5795-VCL, filed in the Delaware Chancery Court on September 3, 2010 and amended on October 11, 2010. Pursuant to the Court's Order dated March 9, 2011, (Dkt. # 65), Allergan does not move for a stay of Count I (Violation of Section 29(b) of the Exchange Act) and Count VIII (Violations of Section 14(a) of the Securities Exchange Act and SEC Rule 14a-9), and only moves for a partial stay of the remaining state law claims.

PLEASE TAKE FURTHER NOTICE that this Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on March 14, 2011. (Declaration of Lillie A. Werner, ¶ 4.) The parties conferred in good faith but were unable to resolve any substantive issues. (*Id.*)

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2402535

- ii -

NOMINAL DEFENDANT ALLERGAN, INC.'S
NOTICE OF MOTION AND
MOTION FOR PARTIAL STAY

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, and Declaration of Lillie A. Werner, all filed concurrently herewith, as well as all pleadings and papers on file with the Court in this case, all other facts and matters of which this Court may take judicial notice, and such other oral and written arguments or evidence that may be presented at any hearing on the Motion.

DATED: March 24, 2011

Respectfully submitted,

IRELL & MANELLA LLP
JOHN C. HUESTON
DANIEL P. LEFLER
LILLIE A. WERNER

By:  /s/   John C. Hueston
JOHN C. HUESTON
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067
Telephone:  (310) 277-1010
Facsimile:  (310) 203-7199
jhueston@irell.com
dlefler@irell.com
lwerner@irell.com

Counsel for Nominal Defendant Allergan, Inc.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2402535

- iii -

NOMINAL DEFENDANT ALLERGAN, INC.'S
NOTICE OF MOTION AND
MOTION FOR PARTIAL STAY

## TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ................................................1

I. INTRODUCTION ..............................................................................................1

II. THE FEDERAL COURT ACTION IS DUPLICATIVE OF THE FIRST-FILED STATE COURT ACTION ......................................................2

    1. *Similar Parties* ........................................................................................2

    2. *Similar Core Factual Allegations* ..........................................................2

    3. *Similar Legal Theories* ..........................................................................3

III. PARALLEL STATE CLAIMS SHOULD BE STAYED IN THE INTERESTS OF EFFICIENCY AND COMITY UNDER *COLORADO RIVER* ............................................................................................5

IV. STATE CLAIMS MAY ALSO BE STAYED PURSUANT TO THE COURT'S INHERENT POWERS TO MANAGE ITS DOCKET ............................................................................................................9

V. CONCLUSION .................................................................................................11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Clark v. Lacy*,
    376 F.3d 682 (7th Cir. 2004) .................................................................. 2, 8

*CMAX, Inc. v. Hall*,
    300 F.2d 265 (9th Cir. 1962) ....................................................................... 9

*Cohen v. Carreon*,
    94 F. Supp. 2d 1112 (D. Or. 2000) ........................................................... 10

*Colorado River Water Conservation Dist. v. United States*,
    424 U.S. 800 (1976) ........................................................................ 5, 6, 7, 9

*Daugherty v. Oppenheimer & Co.*,
    No. 06-7725, 2007 WL 1994187 (N.D. Cal. July 5, 2007) ...................... 6, 8

*Del Conte v. San Francisco Police Dept.*,
    No. 06-5030, 2007 WL 1119187 (N.D. Cal. Apr. 16, 2007) .................... 2, 5

*El Centro Foods v. Nazarian*,
    No. 09-06395, 2010 WL 1710286 (C.D. Cal. Apr. 21, 2010) ............. 5, 6, 8

*Gebhart v. SEC*,
    595 F.3d 1034 (9th Cir. 2010) ..................................................................... 4

*In re Countrywide Fin. Corp. Deriv. Litig.*,
    542 F. Supp. 2d 1160 (C.D. Cal. 2008) .................................................... 5, 7

*In re Sagent Tech., Inc., Deriv. Litig.*,
    278 F. Supp. 2d 1079 (N.D. Cal. 2003) .................................................... 4, 7

*Int'l Jensen Inc. v. Emerson Radio Corp.*,
    No. 96 C 2816, 1996 WL 494273 (N.D. Ill. Aug. 27, 1996) ........................ 8

*Kamen v. Kemper Fin. Servs., Inc.*,
    500 U.S. 90 (1991) ....................................................................................... 7

*Krieger v. Atheros Commc'ns, Inc.*,
    No. 11-CV-00640-LHK, 2011 WL 835811 (N.D. Cal. Mar. 4, 2011) ......................................................................................................... 8

*Landis v. North Am. Co.*,
    299 U.S. 248 (1936) .................................................................................... 9

*Louisiana Municipal Police Employees' Retirement System v. Pyott, et al.*,
    Civil Action No. 5795-VCL ...................................................................... ii

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
    460 U.S. 1 (1983) ........................................................................................ 6

| | Page(s) |
|---|---:|
| *Nakash v. Marciano*, 882 F.2d 1411 (9th Cir. 1989) | 6 |
| *Robinson v. Cannard*, No. 09-CV-792-BR, 2009 WL 4042914 (D. Or. Nov. 19, 2009) | 10 |
| *Ryder Truck Rental, Inc. v. Acton Foodservices Corp.*, 554 F. Supp. 277 (C.D. Cal. 1983) | 7 |
| *Silvaco Data Sys., Inc. v. Tech. Modeling Assocs., Inc.*, 896 F. Supp. 973 (N.D. Cal. 1995) | 6 |

**Statutes**

| | |
|---|---:|
| Cal. Corp. Code § 25402 | 7 |

**Rules**

| | |
|---|---:|
| Del. Ch. Ct. R. 23.1 | 4 |
| Fed. R. Civ. P. 16 | 9 |
| Fed. R. Civ. P. 23.1 | 4 |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Allergan hereby moves to stay the state law claims alleged in this shareholder derivative lawsuit in light of the first-filed state court action in Delaware asserting similar claims.

On September 3, 2010, almost immediately after Allergan announced its settlement with the Government over allegedly improper Botox® marketing (the "Settlement Agreement"), Delaware Plaintiffs filed derivative litigation in state court asserting Botox®-related claims against the Company's Board of Directors and senior management (the "Delaware Action"). Thereafter, different groups of lawyers filed derivative lawsuits in California based on the same subject matter, which were consolidated into *In re Allergan, Inc. Shareholder Derivative Litigation* (the "Federal Action").

Unable to assert diversity jurisdiction, the federal Plaintiffs pled ancillary claims under the federal securities laws to provide a basis for federal jurisdiction. Nevertheless, the case before this Court is duplicative of the Delaware litigation, centering on a similar nucleus of facts – Allergan's off-label marketing of Botox® therapeutic – and asserting similar claims – *i.e.*, that Allergan's directors and certain of its officers have personal liability to the Company. Given the duplicative nature of this case, Allergan moved to stay it. (Dkt. # 45.) The Court denied this motion on the grounds that applicable Ninth Circuit precedent "robs it of discretion to stay" the securities law claims. (Dkt. # 65, at 3.) The Court nonetheless explicitly noted that "[t]he Court's ruling in the instant order does not prejudice Nominal Defendant's right to move for a partial stay." (*Id.* at 4 n.1.) Because a stay of the duplicative state law claims will foster efficiency and reduce waste, Allergan now moves for a partial stay of those claims.[1]

---

[1] Both this case and the Delaware case are derivative lawsuits in which the shareholder plaintiffs sue not for them themselves, but on behalf of the Company.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2402535

- 1 -

NOMINAL DEFENDANT ALLERGAN, INC.'S
NOTICE OF MOTION AND
MOTION FOR PARTIAL STAY

## II. THE FEDERAL COURT ACTION IS DUPLICATIVE OF THE FIRST-FILED STATE COURT ACTION

As discussed in Allergan's original Motion to Stay, the Federal Action is substantially identical to the first-filed Delaware Action because the cases feature similar parties, similar core factual allegations, and similar legal theories.

### 1. *Similar Parties*

Both actions are shareholder derivative suits against Allergan directors. Both cases allege claims on behalf of the Company for personal recovery from Allergan directors and certain officers relating to the Botox® marketing issues that resulted in the Settlement Agreement with the DOJ. (*Compare* Consolidated Compl. ¶¶ 18-19, 200, *with* Delaware Compl. ¶¶ 5, 124.) As a result, both actions involve substantially the same parties. *See Clark v. Lacy*, 376 F.3d 682, 686 (7th Cir. 2004) (holding that shareholder derivative suits with different named plaintiffs are parallel because the company is the true party in interest). The addition of a few of the Company's former directors in the Federal Action does not undermine substantial similarity. *E.g.*, *Del Conte v. San Francisco Police Dept.*, No. 06-5030, 2007 WL 1119187, at *3 (N.D. Cal. Apr. 16, 2007) (holding that parties were substantially similar despite differences in named defendants).

### 2. *Similar Core Factual Allegations*

Both litigations share a similar nucleus of facts and seek similar recovery for the Company for similar alleged conduct. Both complaints seek recovery for Allergan due to directors' alleged roles in Allergan's alleged off-label marketing of Botox® therapeutic. (*Compare* Consolidated Compl. ¶ 1 (premising liability on "illegally promoting Allergan's flagship product BOTOX for uses not approved" by

---

Because the claims belong to the Company, the shareholder plaintiffs cannot take control over the litigation unless they demonstrate that Allergan's Board has a disabling conflict of interest. Demand futility motions have been filed in both cases, teeing up this issue.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2402535

- 2 -

NOMINAL DEFENDANT ALLERGAN, INC.'S
NOTICE OF MOTION AND
MOTION FOR PARTIAL STAY

the FDA), *with* Delaware Compl. ¶ 1 (premising liability on "illegally promot[ing] its flagship drug, BOTOX, for uses not approved" by the FDA).)  Both complaints rely on the September 1 Settlement Agreement, DOJ press release, and Criminal Information to allege Allergan made it a "top corporate priority" to maximize off-label sales of Botox® therapeutic.  (*Compare* Consolidated Compl. ¶¶ 7, 15, 17, 78, 138, *with* Delaware Compl. ¶¶ 38-39, 98, 112.)  Both complaints allege essentially the same core set of facts related to Allergan's "strategic plans" to maximize off-label uses (*compare* Consolidated Compl. ¶¶ 78, 102, 136, *with, e.g.*, Delaware Compl. ¶¶ 39, 51, 108, 122).  Both sets of fiduciary duty claims center on similar alleged corporate conduct:  emphasizing potential on-label indications (*compare* Consolidated Compl. ¶¶ 87-88, *with* Delaware Compl. ¶¶ 40, 43), coordinating marketing communications (*compare* Consolidated Compl. ¶ 81, *with* Delaware Compl. ¶ 52), supporting reimbursement services (*compare* Consolidated Compl. ¶¶ 92-93, *with* Delaware Compl. ¶ 50), lobbying government healthcare programs for expanded coverage for Botox® therapeutic (*compare* Consolidated Compl. ¶ 94, *with* Delaware Compl. ¶ 58), sponsoring seminars for medical professionals (*compare* Consolidated Compl. ¶¶ 96-97, *with* Delaware Compl. ¶¶ 46, 68), and maintaining an online neurotoxin education organization (*compare* Consolidated Compl. ¶ 98, *with* Delaware Compl. ¶ 56).  And, in pleading liability based on a failure of oversight, both complaints allege that the same FDA warning letters should have acted as "red flags" alerting the board to potential wrongdoing. (*Compare* Consolidated Compl. ¶ 7, *with* Delaware Compl. ¶ 113).

          3.    *Similar Legal Theories*

Both suits seek equivalent ends:  recovery to the Company from directors arising from alleged violations of fiduciary duty and corporate waste that resulted in the Settlement Agreement.  Given the similar factual predicate, unsurprisingly, both suits proceed on substantially similar legal theories to obtain this relief.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2402535

NOMINAL DEFENDANT ALLERGAN, INC.'S
NOTICE OF MOTION AND
MOTION FOR PARTIAL STAY

- 3 -

As an important initial matter, both cases involve the same threshold legal determination – demand futility. Both actions seek to seize control of the Company's claims through a derivative action and, therefore, are subject to the same preliminary procedural requirement that the plaintiff demonstrate compliance with the pre-suit demand standard.[2] *See In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 989-91 (9th Cir. 1999), *abrogation on other grounds recognized by Gebhart v. SEC*, 595 F.3d 1034 (9th Cir. 2010); *see also* Fed. R. Civ. P. 23.1; Del. Ch. Ct. R. 23.1. These cases cannot proceed on the merits until this threshold issue has been decided.

Substantively, the state law claims in both cases are based on a similar alleged factual predicate. (*Compare* Consolidated Compl. ¶ 2, *with* Delaware Compl. ¶ 2). Both complaints allege that directors are personally liable for either allegedly authorizing or failing to stop the Company's marketing practices for Botox® therapeutic (*compare* Consolidated Compl. ¶¶ 161-62, 191-92, *with* Delaware Compl. ¶¶ 122-23). The complaints also seek equivalent relief: damages, restitution, disgorgement, equitable relief, attorneys' fees and costs, and reformation of internal Allergan procedures. (*Compare* Consolidated Compl. "Prayer for Relief," *with* Delaware Compl. "Prayer for Relief.")

Only immaterial minor differences exist between the Federal Action and Delaware Action complaints. The Federal Action names five former Allergan directors, in addition to the current Allergan board named in both complaints[3]

---

[2] Delaware law governs the threshold demand futility inquiry and fiduciary duty claims regardless of where shareholders bring the case. (*See* Dkt. # 28, at 28, 37.) Thus, Delaware law applies to the foundational issue of pre-suit demand in both the Federal and Delaware Actions.

[3] There are no additional allegations about the specific roles or conduct of the former board members in the alleged wrongdoing. Moreover, the current directors are the focus for the threshold demand futility inquiry, *see In re Sagent Tech., Inc., Deriv. Litig.*, 278 F. Supp. 2d 1079, 1087 (N.D. Cal. 2003), which, as discussed *infra*, requires an application of the same law in both courts.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2402535

- 4 -

NOMINAL DEFENDANT ALLERGAN, INC.'S
NOTICE OF MOTION AND
MOTION FOR PARTIAL STAY

(Consolidated Compl. ¶¶ 39-43), and includes two additional legal claims under the Federal Securities Exchange Act (*id.* ¶¶ 155-57, 195-202) and allegations of insider trading (*id.* ¶¶ 175-87). Such manufactured and immaterial differences between the complaints are ineffective to dispel the substantial similarities of the two parallel actions, and do not impede the Court's ability to grant a partial stay.

## III. PARALLEL STATE CLAIMS SHOULD BE STAYED IN THE INTERESTS OF EFFICIENCY AND COMITY UNDER *COLORADO RIVER*

Where a federal complaint follows a state court case alleging similar claims, federal courts may stay the parallel claims in the interests of efficiency and economy pursuant to the doctrine articulated in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 814-18 (1976). *See also In re Countrywide Fin. Corp. Deriv. Litig.*, 542 F. Supp. 2d 1160, 1171 (C.D. Cal. 2008) (granting partial stay of parallel state law claims brought in federal action pursuant to *Colorado River*). *Colorado River* permits courts to partially stay similar claims that are already pending in a first-filed state action where "the federal and state actions are sufficiently parallel." *Id.* at 1070 (quotation omitted).

Courts perform a two-part inquiry in determining whether abstention is appropriate under *Colorado River*. First, "the Court must determine whether the federal and state actions are sufficiently parallel." *El Centro Foods v. Nazarian*, No. 09-6395, 2010 WL 1710286, at *2 (C.D. Cal. Apr. 21, 2010). Two suits are considered parallel when the parties overlap "and the claims arise from a logically connected nucleus of facts and raise similar sets of substantive issues." *Id.* As discussed *supra* Part II, here both suits involve substantially similar parties, factual bases, and legal theories and, consequently, easily meet the requirement of parallel, or "substantially similar," proceedings. *See id.*; *Del Conte*, 2007 WL 1119187, at *3 (holding substantial similarity is met where both actions "involve substantially the same parties" and a similar factual predicate is "central to claims in both [] actions").

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2402535

- 5 -

NOMINAL DEFENDANT ALLERGAN, INC.'S
NOTICE OF MOTION AND
MOTION FOR PARTIAL STAY

Where the cases are "substantially similar," as here, courts conduct a balancing test to decide whether a stay is warranted to "serve the interests of 'wise judicial administration, giving regard to the conservation of judicial resources and comprehensive disposition of litigation,'" while at the same time "ensur[ing] that the federal forum will remain open if, for some unexpected reason, the state forum proves to be inadequate." *El Centro Foods*, 2010 WL 1710286, at *2 (citing *Colorado River*, 424 U.S. at 817; *Daugherty v. Oppenheimer & Co.*, No. 06-7725, 2007 WL 1994187, at *3 (N.D. Cal. July 5, 2007)). *Colorado River* and its progeny set forth the following non-exclusive stay considerations. *See Nakash v. Marciano*, 882 F.2d 1411, 1415-17 (9th Cir. 1989) (directing court to apply factors "in a pragmatic and flexible way, as part of a balancing process rather than as a 'mechanical checklist.'"). Here, the applicable factors regarding (1) the order in which jurisdiction was obtained by the concurrent forums, (2) the fact that state law controls the rule of decision on the merits for the claims subject to the motion, (3) the desirability of avoiding piecemeal litigation, and (4) the state court proceedings' ability protect the federal litigant's rights all support a stay. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15, 23, 26 (1983) (listing factors).[4]

*First,* a stay is warranted here because the Delaware Action was filed first and has progressed beyond the Federal Action. *See Silvaco Data Sys., Inc. v. Tech. Modeling Assocs., Inc.*, 896 F. Supp. 973, 977 (N.D. Cal. 1995) (evaluating which complaint was filed earlier and which of the two actions had progressed further). The Delaware Action was filed on September 3, 2010 and an Amended Complaint was filed on October 11, 2010; Defendants filed motions to dismiss the Amended Complaint on October 25, 2010. (Declaration of Lillie A. Werner, ¶ 2.) The

---

[4] The remaining factors have no application to the case, and therefore may be disregarded in the *Colorado River* inquiry. *See Nakash*, 882 F.2d at 1415 n.6 (holding that inapplicable factors are irrelevant in the abstention analysis).

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2402535

NOMINAL DEFENDANT ALLERGAN, INC.'S
NOTICE OF MOTION AND
MOTION FOR PARTIAL STAY

- 6 -

Delaware Action's status as the first-filed lawsuit, and the absence of any substantive proceedings in the Federal Action, weigh in favor of a stay. *See, e.g.*, *Colorado River*, 424 U.S. at 820 (reasoning that the absence of any proceedings in federal court other than the filing of the complaint favored staying or dismissal of the federal suit).

*Second,* the state law of Delaware controls the vast majority of claims brought against this Delaware corporation under the well-established "internal affairs" doctrine. *See, e.g.*, *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 105-06 (1991) (holding that the law of the state of incorporation should apply to corporate claims). Importantly, Plaintiffs concede that the state law of Delaware governs the threshold demand futility inquiry. (Dkt. # 55, at 37). Delaware law also controls the fiduciary duty and related claims. *See In re Silicon Graphics*, 183 F.3d at 989-90 (applying Delaware law to fiduciary duty claims brought against directors of a Delaware corporation); *In re Countrywide*, 542 F. Supp. 2d at 1173 (staying fiduciary duty claims subject to Delaware law where the company was incorporated in Delaware); *see also In re Sagent*, 278 F. Supp. 2d at 1091-92 (rejecting argument that California Corporations Code § 25402 should apply to the insider trading allegations brought against a Delaware corporation's board and applying Delaware law to insider trading allegations alleged under California law). Delaware law controlling the majority of claims alleged in this action, especially the threshold demand futility inquiry, weighs strongly in favor a stay.

*Third,* a partial stay would prevent litigating duplicative issues simultaneously in two separate forums and risking inconsistent rulings, redundant proceedings, and piecemeal litigation. *See, e.g.*, *Ryder Truck Rental, Inc. v. Acton Foodservices Corp.*, 554 F. Supp. 277, 281 (C.D. Cal. 1983) (granting stay where "[e]xercising federal jurisdiction in this case would not only require duplication of time and effort on the part of the litigants and the Court, but would also create the possibility of inconsistent results"). Where, as here, the courts will be evaluating the same

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2402535

NOMINAL DEFENDANT ALLERGAN, INC.'S
NOTICE OF MOTION AND
MOTION FOR PARTIAL STAY

- 7 -

1  threshold issues, including whether plaintiffs have provided particularized facts to
2  plead demand futility for alleged fiduciary duty violations, there are heightened
3  concerns about inconsistent rulings. *See, e.g.*, *Krieger v. Atheros Commc'ns, Inc.*,
4  No. 11-CV-00640-LHK, 2011 WL 835811, at *7-9 (N.D. Cal. Mar. 4, 2011)
5  (recognizing the risk of piecemeal litigation when "different tribunals consider the
6  same issue, thereby duplicating efforts and possibly reaching different results" and
7  granting partial stay of federal action where the "complaint in the Delaware Court of
8  Chancery involves substantially the same Defendants, the same proposed class of
9  shareholders, and virtually identical issues").
10          Furthermore, there is an additional concern for comity where the federal court
11  would be deciding issues of state law, which also supports a stay. *See, e.g.*, *El*
12  *Centro Foods*, 2010 WL 1710286, at *3 ("Granting the stay is therefore consistent
13  with the federal court's discretion to decline to exercise jurisdiction out of
14  consideration for federal-state comity."); *Krieger*, 2011 WL 835811, at *9 (granting
15  stay of fiduciary duty claims against directors that "fall within the Delaware court's
16  unique expertise in Delaware corporate law.")
17          *Fourth,* Plaintiffs' rights implicated in the state law claims will be adequately
18  protected in the Delaware Action. In both courts, plaintiffs purport to represent the
19  same interest – the rights of nominal defendant Allergan. *See Clark*, 376 F.3d at
20  686 (holding that shareholder derivative suits with different named plaintiffs are
21  parallel because the company is the true party in interest). As such, Allergan
22  shareholders are already putative plaintiffs in the Delaware Action and their rights
23  are adequately protected. *See Daugherty*, 2007 WL 1994187, at *4-6 (observing
24  that the state court action can adequately protect the interests of the same putative
25  plaintiffs in the substantially similar federal action); *see also Int'l Jensen Inc. v.*
26  *Emerson Radio Corp.*, No. 96 C 2816, 1996 WL 494273, at *4 (N.D. Ill. Aug. 27,
27  1996) (commenting that the plaintiffs in the federal action could have brought their
28

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2402535

- 8 -

NOMINAL DEFENDANT ALLERGAN, INC.'S
NOTICE OF MOTION AND
MOTION FOR PARTIAL STAY

claims in the state court action). Furthermore, a partial stay would be most efficient and economical for Allergan, the real party in interest.

Moreover, by limiting litigation of this lawsuit to the federal claims, a partial stay would streamline the judicial proceedings and further promote efficiency. Such a stay would allow the parties and Court to focus on the federal claims, tailoring discovery and motion practice to the liability and remedies issues unique to those claims. Accordingly, a partial stay of the duplicative state law claims under *Colorado River* would promote efficiency and comity, while allowing the Court to maintain jurisdiction over remaining federal claims.

## IV. STATE CLAIMS MAY ALSO BE STAYED PURSUANT TO THE COURT'S INHERENT POWERS TO MANAGE ITS DOCKET

Alternatively, the Court has the inherent power to stay the state law claims. *See Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); *see also* Fed. R. Civ. P. 16. In determining whether to grant a stay under *Landis*, courts balance "competing interests" and examine (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55). These factors all support a partial stay.

*First,* no damage would result from a partial stay. Staying the duplicative state law claims would protect the rights of the Company, the real party in interest, while ensuring the federal forum is still available to Plaintiffs. Staying the state law claims would allow the Company to avoid duplicative litigation that risks wasting valuable resources and having courts issue inconsistent rulings. A partial stay would protect Allergan's rights, which are paramount as the real party in interest, while Plaintiffs will not suffer any damage from the partial stay of their state law claims pending the adjudication of the Delaware Action.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2402535

- 9 -

NOMINAL DEFENDANT ALLERGAN, INC.'S
NOTICE OF MOTION AND
MOTION FOR PARTIAL STAY

1  *Second,* both Allergan (and its individual Directors) would suffer substantial
2  hardship without a partial stay.  Permitting duplicative state and federal actions to
3  proceed simultaneously creates a substantial hardship on the Company, which
4  would be forced to re-litigate similar issues in different courts.  *See Robinson v.*
5  *Cannard*, No. 09-CV-792-BR, 2009 WL 4042914, at *2 (D. Or. Nov. 19, 2009)
6  (granting stay where, otherwise, "Defendant will be subjected to the costs of
7  simultaneously defending both actions while facing exposure to the possibility of
8  inconsistent verdicts that arises because the two actions focus on similar, but not
9  completely identical aspects of the [same event]").  Not only would Allergan (and
10 therefore its shareholders) bear the costs of two litigations, the parallel proceedings
11 would risk inconsistent rulings on important issues of state law, like the threshold
12 demand futility inquiry.

13  *Third,* a partial stay would promote the orderly course of justice.  Staying the
14 state law claims would prevent two courts from considering similar issues, which
15 risks inconsistent rulings and wastes valuable judicial resources.  As discussed *supra*
16 Part III, a partial stay would also promote federal-state comity.  Only one court
17 would need to rule on the threshold demand futility inquiry on the non-securities
18 claims, achieving efficiency while, at the same time, retaining the jurisdiction of the
19 Court and giving the parties ample opportunity and access to resolve any remaining
20 issues or claims.  *See Cohen v. Carreon*, 94 F. Supp. 2d 1112, 1118-20 (D. Or.
21 2000) (staying federal action pending the resolution of the first-filed state court
22 action so that defendants are not subject to an "overwhelming burden" to "waste
23 time and money needlessly litigating the same substantive and procedural issues").

24
25
26
27
28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2402535

- 10 -

NOMINAL DEFENDANT ALLERGAN, INC.'S
NOTICE OF MOTION AND
MOTION FOR PARTIAL STAY

## V. CONCLUSION

For all of these reasons, Allergan respectfully requests that the Court stay the instant state law claims in deference to the parallel, first-filed Delaware Action.

DATED:  March 24, 2011

IRELL & MANELLA LLP
JOHN C. HUESTON
DANIEL P. LEFLER
LILLIE A. WERNER

By:   /s/   John C. Hueston
JOHN C. HUESTON
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067
Telephone:  (310) 277-1010
Facsimile:  (310) 203-7199
jhueston@irell.com
dlefler@irell.com
lwerner@irell.com

Counsel for Nominal Defendant Allergan, Inc.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2402535

- 11 -

NOMINAL DEFENDANT ALLERGAN, INC.'S
NOTICE OF MOTION AND
MOTION FOR PARTIAL STAY