1   ROBBINS UMEDA LLP
    BRIAN J. ROBBINS
2   FELIPE J. ARROYO
    SHANE P. SANDERS
3   600 B Street, Suite 1900
    San Diego, CA 92010
4   Telephone: (619) 525-3990
    Facsimile: (619) 525-3991
5   brobbins@robbinsumeda.com
    farroyo@robbinsumeda.com
6   ssanders@robbinsumeda.com

7   Co-Lead Counsel for Plaintiffs

8   [Additional lead counsel appear on signature page]

9

10              UNITED STATES DISTRICT COURT
                CENTRAL DISTRICT OF CALIFORNIA
11                 SOUTHERN DIVISION

12

13  In re ALLERGAN, INC.          )   Master File No. SACV10-01352-
    SHAREHOLDER DERIVATIVE         )   DOC (MLGx)
14  LITIGATION                     )
                                   )   **OPPOSITION TO NOMINAL**
15                                 )   **DEFENDANT ALLERGAN,**
                                   )   **INC.'S MOTION FOR A**
16  ─────────────────────────     )   **PARTIAL STAY**
                                   )
17  This Document Relates To:      )
                                   )
18                                 )   Judge: Honorable David O. Carter
19  ALL ACTIONS                    )   Date Action Filed: Sept. 17, 2010
                                   )
20                                 )   Hearing Date: May 2, 2011
21                                 )   Time: 8:30 a.m.
22  ─────────────────────────     )   Courtroom: 9D

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ............................................................................ 1

II.    APPLICABLE LEGAL STANDARDS ........................................... 3

III.   PLAINTIFFS' STATE LAW CLAIMS SHOULD NOT BE
      STAYED UNDER *COLORADO RIVER* ....................................... 4

     A.    The Instant Action and the Delaware Action Are Not Parallel
          Because the Action Raises Distinct Issues and Claims for Relief ........ 5

     B.    The *Colorado River* Factors Weigh Against a Partial Stay of
          Plaintiffs' State Law Claims ................................................................. 8

          1.    Inconvenience of the Federal Forum ......................................... 9

          2.    Desirability of Avoiding Piecemeal Litigation ........................ 10

          3.    The Order in Which the Actions Were Filed ........................... 10

          4.    Delaware Law Does Not Provide the Rule of Decision on
              the Merits of All of Plaintiffs' Claims ..................................... 12

          5.    The State Court Proceedings Are Inadequate to Protect
              the Federal Litigant's Rights .................................................... 12

          6.    Exercising Jurisdiction Would *Not* Promote Forum
              Shopping ................................................................................... 13

IV.   PLAINTIFFS' STATE LAW CLAIMS SHOULD NOT BE
      STAYED IN THE COURT'S DISCRETION ................................. 13

V.    CONCLUSION ............................................................................. 14

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

CASES

4

*Beam v. Stewart*,

5
    833 A.2d 961 (Del. Ch. 2003)...................................................................12

6

*Colorado River Water Conservation Dist. v. U.S.*

7
    424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976).........................*passim*

8

*Del Conte v. San Francisco Police Department*,
    No. 06-5030, 2007 WL 1119187 (N.D. Cal. Apr. 16, 2007) .........................8

9

*Holder v. Holder*,

10
    305 F.3d 854 (9th Cir. 2002) .....................................................................4

11

*In re Comverse Tech., Inc. Derivative Litig.*,

12
    No. 06-CV-1849, 2006 WL 3193709 (E.D.N.Y. Nov. 2, 2006)....................6

13

*In re Countrywide Fin. Corp. Derivative Litig.*,

14
    542 F. Supp. 2d 1160 (C.D. Cal. 2008)..................................................3, 4, 6

15

*In re Maxim Integrated Prod., Inc., Derivative Litig.*,

16
    574 F. Supp. 2d 1046 (N.D. Cal. 2008) ......................................................12

17

*In re Verisign, Inc., Derivative Litig.*,

18
    531 F. Supp. 2d 1173 (N.D. Cal. 2007) ......................................................12

19

*Melt Franchising, LLC v. PMI Enters., Inc.*,
    No. CV 08-4148 PSG (MANx), 2008 WL 4811097 (C.D. Cal. Oct.

20
    27, 2008)................................................................................................5

21

*Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*,

22
    460 U.S. 1, 16, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983).....................5, 9, 11

23

*Nakash v. Marciano*,

24
    882 F.2d 1411 (9th Cir. 1989).........................................................5, 6, 7, 10

25

*O'Neill v. U.S.*,

26
    50 F.3d 677 (9th Cir. 1995).......................................................................4

27

*Peak Performance Nutrition v. Media Power, Inc.*,

28
    669 F. Supp. 2d 1176 (C.D. Cal. 2009)......................................................11

*Silvaco Data Systems, Inc. v. Technology Modeling Associates, Inc.*,
    896 F. Supp. 973 (N.D. Cal. 1995) ........................................................11, 12

*Smith v. Cent. Ariz. Water Conservation Dist.*,
    418 F.3d 1028 (9th Cir. 2005)...........................................................................4

*Travelers Indem. Co. v. Madonna*,
    914 F.2d 1364 (9th Cir. 1990)................................................................9, 11

OPP. TO NOMINAL DEFENDANT ALLERGAN, INC.'S MOTION FOR A PARTIAL STAY

## I.     INTRODUCTION

Plaintiffs Willa Rosenbloom, Daniel Himmel, Pompano Beach Police & Firefighters' Retirement System, and Western Washington Laborers-Employers Pension Trust (the "Plaintiffs"), public shareholders of Allergan, Inc. ("Allergan" or the "Company"),  respectfully oppose Nominal Defendant Allergan, Inc.'s Motion for a Partial Stay filed on March 24, 2011 (the "Motion for a Partial Stay") (Docket No. 66).[1]  Plaintiffs brought this action (the "Action") derivatively on behalf of Allergan to remedy harms caused by the Individual Defendants[2] arising from misconduct associated with improper marketing of the Company's products, including Botox.[3]

Allergan previously moved to stay the entire Action in favor of a parallel shareholder derivative action pending in the Delaware Court of Chancery (the

---

[1] The Individual Defendants (defined below), while expressly joining in Nominal Defendant Allergan's Motion to Dismiss the Consolidated Complaint, did not join Allergan's Motion for a Partial Stay. *See* Individual Defendants' Notice of Motion and Motion to Dismiss Plaintiff's Consolidated Complaint at 2, filed on December 8, 2010 (Docket No. 51).

[2] The Individual Defendants are as follows: David E. Pyott, Herbert W. Boyer, Deborah Dunsire, Gavin S. Herbert, Leonard D. Schaeffer, Michael R. Gallagher, Stephen J. Ryan, Russell T. Ray, Trevor M. Jones, Robert A. Ingram, Louis J. Lavigne, Jr., Dawn Hudson, Handel E. Evans ("Evans"), Ronald M. Cresswell ("Cresswell"), Louis T. Rosso ("Rosso"), Karen R. Osar ("Osar"), and Anthony H. Wild ("Wild").

[3] The Action alleges: (1) violation of Section 29(b) of the Securities and Exchange Act of 1934 (the "Exchange Act"); (2) breach of fiduciary duty; (3) corporate waste; (4) unjust enrichment; (5) insider trading; and (6) violation of Section 14(a) of the Exchange Act.  *See* [Corrected] Verified Shareholder Derivative Consolidated Complaint for Violations of Federal Securities Laws, Violations of California Corporations Code, Breach of Fiduciary Duties, Waste of Corporate Assets, and Unjust Enrichment (the "Federal Consolidated Complaint"), ¶¶155-202, filed on November 9, 2010 (Docket No. 41).  All paragraph references ("¶__" or "¶¶__") are to the Federal Consolidated Complaint, unless otherwise noted.

---

- 1 -

"Delaware Action").[4]  This Court, however, denied Allergan's motion to stay the Action on the ground that federal courts have no discretion to stay proceedings as to claims within exclusive federal jurisdiction.  Having lost its motion to stay with regard to Plaintiffs' federal claims, Allergan has now filed another motion to stay, this time seeking to stay only Plaintiffs' state law claims.

The Court should not enter a partial stay as to Plaintiffs' state law claims. Though Allergan fails to address the issue whatsoever, even a partial stay under the *Colorado River Water Conservation Dist. v. U.S.* abstention principles will only be warranted where the moving party carries the heavy burden of showing that "'***exceptional circumstances***'" justify a stay.  424 U.S. 800, 813, 96 S. Ct. 1236, 1244, 47 L. Ed. 2d 483 (1976).[5]  As demonstrated below, the balancing of the *Colorado River* factors, and the significant differences between this Action and the Delaware Action, which is itself stayed[6], demonstrate that even a partial stay of Plaintiffs' state law

_____

[4] The Delaware Action is a shareholder derivative action captioned *Louisiana Municipal Police Employees' Retirement System* ("*LAMPERS*") *v. Pyott*, No. 5795-VCL, filed on September 3, 2010 (Docket No. 25), in the Delaware Court of Chancery by shareholder plaintiffs ("Delaware Plaintiffs") alleging: (1) breach of fiduciary duty; and (2) corporate waste, concerning the Company's complicity in the violation of federal regulations pertaining to its promotion of Botox.  *See* Verified Amended Derivative Complaint, filed on October 11, 2010, ¶¶119-25 (the "Delaware Amended Complaint") attached as Exhibit A to Declaration of Shane P. Sanders in Support of Opposition to Nominal Defendant Allergan, Inc.'s Motion for a Partial Stay, filed concurrently herewith ("Sanders Decl.").  The Delaware Action was filed six days before *Rosenbloom v. Pyott*, No. 10-cv-01352 DOC (MLGx), the first complaint to form part of the Action, which was filed on September 9, 2010.

[5] Here, all throughout, all emphasis is added and citations and footnotes are omitted unless otherwise noted.

[6] The Delaware Action alleges only state law claims for breach of fiduciary duty and corporate waste concerning Allergan's complicity in the violation of federal regulations pertaining to its promotion of Botox.  During the January 21, 2011 hearing, the Delaware Court of Chancery addressed a motion to intervene, as well as defendants' motion to dismiss, by essentially staying the Delaware Action and

1    claims here is unwarranted.  Because there are state law claims and parties pled in this

2    Action that are not pled in the Delaware Action, this Court will need to review these

3    claims regardless of any outcome in Delaware.  Accordingly, a partial stay in

4    deference to the already stayed Delaware Action would allow for piecemeal discovery

5    and litigation moving forward and would wholly frustrate the efficient adjudication of

6    this Action.  For these reasons, as discussed in more detail below, the Motion for a

7    Partial Stay should be denied in its entirety.[7]

8    **II.   APPLICABLE LEGAL STANDARDS**

9         Where a party in federal court seeks to stay state law claims or claims over

10   which the state court has concurrent jurisdiction, federal courts apply a two-part test.

11   First, "the Court must determine whether the federal and state actions are sufficiently

12   "parallel."  *See In re Countrywide Fin. Corp. Derivative Litig.*, 542 F. Supp. 2d 1160,

13   1170 (C.D. Cal. 2008) (a case is sufficiently parallel when the same parties are

14   concurrently litigating the same issues in different forums).  Second, even when two

15   cases are parallel, the court must still balance a non-exclusive series of factors relevant

16

17   vacating the motion to dismiss argument pending the resolution of the intervenor's

18   books and records inspection demand pursuant to section 220 of the Delaware

     Corporations Code.  *See* Transcript of Argument and Ruling on Motion to Intervene at

19   56:22-23, *LAMPERS v. Pyott*, No. 5795-VCL (Del. Ch. filed on Feb. 14, 2011)

20   (Docket No. 58) attached as Exhibit B to Sanders Decl.  ("I am taking the motion to

     dismiss argument off the calendar.").  The court did not set a new date for the motion

21   to dismiss argument to be heard.

22   [7] The factual background to this litigation is set forth in Plaintiffs' Omnibus

23   Opposition to Defendant's Motions to Dismiss (the "Opposition to MTD"), filed on

     January 18, 2011 (Docket. No. 55).  As explained in the Opposition to MTD,

24   Plaintiffs' suit arises out of the wrongdoing by the Individual Defendants in

25   connection with the U.S. Department of Justice's $600 million sanction of Allergan

     arising from the Company's improper promotion of Botox in violation of the Federal

26   Food, Drug, and Cosmetic Act.  The Federal Consolidated Complaint also contains

27   allegations that the Individual Defendants misbranded Botox and sought improper

     reimbursements for Botox treatments from Medicare and Medicaid.

28

to whether the interest of "'judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation,'" supports a stay in favor of the state court action. *Id.* at 1169.[8]  For the reasons discussed below, a partial stay of Plaintiffs' state law claims is not warranted here.

## III.   PLAINTIFFS' STATE LAW CLAIMS SHOULD NOT BE STAYED UNDER *COLORADO RIVER*

In the U.S. Court of Appeals for the Ninth Circuit, abstention from the exercise of federal jurisdiction is only appropriate under "'exceptional circumstances.'"  *See Colorado River*, 424 U.S. at 813 (determining that "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule," and that a court may abdicate its obligation to decide cases under the abstention doctrine '"only in … exceptional circumstances'"); *Smith v. Cent. Ariz. Water Conservation Dist.*, 418 F.3d 1028, 1033 (9th Cir. 2005) (circumstances where the *Colorado River* abstention doctrine would preclude a federal district court's exercise of jurisdiction are "exceedingly rare"); *Holder v. Holder*, 305 F.3d 854, 867 (9th Cir. 2002) ("'exceptional circumstances' must be present" for the *Colorado River* abstention doctrine to apply; *see also O'Neill v. U.S.*, 50 F.3d 677, 688 (9th Cir. 1995).  Rather than being "broad," as Allergan suggests, the *Colorado River* abstention doctrine "is a narrow exception to 'the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them.'"  *Holder*, 305 F.3d at 867.

There are two steps to the Court's inquiry.  Before applying the *Colorado River* test, the Court must first determine whether the federal and state actions are sufficiently parallel- that is, whether they involve substantially the same parties litigating the same issues in different forums.  *Melt Franchising, LLC v. PMI Enters., Inc.*, No. CV 08-4148 PSG (MANx), 2008 WL 4811097, at *3-*4 (C.D. Cal. Oct. 27,

---

[8] A (non-exclusive) list of factors considered by the Ninth Circuit when deciding whether to stay a federal action under *Colorado River* can be found at *infra* p. 9.

2008) (denying motion for partial stay of action); *Nakash v. Marciano*, 882 F.2d 1411, 1417 (9th Cir. 1989) (federal and state actions were substantially similar because named parties to federal action were also named in state action, same dispute was at issue in both actions, and federal action was "'spin-off' of more comprehensive state litigations").

Even if the Court determines that they are sufficiently similar to be deemed "parallel," the Court must still balance the factors relevant to whether the interest of "'judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation'" support a stay in favor in the federal Court. *Colorado River*, 424 U.S. at 818.  In *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, the U.S. Supreme Court held a district court had abused its discretion in granting a stay and clarified that the analysis "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance ***heavily weighted in favor of the exercise of jurisdiction***." 460 U.S. 1, 16, 103 S. Ct. 927, 937, 74 L. Ed. 2d 765 (1983) (hereinafter "*Cone*").  Below, Plaintiffs explain why Allergan has not shown (and cannot show) that this Action and the Delaware Action are sufficiently similar to be deemed parallel.  Plaintiffs also explain why Allergan cannot satisfy its heavy burden to demonstrate that the balance of the *Colorado River* factors weighs in favor of a stay of the state law claims here.

## A.     The Instant Action and the Delaware Action Are Not Parallel Because the Action Raises Distinct Issues and Claims for Relief

Prior to applying the *Colorado River* factors analysis, the Court must determine whether the federal and state actions are sufficiently parallel.  *Countrywide*, 542 F. Supp. 2d at 1170. While the Ninth Circuit standard is not one of exact parallelism, courts will look to whether the two proceedings are "substantially similar." *Nakash*, 882 F.2d at 1416.  Actions are substantially similar when "'substantially the same parties are contemporaneously litigating the same issues in different forums.'"

*Countrywide*, 542 F. Supp. 2d at 1170 (citing *In re Comverse Tech., Inc. Derivative Litig.*, No. 06-CV-1849, 2006 WL 3193709, at *2 (E.D.N.Y. Nov. 2, 2006)).  For example, in *Countrywide*, plaintiff shareholders were proceeding, derivatively on behalf of Countrywide Financial Corporation ("Countrywide"), with Exchange Act claims in California federal court.  *See* 542 F. Supp. 2d at 1167.  Subsequently, Countrywide announced that it intended to merge with a subsidiary of Bank of America Corporation.  *Id.*  In response, the *Countrywide* plaintiffs amended their complaint to add state law breach of fiduciary duty claims related to the proposed merger.  *See id.* at 1168.  The *Countrywide* defendants responded by filing a *Colorado River* motion to stay the merger-related claims in favor of litigation pending in Delaware.  *See id.* at 1169.  The court entered a partial stay of the state law merger-related claims.  *See id.* at 1170.  Although the Exchange Act claims were allowed to continue in federal court, the court found that the state law claims in the federal and state actions were sufficiently parallel because they concerned the same defendants, represented the same putative class of Countrywide common-stock holders, raised the same claims, and concerned very similar sets of substantive issues.  *See id.*

The instant Action contrasts sharply with *Countrywide* because here, the two actions do not concern identical claims, parties, and legal theories.  For example here, the Delaware Plaintiffs filed a scant fourteen-page initial complaint on September 3, 2010, which sought relief solely for breach of fiduciary duty and corporate waste.  *See* Verified Derivative Complaint, *LAMPERS v. Pyott,* No. 5795 (Del. Ch. filed on Sept. 3, 2010) (Docket No. 1), ¶¶51-53 (the "Delaware Original Complaint") attached as Exhibit C to Sanders Decl.  Although the Delaware Plaintiffs subsequently filed an amended complaint, the Delaware Amended Complaint did not expand its allegations beyond state law breach of fiduciary duty and waste.  *Compare* Delaware Original Complaint, ¶¶51-53, *with* Delaware Amended Complaint, ¶¶120-24.  In comparison, Plaintiffs here filed a detailed sixty-seven page complaint alleging eight different causes of action, including federal violations of the Exchange Act and statutory

- 6 -

violations of the California Corporations Code.  ¶¶155-202.  In addition to the breach of fiduciary duty and waste claims pled in the Delaware Action, this Action pleads claims that are not raised and will not be adjudicated in the Delaware Action, including: (i) Sections 14(a) and 29(b) claims under the Exchange Act for rescission of employment and compensation contracts and damages in connection with a misleading Company proxy; (ii) unjust enrichment claims; (iii) claims for insider trading; and (iv) breach of duty under California statutory law.  *Compare* Federal Consolidated Complaint, ¶¶155-57, 170-94, *with* Delaware Amended Complaint, ¶¶119-25.   Here, Plaintiffs' claims and legal theories are materially more comprehensive than those alleged by the Delaware Plaintiffs.  Accordingly, the Action cannot be considered a mere "spin-off" of the Delaware Action.  *Cf. Nakash*, 882 F.2d at 1417 (the court was "reluctant to find that the actions are not parallel when the federal action is but a 'spin off' of *more comprehensive* state litigation").

Without argument or basis in fact, Allergan claims that "both actions involve substantially the same parties."  Def.'s Partial Stay Mem. at 2.[9]  That is also incorrect. Defendants Evans, Cresswell, Rosso, Osar, and Wild are not named (the "Unnamed Defendants")[10], and face no liability, in the Delaware Action.  ¶¶39-43.  The Unnamed Defendants were intimately involved in the wrongdoing that underpins this Action. For example, each of these Unnamed Defendants was a director of the Company when the wrongdoing concerning Allergan's illegal marketing and misbranding of Botox was endemic at the Company.  *See*, ¶¶6, 39-43.  Moreover, these Unnamed Defendants were members of key committees of the Allergan Board of Directors (the "Board") charged with oversight of the conduct that led to the filing of the Action.

---

[9] "Def.'s Partial Stay Mem." refers to Nominal Defendant Allergan, Inc.'s Memorandum of Points & Authorities in Support of Motion for a Partial Stay filed on March 24, 2011 (Docket No. 66).

[10] Unnamed Defendants are collectively Evans, Cresswell, Rosso, Osar, and Wild.

For example, defendants Evans, Rosso, Osar, and Wild were members of the Company's Audit and Finance Committee, which was charged with monitoring Allergan's legal and regulatory compliance – including, presumably, compliance with marketing protocols for Botox.  ¶¶39, 41-43, 53(b).  Defendants Evans and Cresswell served on Allergan's Corporate Governance Committee and were required to "[r]eview comprehensive reports from management regarding compliance-related matters affecting the Company and provide general compliance oversight to Allergan." ¶¶39-40, 54.  The liability of these Unnamed Defendants will not be adjudicated in the Delaware Action, and this Court will need to separately assess their liability independent of the Delaware Action.  In sum, these Unnamed Defendants in the Action are integral to any derivative allegations regarding the improper marketing of Allergan's products.  The absence of these Unnamed Defendants from the Delaware Action precludes a finding that the actions are substantially similar.[11]

### B.   The *Colorado River* Factors Weigh Against a Partial Stay of Plaintiffs' State Law Claims

Even if this Court found that the instant Action and the Delaware Action are substantially similar, Allergan still bears the burden of establishing that the *Colorado River* factors weigh heavily in favor of a stay of any portion of the federal proceedings in deference to the state court action.  *See Travelers Indem. Co. v. Madonna*, 914 F.2d

---

[11] Allergan cites *Del Conte v. San Francisco Police Department.*, for the proposition that the existence of additional defendants in a federal action does not preclude a stay in favor of a state action.  No. 06-5030, 2007 WL 1119187, at *3 (N.D. Cal. Apr. 16, 2007); Def.'s Partial Stay Mem. at 2.  This case is distinguished from *Del Conte*, however, because here, the additional Unnamed Defendants were key wrongdoers and the liability of these additional Unnamed Defendants would need to be adjudicated independent of the Delaware state court action.  There was no showing in *Del Conte* that the additional defendants named in the federal action (some of whom were "unnamed police officers") were "key".  2007 WL 1119187, at *3.  Moreover, in *Del Conte*¸ the state action had already progressed significantly as the court had already issued rulings on the demurrers.  *Id.*, at *3-*4.  Here, the Delaware case is stayed.

1364, 1368 (9th Cir. 1990) (to determine whether a stay is warranted, the relevant factors must be balanced, "with the balance heavily weighted in favor of the exercise of jurisdiction") (citing *Cone*, 460 U.S. at 16).  Although the factors are not fixed, the Ninth Circuit has generally considered the following non-exhaustive list of factors: (i) whether the state court first assumed jurisdiction over property; (ii) inconvenience of the federal forum; (iii) the desirability of avoiding piecemeal litigation; (iv) the order in which jurisdiction was obtained by the concurrent forums; (v) whether federal law or state law provides the rule of decision on the merits; (vi) whether the state court proceedings are inadequate to protect the federal litigant's rights; and (vii) whether exercising jurisdiction would promote forum shopping. *Travelers*, 914 F.2d at 1367-68. Additionally, if there is "[a]ny doubt as to whether a factor exists [,it] should be resolved against a stay, not in favor one."  *Id.*, at 1369.  Here, there is no "*res*" or property at issue, so the first factor is irrelevant to the stay sought here.   As demonstrated below, the other *Colorado River* factors do not weigh in favor of a partial stay of Plaintiffs' state law causes of action.

### 1.    Inconvenience of the Federal Forum

Allergan does not address the convenience of this California Federal forum, and for good reason.  The Central District of California is the more viable forum to litigate these derivative claims because: (i) nominal defendant Allergan maintains its principal executive office and its administrative and research facilities within the Central District; (ii) eight out of the twelve individual defendants in the Delaware Action (and nine out of the seventeen Individual Defendants in this Action) are citizens of California, and none of the Individual Defendants are citizens of Delaware; (iii) misconduct alleged in both the federal and state complaints primarily occurred in California; and (iv) most of the discovery material and evidence is likely located in California.  Moreover, the Delaware state court is unable to adjudicate the federal claims at issue in this Action.  Only this Court can adjudicate ***all*** of the derivative

1  claims brought on behalf of Allergan.   The convenience of the federal forum,

2  therefore, weighs against a stay of Plaintiffs' state law claims.

3         **2.        Desirability of Avoiding Piecemeal Litigation**

4         As addressed above, deference to the now-stayed Delaware Action will

5  ineluctably result in piecemeal litigation because this Action is more comprehensive

6  than the Delaware Action.   *Cf. Nakash*, 882 F.2d at 1417 (staying federal action

7  because ***state action was the more comprehensive action***).   Beyond the fact that

8  Plaintiffs allege two exclusively federal claims under Sections 14(a) and 29(b) of the

9  Exchange Act, Plaintiffs also allege violations of sections 309, 25402, 25502.5 of the

10 California Corporations Code, and common law claims for unjust enrichment.  Insider

11 trading and unjust enrichment are ***not*** at issue in the Delaware Action.  The principles

12 of comity and judicial economy, therefore, will not be served by partially staying

13 Plaintiffs' state law claims.

14        Moreover, a partial stay of Plaintiffs' state law claims, as Allergan requests,

15 would actually serve to create piecemeal litigation by breaking up Plaintiffs' state and

16 federal claims. This Court would be adjudicating Plaintiffs' federal claims, but not

17 their state law claims, despite the fact that the Court would need to adjudicate those

18 state claims later regardless of any outcome in the Delaware Action (i.e., California

19 statutory insider trading and unjust enrichment claims and claims against Unnamed

20 Defendants).  To avoid piecemeal litigation, "judicial administration" can only be

21 served by adjudicating all the derivative claims arising out of the marketing of Botox

22 in the U.S. District Court for the Central District of California, as not all the claims

23 can be adjudicated in the Delaware Court of Chancery.

24        **3.        The Order in Which the Actions Were Filed**

25        Allergan unconvincingly offers that "a stay is warranted here because the

26 Delaware Action was filed first and has progressed beyond the Federal Action."

27 Def.'s Partial Stay Mem. at 6.  Allergan conveniently neglects to mention that there

28

- 10 -

was a mere six days difference between the filing of the now-stayed Delaware Action and the first action filed in this Court. Ninth Circuit case law has held that such a minimal difference between the date of the first-filed action in a state court and the action filed in federal court is immaterial and should not be weighed in favor of staying the federal proceedings. *See Cone*, 460 U.S. at 21 (determining the petitioner's argument that the state action was filed nineteen days before the federal suit favors a stay to be "too mechanical a reading to the 'priority' element of the *Colorado River* balance"); *Travelers*, 914 F.2d at 1370 (finding no abuse of discretion where the district court found that the priority factor did not favor a stay even though the state action was filed three days before the federal action).[12]

The Court may also consider the relative progress of the state and federal court actions. *See Peak Performance Nutrition v. Media Power, Inc.*, 669 F. Supp. 2d 1176, 1181 (C.D. Cal. 2009). Here, both the Delaware Action and this Action are at similar stages in the litigation process. Allergan has filed motions to dismiss as to both actions, and those motions are awaiting further briefing before court resolution. The order in which the actions were filed and (lack of) progress in the Delaware Action does not weigh in favor of a stay.[13]

---

[12] Allergan's citation to *Silvaco Data Systems, Inc. v. Technology Modeling Associates, Inc.* is not to the contrary. 896 F. Supp. 973, 977 (N.D. Cal. 1995); Def.'s Partial Stay Mem. at 6. In *Silvaco*, the state actions were filed more than ***seven months*** before the federal action. *Silvaco*, 896 F. Supp. at 977 ("The First and Second State Actions were commenced on July 15, 1991 and November 7, 1994 respectively, whereas the federal action was not filed until May 19, 1995.").

[13] *Silvaco* is distinguishable. Def.'s Partial Stay Mem. at 6. In that case, significant motion practice (two demurrers and several discovery motions) and discovery (three days of depositions) had taken place in the state court actions. *See Silvaco*, 896 F. Supp. at 977. This stands in stark contrast to the proceedings that have taken place in the Delaware Action, which Allergan admits has not progressed beyond the motion to dismiss stage. Def.'s Partial Stay Mem. at 6-7.

### 4. Delaware Law Does Not Provide the Rule of Decision on the Merits of All of Plaintiffs' Claims

As discussed in detail above, this Action consists of mixed questions of federal and California state law.  In addition to Plaintiffs' federal claims, which are governed by federal law, Plaintiffs also plead claims for violations of sections 309, 25402, and 25502.5 of the California Corporations Code.[14]  The question of which law governs Plaintiffs' claims in this Action does not support Allergan's request for a stay.

### 5. The State Court Proceedings Are Inadequate to Protect the Federal Litigant's Rights

Allergan incorrectly argues that the Delaware Action will adequately protect Plaintiffs' rights.  Def.'s Partial Stay Mem. at 8-9.  The Delaware Amended Complaint, however, does not include certain causes of action asserted in this Action.  *See supra* p. 3; *infra* pp. 13-14.  Each of Plaintiffs' California statutory causes of action provides an additional avenue for recovery on behalf of Allergan.  The claims are also subject to different standards than the Delaware Plaintiffs' state law breach of fiduciary duty and corporate waste claims.  The exclusion of the additional claims pled in the more comprehensive Action could impair the Company's eventual recovery.

Additionally, demand futility is decided on a claim-by-claim basis.  *See Beam v. Stewart*, 833 A.2d 961, 977 n.48 (Del. Ch. 2003).  The Delaware Amended Complaint makes no allegations concerning insider trading violations under the California Corporations Code or for unjust enrichment.  Any determination as to demand futility in the Delaware Action will not include allegations that the members of Allergan's

---

[14] Allergan asserts that Delaware law applies to Plaintiffs' insider trading allegations. Def.'s Partial Stay Mem. at 7.  That is wrong.  Ninth Circuit Courts have vindicated the rights of plaintiffs to bring California statutory insider trading claims against officers and directors of out-of-state corporations.  *See In re Maxim Integrated Prod., Inc., Derivative Litig.*, 574 F. Supp. 2d 1046, 1070 (N.D. Cal. 2008) ("A plaintiff may bring a California insider trading claim against individuals who traded on insider information in California even if the corporation is incorporated in Delaware."); *accord In re Verisign, Inc., Derivative Litig.*, 531 F. Supp. 2d 1173, 1220 (N.D. Cal. 2007).

Board face liability for the claims unique to this Action.  Yet, a demand futility determination in the Delaware Action could potentially have a *res judicata* effect on the Court's demand futility inquiry in this Action.  Risking a final demand futility determination on the less comprehensive Amended Complaint filed in the Delaware Action is not in Allergan's best interests and weighs against a stay of Plaintiffs' state law claims in this Action.

**6.  Exercising Jurisdiction Would *Not* Promote Forum Shopping**

Allergan does not (because it cannot) argue that Plaintiffs have engaged in forum shopping.  In light of the fact that Plaintiffs commenced this Action in Allergan's primary place of business and in the state where the majority of the Individual Defendants reside, any allegation of forum shopping fails on its face.  This factor does not weigh in favor of a stay.

**IV.  PLAINTIFFS' STATE LAW CLAIMS SHOULD NOT BE STAYED IN THE COURT'S DISCRETION**

In the alternative, Allergan argues that the Court should stay Plaintiffs' state law claims pursuant to its inherent powers to manage its docket.  Def.'s Partial Stay Mem. at 9-10.  First, Allergan argues that no damage would result from a partial stay because Plaintiffs would still be able to seek relief in this Court on the federal claims and the Company would be able to avoid duplicative litigation.  *Id*. at 9.  This is simply wrong.  Plaintiffs would be precluded from litigating, on behalf of Allergan, state law claims that are not at issue in the Delaware Action, namely California statutory insider trading claims and common law unjust enrichment claims.  These claims will need to be litigated irrespective of any developments in the Delaware Action, and it would severely prejudice Plaintiffs and Allergan if the Court ordered that Plaintiffs must stand on the sidelines with respect to distinct state law claims that are not even at issue in the Delaware Action, an action which is stayed.  Further, as discussed above, Plaintiffs' additional state law claims affect the analysis of whether demand on Allergan's Board was excused.  If the demand futility issue is decided on

the far less comprehensive set of allegations and claims in the Delaware Action, there is a substantial risk that an adverse demand futility ruling could come down in the Delaware Action and bar Plaintiffs from pursuing their derivative claims under the doctrine of *res judicata*.  Accordingly, a stay of Plaintiffs' state law claims would cause damage to Plaintiffs, Allergan, and Allergan shareholders.  Thus, the Court should not issue the partial stay Allergan requests.

Finally, Allergan argues that the Court should stay Plaintiffs' state law claims to ensure that the Company does not have to litigate "duplicative" actions and to avoid inconsistent rulings.  Def.'s Partial Stay Mem. at 9-10.  As discussed above, however, this Action and the Delaware Action are not "duplicative."  This Action involves federal claims, California statutory insider trading claims, and a common law claim for unjust enrichment—none of which are at issue in the Delaware Action.  This Action also pleads claims against the Unnamed Defendants, the five additional defendants not named in the Delaware Action.  The fact that the two cases are grounded in similar facts does not warrant a stay in deference to an action which is itself stayed.  Indeed, Allergan's requested partial stay of this Action would actually cause unnecessary inefficiencies and duplication of efforts, as this Court will need to adjudicate Plaintiffs' unjust enrichment and California statutory insider trading claims, and Plaintiffs' claims against the Unnamed Defendants, regardless of any outcome in the Delaware Action.  *See* discussion *supra* Section II.A.

In sum, this Court should not exercise its discretion to stay Plaintiffs' state law claims, which are distinct from the claims alleged in the Delaware Action.

## V.    CONCLUSION

For the foregoing reasons, Allergan's Motion for a Partial Stay should be denied in its entirety.

- 14 -

1    DATED: April 11, 2011                    Respectfully submitted,

2                                             ROBBINS UMEDA LLP
3                                             BRIAN J. ROBBINS
                                              FELIPE J. ARROYO
4                                             SHANE P. SANDERS

5
                                                   /s/ Brian J. Robbins
6                                                  BRIAN J. ROBBINS

7
                                             600 B Street, Suite 1900
8                                            San Diego, CA 92010
                                             Telephone: (619) 525-3990
9                                            Facsimile:  (619) 525-3991
10                                           brobbins@robbinsumeda.com
                                             farroyo@robbinsumeda.com
11                                           ssanders@robbinsumeda.com
12
                                             ROBBINS GELLER RUDMAN
13                                              & DOWD LLP
14                                           DARREN J. ROBBINS
                                             TRAVIS E. DOWNS III
15                                           DAVID W. MITCHELL
16                                           BENNY C. GOODMAN III
                                             BRIAN O. O'MARA
17                                           655 West Broadway, Suite 1900
18                                           San Diego, CA 92101
                                             Telephone: (619) 231-1058
19                                           Facsimile: (619) 231-7423
20                                           darrenr@rgrdlaw.com
                                             travisd@rgrdlaw.com
21                                           davidm@rgrdlaw.com
22                                           bennyg@rgrdlaw.com
                                             bomara@rgrdlaw.com
23
24                                           ROBBINS GELLER RUDMAN
25                                              & DOWD LLP
                                             AELISH M. BAIG
26                                           Post Montgomery Center
27                                           One Montgomery Street, Suite 1800
                                             San Francisco, CA  94104
28

- 15 -

1   Telephone: (415) 288-4545
    Facsimile: (415) 288-4534
2
3   THE WEISER LAW FIRM, P.C.
    KATHLEEN A. HERKENHOFF
4   12707 High Bluff Drive, Suite 200
5   San Diego, CA 92130
    Telephone: (858) 794-1441
6   Facsimile: (858) 794-1450
7   kah@weiserlawfirm.com
8   THE WEISER LAW FIRM, P.C.
9   ROBERT B. WEISER
    BRETT D. STECKER
10  JEFFREY J. CIARLANTO
11  121 N. Wayne Avenue, Suite 100
    Wayne, PA 19087
12  Telephone: (610) 225-2677
13  Facsimile: (610) 225-2678
    rw@weiserlawfirm.com
14  bds@weiserlawfirm.com
15  jjc@weiserlawfirm.com
16
    Lead Counsel for Plaintiffs
17
18  THE SHUMAN LAW FIRM
    KIP B. SHUMAN
19  RUSTY GLENN
20  885 Arapahoe Avenue
    Boulder, CO 80302
21  Telephone: (303) 861-3003
22  Facsimile: (303) 484-4886
23  LAW OFFICE OF DEBRA S.
24  GOODMAN P.C.
    DEBRA S. GOODMAN
25  1301 Skippack Pike
26  Suite 7A #133
    Blue Bell, PA 19422
27  Telephone: (610) 277-6057
28  Facsimile: (484) 231-1922

- 16 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Additional Counsel for Plaintiff Willa
Rosenbloom

LEPOLD KUVIN, P.A.
WILLIAM C. WRIGHT
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
Telephone: (561) 514-1400
Facsimile: (561) 514-1401
wwright@leopoldkuvin.com

Additional Counsel for Plaintiff Daniel
Himmel

SUGERMAN & SUSSKIND
ROBERT SUGARMAN
PEDRO A. HERRERA
100 Miracle Mile, Suite 300
Coral Gables, FL 33134
Telephone: (305) 529-2801
Facsimile: (305) 447-8115

Additional Counsel for Plaintiffs
Pompano Beach Police & Firefighters'
Retirement System and Western
Washington Laborers-Employers
Pension Trust

OPP. TO NOMINAL DEFENDANT ALLERGAN, INC.'S MOTION FOR A PARTIAL STAY

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List.

I hereby certify that I caused the foregoing to be mailed on April 11, 2011, to the non-CM/ECF participants indicated on the attached service list via the U. S. Mail in a sealed envelope with postage thereon fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on April 11, 2011, at San Diego, California.

/s/Brian J. Robbins
BRIAN J. ROBBINS

ROBBINS UMEDA LLP
600 B Street, Suite 1900
San Diego, CA 92010
Telephone: (619) 525-3990
Facsimile: (619) 525-3991

E-mail: brobbins@robbinsumeda.com

597787

Non-CM/ECF Service List

*In re Allergan, Inc. S'holder Derivative Litig.*,
Master File No. SACV10-01352-DOC (MLGx)

| | |
|---|---|
| THE WEISER LAW FIRM, P.C.<br>JEFFREY CIARLANTO<br>121 North Wayne Avenue, Suite 100<br>Wayne, PA 19087<br>Telephone: (610) 225-2616<br>Facsimile: (610) 225-2678 | THE WEISER LAW FIRM, P.C.<br>KATHLEEN A. HERKENHOFF<br>BRETT STECKLER<br>12707 High Bluff Drive, Suite 200<br>San Diego, CA 92130<br>Telephone: (858) 794-1441<br>Facsimile: (858) 794-1450 |

LAW OFFICE OF DEBRA S.
  GOODMAN P.C.
DEBRA S. GOODMAN
1301 Skippack Pike, Suite 7A #133
Blue Bell, PA 19422
Telephone: (610) 277-6057
Facsimile: (484) 231-1922

- 19 -