IRELL & MANELLA LLP
John C. Hueston (164921)
jhueston@irell.com
Daniel P. Lefler (151253)
dlefler@irell.com
Lillie A. Werner (261250)
lwerner@irell.com
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:   (310) 277-1010
Facsimile:   (310) 203-7199

Attorneys for Nominal Defendant Allergan, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| In re ALLERGAN, INC. SHAREHOLDER DERIVATIVE LITIGATION | Master File No. SACV10-01352-DOC (MLGx) |
| This Document Relates To: ALL ACTIONS | **STIPULATION REGARDING ALLERGAN, INC.'S PRODUCTION OF CONFIDENTIAL BOOKS AND RECORDS AND BRIEFING SCHEDULE** |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2443126

STIPULATION REGARDING CONFIDENTIAL
PRODUCTION OF BOOKS AND RECORDS &
BRIEFING SCHEDULE

1  WHEREAS, on May 17, 2011, Plaintiffs' counsel requested, on behalf of the
2  plaintiffs ("Plaintiffs") in the above-captioned federal action, *In re Allergan, Inc.*
3  *Shareholder Derivative Litigation*, SACV10-01352-DOC (MLGx), that Defendants
4  stipulate to a stay of this action to allow Plaintiffs to pursue a Delaware Code
5  Section 220 proceeding to inspect corporate books and records;
6  WHEREAS, Plaintiffs and Nominal Defendant Allergan, Inc. ("Allergan")
7  agree that Plaintiffs may access the books and records ordered to be produced to
8  U.F.C.W. Local 1776 & Participating Employers Pension Fund ("UFCW Fund"), in
9  response to its demand on Allergan, and litigation under Section 220 of the
10 Delaware Code pursuant to appropriate confidentiality and non-waiver provisions;
11 WHEREAS, Plaintiffs and Defendants (collectively the "Parties") agree
12 Plaintiffs may have up to thirty (30) days following the production of the books and
13 records to file an amended complaint;
14 THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and
15 between the Parties through their respective counsel of record, as follows:

16 **I. PRODUCTION OF BOOKS AND RECORDS**

17  1.  Upon execution of this Stipulation by counsel of record for the Parties,
18 Allergan or its representatives shall make available for inspection and copying by
19 the Plaintiffs all of the books and records ordered to be produced to the UFCW Fund
20 in the Delaware Section 220 proceeding. Additionally, Allergan or its
21 representatives shall simultaneously produce to the Plaintiffs a corresponding
22 privilege log. All information produced pursuant to this paragraph shall be referred
23 to as "Company Information."

24 **II. CONFIDENTIALITY OF BOOKS AND RECORDS**

25  2.  The Company may designate any Information produced in connection
26 with this Stipulation as "Confidential" under the terms of this Stipulation if the
27 Company in good faith believes that such Company Information contains nonpublic
28 information that is confidential, proprietary or commercially sensitive

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2443126

STIPULATION REGARDING CONFIDENTIAL
PRODUCTION OF BOOKS AND RECORDS &
BRIEFING SCHEDULE

("Confidential Material"). Any Confidential Material produced by Allergan will be marked with a "Confidential" stamp before being produced to the Plaintiffs. Confidential Material does not include information which (a) is or becomes generally available to the public (other than by Plaintiffs or its Representatives); (b) was available to the Plaintiffs or its Representatives on a non-confidential basis prior to its disclosure by the Company; or (c) becomes available to the Plaintiffs or its Representatives on a non-confidential basis from another person, provided that such person is not known by the Plaintiffs or its Representatives to be bound by a confidentiality agreement with the Company or such person is not known by the Plaintiffs or its Representatives to be otherwise prohibited from transmitting the information to Plaintiffs or its Representatives. As used in this Stipulation, the term "person" shall be broadly interpreted to include, without limitation, any company, partnership, limited liability company, trust, other entity or individual.

3. The Parties agree that they will treat all Confidential Material as confidential and will not disclose, publish or communicate to anyone, including without limitation to any other Allergan shareholder, such documents or the contents thereof, either directly or indirectly, except as otherwise provided in this Stipulation.

4. Notwithstanding the foregoing, the Parties may disclose, summarize, describe, or characterize Confidential Material only to the following persons, and no others:

a. Outside counsel who represent parties and have appeared in the Action (and members of their firms), and regular and temporary employees of such counsel (including outside copying services and outside litigation support services) necessary to assist in the conduct of the Action for use in accordance with this Order;

b. Experts or consultants who are not officers, directors, managers or employees of any party who are necessary to assist counsel of record in the conduct of this Action, provided, however, that any such persons receiving any

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2443126

- 2 -

STIPULATION REGARDING CONFIDENTIAL
PRODUCTION OF BOOKS AND RECORDS &
BRIEFING SCHEDULE

Discovery Material designated as Confidential shall execute a Declaration of Compliance substantially in the form annexed hereto as Exhibit A;

   c. This Court and Court personnel;

   d. Court reporters and videographers employed in connection with this Action; and

   e. Any other person only upon order of the Court or upon prior written consent of the Designating Party.

  5. The Parties agree to take reasonable precautions to prevent unauthorized persons from accessing or otherwise viewing Confidential Material. The Parties agree to use their best efforts to make certain that the terms of this Stipulation are known to and adhered to by any advisors receiving Confidential Material or documents produced by Allergan.

  6. The Parties agree that the Parties will only use Company Information in the above-captioned litigation and not for any business or commercial purpose or in any other legal proceedings. The Parties agree to use their best efforts to ensure that, absent Company consent, any complaint, pleading or other filing containing Confidential Material produced subject to this Stipulation shall be filed under seal pursuant to the requirements of the Court. The Parties agree to return and/or certify that the Parties have destroyed Company Information (including any notes or abstracts) within thirty (30) days following the resolution of this action, including any appeal or entry of judgment.

  7. If the Parties disagree with any designation of information or documents as "Confidential," the parties shall attempt to dispose of such dispute by negotiating in good faith on an informal basis. In addition, the Company's inadvertent failure to designate any Company Information as "Confidential Material" shall not be deemed or construed as a waiver of confidentiality, provided, however, that the Plaintiffs or the Company shall, within a reasonable time after discovering any inadvertent production, notify the other that such information

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2443126

- 3 -

STIPULATION REGARDING CONFIDENTIAL PRODUCTION OF BOOKS AND RECORDS & BRIEFING SCHEDULE

inadvertently has been produced without being designated as "Confidential" and Allergan shall, thereafter, promptly substitute copies of such information with the "Confidential" designation. Entering into this Stipulation, or receiving production of Confidential Material shall not prejudice Plaintiffs' right to challenge any designation of such Material as "Confidential" as specified in this Stipulation. This Stipulation, including the provisions of this paragraph, is not intended to shift the Company's burden of establishing confidentiality.

8. Upon notification that any Company Information has been inadvertently produced and that a claim of attorney-client privilege, attorney work product, or other applicable privilege or protection will be made with regard to such Company Information, the parties shall meet and confer regarding the inadvertent production and if they cannot resolve the issues will promptly seek court intervention.

9. Moreover, the production of any Company Information in this action that has been produced in the Section 220 litigation brought by UFCW Fund also shall not be deemed to be a waiver of the claim of privilege or protection asserted. Disclosure of Confidential Information by Allergan to the Parties does not constitute a waiver of the attorney client privilege, the work product doctrine, the common interest privilege or any other applicable privilege or protection. Compliance with the terms of this Stipulation shall not operate as a concession on the part of Plaintiffs that any document is privileged or appropriately subject to a claim of privilege.

10. In the event that the Parties are required (whether by subpoenas, civil investigative or discovery demands or similar legal processes, or otherwise) to disclose any Company Information, it is agreed that the Parties will first provide the Company with prompt written notice so that the Company may seek an appropriate protective order, confidential treatment, or other appropriate remedy, and/or waive compliance with the provisions of this Stipulation. The Parties will not produce any documents for at least ten (10) days after giving notice to Allergan absent a court

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2443126 - 4 -

STIPULATION REGARDING CONFIDENTIAL PRODUCTION OF BOOKS AND RECORDS & BRIEFING SCHEDULE

order requiring them to do so. Compliance by the Parties with any order, procedural rule or statute directing production pursuant to the subpoena of any Confidential Material shall not constitute a violation of this Stipulation.

11. The provisions of this Stipulation shall be binding upon the Parties and their representatives. All modifications of, waivers of, and amendments to this Stipulation must be in writing and signed by the Parties and the Company.

12. This Stipulation does not waive the rights of any party with respect to the relevance or admissibility of any documents subject hereto in any subsequent proceedings, and all parties reserve all of their rights in that regard. Additionally, nothing in this Confidentiality Stipulation shall be deemed to grant, create, or eliminate discovery rights to any party in any subsequent proceedings.

## III.   SCHEDULE

13. Within ten business days after the Court enters the [Proposed] Order, Allergan shall produce to the Plaintiffs the complete set of Company Information set forth in ¶1 above.

14. Subject to approval by the Court, within 30 days after the date of Allergan's certification of completion of production, Plaintiffs shall file and serve an Amended Complaint.

15. Subject to approval by the Court, within 30 days after the filing and service of Plaintiffs' Amended Complaint, Defendants shall file and serve their Answers or responsive pleadings to the Amended Complaint.

16. Should any Defendant(s) file a motion(s) to dismiss or other response permitted by the Federal Rules of Civil Procedure to the Amended Complaint, then, subject to approval by the Court, Plaintiffs shall have 30 days to file and serve their opposition to the motion(s) to dismiss or other responsive pleading filed by Defendant(s).

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2443126     - 5 -

STIPULATION REGARDING CONFIDENTIAL PRODUCTION OF BOOKS AND RECORDS & BRIEFING SCHEDULE

17. Subject to approval by the Court, Defendants shall have 21 days to file and serve their Replies to Plaintiffs' opposition to the motion(s) to dismiss or other responsive pleading filed by Defendant(s).

18. Should any dispute arise concerning compliance with the terms of this Stipulation, then the Parties shall promptly meet and confer and, in good faith, attempt to resolve the disputes among themselves. If, however, the dispute cannot, in good faith, be resolved informally, then the Parties shall promptly advise the Court in writing of the existence and nature of the dispute.

**IT IS SO STIPULATED.**

DATED: June 3, 2011

IRELL & MANELLA LLP
JOHN C. HUESTON
DANIEL P. LEFLER
LILLIE A. WERNER

By: _____/s/_____
LILLIE A. WERNER

1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
jhueston@irell.com
dlefler@irell.com
lwerner@irell.com

Counsel for Nominal Defendant Allergan, Inc.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2443126

- 6 -

STIPULATION REGARDING CONFIDENTIAL
PRODUCTION OF BOOKS AND RECORDS &
BRIEFING SCHEDULE

| | | |
|---|---|---|
| 1 | DATED:  June 3, 2011 | GIBSON, DUNN & CRUTCHER LLP<br>WAYNE W. SMITH<br>JEFFREY H. REEVES<br>KRISTOPHER P. DIULIO |

By:  /s/   with permission
        KRISTOPHER P. DIULIO

3161 Michelson Drive
Irvine, CA 92612
Telephone: (949) 451-4108
Facsimile: (949) 475-4709
wsmith@gibsondunn.com
jreeves@gibsondunn.com
kdiulio@gibsondunn.com

Counsel for Defendants David E. I. Pyott; Herbert W. Boyer, Ph.D.; Deborah Dunsire, M.D.; Michael R. Gallagher; Gavin S. Herbert; Dawn E. Hudson; Robert A. Ingram; Trevor M. Jones, Ph.D.; Louis J. Lavigne, Jr.; Russell T. Ray; Stephen J. Ryan, M.D.; Leonard D. Schaeffer; Handel E. Evans; Ronald M. Cresswell, Ph.D.; Louis T. Rosso; Karen R. Osar; and Anthony H. Wild, Ph.D.

DATED:  June 3, 2011          ROBBINS GELLER RUDMAN
                              & DOWD LLP
                              AELISH M. BAIG

By:  /s/   with permission
        AELISH M. BAIG

Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: (415) 288-4545
Facsimile: (415) 288-4534
aelishb@rgrdlaw.com

Counsel for Plaintiffs

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2443126

- 7 -

STIPULATION REGARDING CONFIDENTIAL
PRODUCTION OF BOOKS AND RECORDS &
BRIEFING SCHEDULE

Case 8:10-cv-01352-DOC -MLG   Document 77   Filed 06/03/11   Page 9 of 10   Page ID
#:2370


| | | |
|---|---|---|
| 1 | DATED:  June 3, 2011 | THE WEISER LAW FIRM, P.C.<br>KATHLEEN A. HERKENHOFF |
| 2 | | |
| 3 | | By:   /s/   with permission<br>       KATHLEEN A. HERKENHOFF |
| 4 | | 12707 High Bluff Drive, Suite 200<br>San Diego, CA 92130<br>Telephone: (858) 794-1441<br>Facsimile: (858) 794-1450<br>kah@weiserlawfirm.com |
| 7 | | Counsel for Plaintiffs |
| 8 | | |
| 9 | DATED:  June 3, 2011 | ROBBINS UMEDA LLP<br>BRIAN J. ROBBINS<br>FELIPE J. ARROYO<br>SHANE P. SANDERS<br>ALEJANDRO E. MORENO |
| 11 | | By:   /s/   with permission<br>       FELIPE J. ARROYO |
| 13 | | 600 B Street, Suite 1900<br>San Diego, CA 92010<br>Telephone: (619) 525-3990<br>Facsimile: (619) 525-3991<br>brobbins@robbinsumeda.com<br>farroyo@robbinsumeda.com<br>ssanders@robbinsumeda.com<br>amoreno@robbinsumeda.com |
| 17 | | Counsel for Plaintiffs |

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2443126

- 8 -

STIPULATION REGARDING CONFIDENTIAL
PRODUCTION OF BOOKS AND RECORDS &
BRIEFING SCHEDULE

# EXHIBIT A

## UNDERTAKING

I hereby certify that I am obtaining access to certain Confidential documents or information of Allergan, Inc. ("Company Information") pursuant to the terms and restrictions of a stipulation entered into between Allergan and counsel for Plaintiffs, dated June 3, 2011 (the "Confidentiality Stipulation"). I further certify that I have read the Stipulation, that I understand the terms of the Stipulation, that I agree to be fully bound by the Stipulation, and that I hereby submit myself to the jurisdiction of the Central District of California for purposes of enforcement of the Confidentiality Stipulation.

Dated:_____

Signature:_____

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2443126

- 9 -

STIPULATION REGARDING CONFIDENTIAL PRODUCTION OF BOOKS AND RECORDS & BRIEFING SCHEDULE