1  WAYNE W. SMITH, SBN 54593
     WSmith@gibsondunn.com
2  JEFFREY H. REEVES, SBN 156648
     JReeves@gibsondunn.com
3  KRISTOPHER P. DIULIO, SBN 229399
     KDiulio@gibsondunn.com
4  GIBSON, DUNN & CRUTCHER LLP
   3161 Michelson Drive
5  Irvine, California 92612-4412
   Telephone: 949.451.3800
6  Facsimile: 949.451.4220

7  Attorneys for Defendants,
   David E. I. Pyott; Herbert W. Boyer, Ph.D.; Louis
8  J. Lavigne, Jr.; Gavin S. Herbert; Stephen J. Ryan,
   M.D.; Leonard D. Schaeffer; Michael R.
9  Gallagher; Robert A. Ingram; Trevor M. Jones,
   Ph.D.; Dawn E. Hudson; Russell T. Ray; Deborah
10 Dunsire, M.D.; Handel E. Evans; Ronald M.
   Cresswell, Ph.D.; Louis T. Rosso; Karen R. Osar;
11 and Anthony H. Wild, Ph.D.

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| In re ALLERGAN, INC. SHAREHOLDER DERIVATIVE LITIGATION,<br><br>This Document Relates To:<br><br>ALL ACTIONS | CASE NO. SACV10-01352 DOC (MLGx)<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>[*Notice of Motion and Motion to Dismiss, Memorandum of Points and Authorities; Declaration of Kristopher P. Diulio filed concurrently*]<br>**Hearing:**<br>Date:    October 17, 2011<br>Time:   8:30 a.m.<br>Place:   Courtroom 9D |

Pursuant to Federal Rule of Evidence 201, defendants David E. Pyott, Herbert W. Boyer, Ph.D.; Deborah Dunsire, M.D.; Gavin S. Herbert; Leonard D. Schaeffer;

1  Michael R. Gallagher; Stephen J. Ryan, M.D.; Russell T. Ray; Trevor M. Jones, Ph.D.;
2  Robert A. Ingram; Louis J. Lavigne, Jr.; Dawn E. Hudson; Handel E. Evans; Ronald
3  M. Cresswell, Ph.D.; Louis T. Rosso; Karen R. Osar; and Anthony H. Wild; Ph.D.
4  (collectively "Individual Defendants") by and through their respective counsel of
5  record, respectfully request that the Court take judicial notice of true and correct copies
6  of Exhibits A through S attached hereto and authenticated in the concurrently filed
7  Declaration of Kristopher P. Diulio.  As explained more thoroughly below, each of
8  these exhibits is the appropriate subject of judicial notice.

## I.    DISCUSSION

Federal Rule of Evidence 201 allows a court to take judicial notice of facts "not subject to reasonable dispute [and] . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  "A court shall take judicial notice if requested by a party and supplied with the necessary information." *Id.* 201(d).  Moreover, in considering a motion brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *In re Silicon Graphics Secs. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (internal quotations and citations omitted).  The documents attached hereto are proper subjects of judicial notice under these definitions.

### A.    Prior Court Orders

A court may take judicial notice of its own orders. *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 (9th Cir. 1990).  Accordingly, this Court may take judicial notice of its April 12, 2011 order dismissing Plaintiffs' Consolidated Complaint, attached as **Exhibit A**.

### B.    Exhibits Incorporated by Reference

The First Amended Complaint ("FAC") relies on numerous forms and proxy statements filed with the Securities and Exchange Commission ("SEC") by Allergan

from 2004 to 2010 in arguing that Defendants made allegedly false or misleading statements during the relevant time period.  *See* FAC ¶¶ 24, 79, 120, 173, 174, 182, 232, 272, 274, 275, 276.   Allergan has attached portions of one of these SEC filings, its September 1, 2010 Form 8-K, as **Exhibits M** and **P** to this Request, and confirms that it filed this document with the SEC.  In arguing that Defendants' statements were false or misleading, plaintiffs also cite to letters from the FDA, dated August 22, 2001 (**Ex. D**), September 5, 2002 (**Ex. E**), June 23, 2003 (**Ex. F**), September 6, 2005 (**Ex. G**), and August 17, 2009 (**Ex. H**); the September 1, 2010 Criminal Information filed by the Department of Justice ("DOJ") (**Ex. Q**); Allergan's Settlement Agreement with the United States concerning the civil and criminal allegations (**Ex. I**); the DOJ's September 1, 2010 press release (**Ex. R**); Allergan's 1997-2001 Strategic Plan (**Ex. S**); the Field Reference Guide adopted by Allergan (**Ex. J**); and an October 24, 2006 email from Allergan's General Counsel Doug Ingram to the Board of Directors (**Ex. C**).  *See* FAC ¶ 12–16, 25–30, 90, 119, 146–48, 150–51, 153, 154–58, 162, 164, 169, 171, 208.

Defendants request judicial notice of these documents under the incorporation by reference doctrine.  Thereunder, a court may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading."  *In re Silicon Graphics*, 183 F.3d at 986 (internal quotation omitted); *see also United States v. Ritchie*, 342 F.3d 903 (9th Cir. 2003) (explaining that a document not attached to the complaint by referenced therein may be considered on defendant's motion to dismiss); *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002) (same); *Morgan v. AXT, Inc.*, 2005 U.S. Dist. LEXIS 42346, at *19-21 (N.D. Cal. 2005) (granting judicial notice of press release under "incorporation by reference" doctrine); *Wietschner v. Monterey Pasta Co.*, 294 F. Supp. 2d 1101, 1110 (N.D. Cal. 2003) ("Where a plaintiff fails to attach to the complaint documents referred to in it, and upon which the complaint is premised, a defendant may attach to the motion to dismiss such documents in order to show that they do not support plaintiff's claim.").  The FAC relies on **Exhibits C-J, M,** and **P-S**

to this Request in attempt to establish a basis for the alleged false statements in the FAC. Accordingly, judicial notice of these FDA letters, SEC filings, and pleadings is appropriate to provide a more complete picture of the statements made to the market during the relevant time period.

**C.  Public Filings**

Allergan's SEC filings, **Exhibits L** (Form 8-K dated March 4, 2008), **M** and **P** (portions of Form 8-K dated September 1, 2010), and **N** (Form 8-K dated November 1, 2010) are appropriate subjects of judicial notice, regardless of whether they were referenced in the FAC. In a securities fraud action, the court may take judicial notice of public records outside the pleadings, including SEC filings and conference call transcripts. *See In re Copper*, 311 F. Supp. 857, 863 (N.D. Cal. 2004) (taking judicial notice of Form 3s and 4s filed with the SEC); *Patel v. Parnes*, 253 F.R.D. 531, 545 (C.D. Cal. 2008) ("Courts may consider securities offering and corporate disclosure documents referenced in a complaint."). Such filings may be judicially noticed even if they are not expressly referenced in the complaint. *See*, *e.g.*, *Wietschner*, 294 F. Supp. at 1109 (taking judicial notice of SEC Form 4s even though not explicitly referenced in the Complaint); *see also In re Wet Seal, Inc. Sec. Litig.*, 518 F. Supp. 2d 1148, 1157 (C.D. Cal. 2007) (SEC filings are appropriate for judicial notice); *In re Pixar Sec. Litig*, 450 F. Supp.2d 1096, 1100 (N.D. Cal. 2006) (conference calls "are the types of documents of which [a] Court properly may take judicial notice"). Moreover, consideration of SEC filings does not convert a 12(b)(6) motion into a motion for summary judgment. *See In re Stac Elec. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996). Judicial notice of Allergan's SEC filings is therefore proper.

Furthermore, this Court may take judicial notice of Allergan's Amended and Restated Certificate of Incorporation, attached hereto as **Exhibit B**. *See In re Computer Sciences Corp. Deriv. Litig.*, 244 F.R.D. 580, 587 n.8 (C.D. Cal. 2007) (taking judicial notice of Computer Sciences Corporation's Articles of Incorporation); *McMichael v. U.S. Filter Corp.*, No. EDCV 99-182VAP (MCX), 2001 WL 418981, at

*8 (C.D.Cal. Feb. 23, 2001) ("The certificate of incorporation of a Delaware corporation is a publicly filed document, and as such, can be judicially noticed.").

### D. Conference Call Transcript

Even if not a matter of public record, courts may take judicial notice of transcripts of conference calls with analysts that are publicly available. *See, e.g.*, *Belodoff v. Netlist, Inc.*, CV 07-00677 DOC (MLGx), at *4 (C.D. Cal. May 30, 2008) (taking judicial notice of conference call transcript that was not a matter of public record where accuracy of transcript was not disputed). This is particularly so here, where Plaintiffs allege that information was withheld from investors by the Defendants. (FAC ¶¶ 182–97, 232, 248, 252–54, 259–62, 273–76.) For this reason, the Individual Defendants respectfully request that this Court take judicial notice of Allergan's July 30, 2008 Conference Call Transcript, publicly available and attached hereto as **Exhibit O**.

### E. Historical Stock Information

**Exhibit K** is a chart compiled from publicly available information that lists the historical stock price of Allergan during the relevant time period. Stock prices are appropriate for judicial notice because they are publicly available and "capable of accurate and ready determination by resort to resources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *In re Copper Mtn.*, 311 F. Supp. 2d at 864 ("Information about the stock price of publicly traded companies is the proper subject of judicial notice."); *Patel*, 253 F.R.D. at 548 (granting judicial notice of historical stock prices).

## II. CONCLUSION

Based on the foregoing, this Court can and should take judicial notice of the documents listed and described above, true and correct copies of which are attached hereto as **Exhibits A** through **S**, and authenticated in the concurrently filed Declaration of Kristopher P. Diulio, on the basis that these exhibits each of undisputed authenticity

1 and are public records that are proper subject for judicial notice in considering a
2 motion to dismiss.

4 DATED:  August 10, 2011          Respectfully Submitted,

GIBSON, DUNN & CRUTCHER LLP

By:   /s/ Kristopher P. Diulio
           Kristopher P. Diulio

3161 Michelson Drive
Irvine, CA  92612-4412
Telephone:  949/451-3800
949/451-4220 (fax)

Attorneys for Defendants,
David E. I. Pyott; Herbert W. Boyer, Ph.D.;
Louis J. Lavigne, Jr.; Gavin S. Herbert; Stephen
J. Ryan, M.D.; Leonard D. Schaeffer; Michael
R. Gallagher; Robert A. Ingram; Trevor M.
Jones, Ph.D.; Dawn E. Hudson; Russell T. Ray;
Deborah Dunsire, M.D.; Handel E. Evans;
Ronald M. Cresswell, Ph.D.; Louis T. Rosso;
Karen R. Osar; and Anthony H. Wild, Ph.D

Gibson, Dunn &
Crutcher LLP

# CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2011, the attached document was electronically transmitted to the Clerk of the Court using the CM/ECF System which will send a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| John C. Hueston | jhueston@irell.com |
| Glenn Vanzura | gvanzura@ieall.com |
| Lillie Werner | lwerner@irell.com |
| Brian J. Robbins | brobbins@robbinsumeda.com |
| Felipe J. Arroyo | farroyo@robbinsumeda.com |
| Arshan Amiri | aamiri@robbinsumeda.com |
| William C. Wright | wwright@leopoldkuvin.com |
| Kathleen A. Herkenhoff | kah@weiserlawfirm.com |
| Robert B. Weiser | rw@weiserlawfirm.com |
| Brett Steckler | bds@weiserlawfirm.com |
| Jeffrey Ciarlanto | jjc@weiserlawfirm.com |
| Kip B. Shuman | kip@shumanlawfirm.com |
| Rusty Glenn | rusty@shumanlawfirm.com |
| Debra S. Goodman | dg@dsgoodmanlaw.com |
| Darren J. Robbins | darrenr@rgrdlaw.com |
| Travis E. Downs III | travisd@rgrdlaw.com |
| Benny C. Goodman | bennyg@rgrdlaw.com |
| David W. Mitchell | davidm@rgrdlaw.com |
| Brian O. O'Mara | briano@rgrdlaw.com |
| Robert Sugarman | sugarman@sugarmansusskind.com |
| Pedro A. Herrera | pherrera@sugarmansusskind.com |

/s/ Kristopher P. Diulio