ROBBINS GELLER RUDMAN
  & DOWD LLP
TRAVIS E. DOWNS III (148274)
DAVID W. MITCHELL (199706)
BENNY C. GOODMAN III (211302)
BRIAN O'MARA (229737)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
travisd@rgrdlaw.com
davidm@rgrdlaw.com
bennyg@rgrdlaw.com
bomara@rgrdlaw.com

ROBBINS UMEDA LLP
BRIAN J. ROBBINS (190264)
FELIPE J. ARROYO (163803)
ARSHAN AMIRI (246874)
600 B Street, Suite 1900
San Diego, CA 92101
Telephone: 619/525-3990
619/525-3991 (fax)
brobbins@robbinsumeda.com
farroyo@robbinsumeda.com
aamiri@robbinsumeda.com

THE WEISER LAW FIRM, P.C.
KATHLEEN A. HERKENHOFF (168562)
12707 High Bluff Drive, Suite 200
San Diego, CA 92130
Telephone: 858/794-1441
858/794-1450 (fax)
kah@weiserlawfirm.com

Co-Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| In re ALLERGAN, INC. SHAREHOLDER DERIVATIVE ACTION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Master File No.<br>SACV-10-01352-DOC(MLGx)<br><br>DECLARATION OF AELISH M. BAIG IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM ALLERGAN, INC.'S JUNE 2011 PRIVILEGE LOG<br><br>DATE: October 3, 2011<br>TIME: 8:30 a.m.<br>COURTROOM: The Honorable David O. Carter |

648226_1

I, AELISH M. BAIG, hereby declare:

1. I am of counsel to Robbins Geller Rudman & Dowd LLP ("Robbins Geller"), one of the co-lead counsel for plaintiffs in the above-referenced action (the "Action"). I submit this declaration in support of Plaintiffs' Motion to Compel Production of Documents from Allergan, Inc.'s June 2011 Privilege Log (the "Motion"). I have personal knowledge of the following facts and, if called as a witness, could and would testify competently thereto.

2. On June 3, 2011, following extensive negotiations between co-lead counsel for plaintiffs in the Action and counsel for nominal defendant Allergan, Inc. ("Allergan" or the "Company"), all parties to the Action entered a Stipulation Regarding Allergan, Inc.'s Production of Confidential Books and Records and Briefing Schedule (the "Production Stipulation"). The Production Stipulation is Dkt. No. 77 in the Action.

3. As detailed in the Production Stipulation, Allergan agreed to produce to plaintiffs the same books and records (the "220 Board Materials") ordered to be produced to a third party in an unrelated proceeding in the Delaware Chancery Court pursuant to §220 of the Delaware Code (the "Delaware 220 Proceeding"), as well as a privilege log. *See* Production Stipulation. A true and correct copy of the §220 demand served in the Delaware 220 Proceeding is attached hereto as Exhibit D.

4. In the Production Stipulation, plaintiffs expressly preserved their ability to challenge assertions of confidentiality or privilege with respect to the 220 Board Materials (*see* Production Stipulation, ¶¶7, 9). This was appropriate in plaintiffs' view as determinations as to attorney-client privilege or the work product doctrine are governed by federal law where, as here, the action alleges federal claims. *See, e.g.*, *United States v. Zolin*, 491 U.S. 554, 562, 109 S. Ct. 2619, 105 L. Ed. 2d 469 (1989). Further, the Production Stipulation did not "grant, create, or eliminate discovery rights [of] any party in any subsequent proceedings." *Id.*, ¶12. Envisioning that disputes were likely to arise with regard to the Production Stipulation and the 220 Board

- 1 -

648226_1

1  Materials, plaintiffs agreed to the Production Stipulation because, among other things,
2  it specifically provided that any dispute that could not be resolved informally by the
3  parties about the matters set forth in the Production Stipulation would be presented to
4  this Court for resolution. *See* Production Stipulation, ¶18. On June 6, 2011, the Court
5  entered the Order Regarding Allergan, Inc.'s Production of Confidential Books and
6  Records and Briefing Schedule (the "Production Order"), which incorporated the
7  terms of the Production Stipulation. The Production Order is Dkt. No. 78 in the
8  Action.

9       5.    On June 9, 2011, Allergan produced the 220 Board Materials and a
10 Privilege Log (the "Log"). A true and correct copy of the Log is attached as Exhibit A
11 hereto.

12      6.    As set forth above, given that the Production Stipulation preserved
13 plaintiffs' rights with regard to challenging privilege assertions and with regard to
14 discovery generally, plaintiffs attempted to meet and confer with Allergan concerning
15 the Log. Accordingly, on June 27, 2011, Robbins Umeda LLP ("Robbins Umeda"),
16 one of the co-lead counsel, sent a letter (the "June 27 Letter") to Allergan's counsel,
17 Irell & Manella LLP ("Irell"), requesting a meet and confer to initiate the process
18 required by Local Rule 37-1. Attached hereto as Exhibit E is a true and correct copy
19 of the June 27 Letter.

20      7.    On June 29, 2011, Irell wrote to Robbins Umeda and Robbins Geller (the
21 "June 29 Letter") advising that Allergan "has no interest in meeting and conferring."
22 Attached hereto as Exhibit F is a true and correct copy of the June 29 Letter.

23      8.    Prior to receipt of the June 29 Letter, I was not informed that Allergan
24 held any view that it was excused from meeting and conferring on the Log,
25 particularly in view of the express terms of the Production Stipulation with regard to
26 reservation of rights concerning matters of privilege. Upon information and belief,
27 none of my fellow co-lead counsel were informed that Allergan held such a position
28 prior to entry of the Production Stipulation. Further, as noted above, it would be

648226_1

inappropriate for Allergan to expect plaintiffs to comply with any decisions as to privilege made in connection with the Delaware 220 Proceeding given that federal law determines privilege herein, and plaintiffs would not agree to tie this Court's hands with regard to determination of such pivotal matters in the Action. Further, as detailed herein, co-lead counsel (including the undersigned) have advised Allergan's counsel that if they had harbored the view that they would not confer over the Log or permit this Court to rule forthwith on such issues, they should not have agreed to the terms of the Production Stipulation as written and signed.

9. On July 1, 2011, Robbins Umeda again wrote to Irell (the "July 1 Letter") reiterating a request to meet and confer. The July 1 Letter outlined plaintiffs' position, with specific reference to the terms of the Production Stipulation, that plaintiffs did not waive their rights to challenge the Log and seek Court intervention to resolve any disputes. A true and correct copy of the July 1 Letter is attached hereto as Exhibit G.

10. On July 7, 2011, Irell responded to the July 1 Letter (the "July 7 Letter"), again declining to meet and confer for the reasons set forth above. A true and correct copy of the July 7 Letter is attached hereto as Exhibit H.

11. On July 26, 2011, plaintiffs made a final attempt to write to Irell to request a meet and confer (the July 26 Letter"). A true and correct copy of the July 26 Letter is attached hereto as Exhibit I. On July 27, 2011, Irell responded (the "July 27 Letter") and, without waiving the views expressed in its June 29 Letter or July 7 Letter, offered to meet and confer on July 28, 2011. A true and correct copy of the July 27 Letter is attached hereto as Exhibit J.

12. Accordingly, on July 28, 2011, I, Kathleen A. Herkenhoff of The Weiser Law Firm, P.C. and Lillie Werner from Irell held a telephonic conference (the "July 28 Conference"). During the July 28 Conference, Irell did not change its position from what is stated in the letters detailed above. Similarly, plaintiffs' position did not change. Ms. Werner specifically stated, in response to our questions, that Allergan would not engage in any substantive meet and confer concerning the

- 3 -

648226_1

Log, nor would it participate in the preparation of a Joint Stipulation pursuant to L.R. 37-2.2. In response to our inquiry, Ms. Werner confirmed that if plaintiffs intended to seek Court resolution concerning the issues with the Log, plaintiffs would need to file a noticed motion. Accordingly, plaintiffs have received no additional information from Allergan concerning any entries to the Log, including why certain names appear to be cut off in the recipient column of the spreadsheets.

13. Attached hereto as Exhibit S is a true and correct copy of Exhibit 10.3 to a Form 8-K Allergan filed with the U.S. Securities and Exchange Commission ("SEC") on September 1, 2010. Exhibit B is a true and correct copy of the October 5, 2010 Guilty Plea and Plea Agreement entered by Allergan in *United States of America v. Allergan, Inc.*, Criminal Action No. 1:10-CR-375 (N.D. Ga. 2010) (the "Criminal Action").

14. Attached hereto as Exhibit C is a true and correct copy of the September 1, 2010 Criminal Information filed by the United States Department of Justice (the "DOJ") in the Criminal Action.

15. Attached hereto as Exhibit T is a true and correct copy of Exhibit 10.1 to a Form 8-K Allergan filed with the SEC on September 1, 2010. Exhibit K is a true and correct copy of the August 31, 2010 Settlement Agreement that Allergan entered with the DOJ and various other agencies and governments.

16. Attached hereto as Exhibit U is a true and correct copy of Exhibit 10.2 to a Form 8-K Allergan filed with the SEC on September 1, 2010. Exhibit L is a true and correct copy of the August 30, 2010 Corporate Integrity Agreement Between the Office of Inspector General of the Department of Health and Human Services and Allergan, Inc. (the "CIA").

17. Attached hereto as Exhibit M is a true and correct copy of a Form 8-K Allergan filed with the SEC on October 6, 2008.

18. Attached hereto as Exhibit N are excerpts from a true and correct copy of the DEF 14A Proxy Statement Allergan filed with the SEC on March 8, 2011.

- 4 -

648226_1

1    19.    Attached hereto as Exhibit O are excerpts from a true and correct copy of a Form 10-K Allergan filed with the SEC on February 26, 2010.

3    20.    Attached hereto as Exhibit P is a true and correct copy of an October 2, 2009 article from *Portfolio.com* entitled "Botox v. United States."

5    21.    Attached hereto as Exhibit Q is a true and correct copy of an October 2, 2009 Bloomberg *Businessweek* article entitled "Allergan Sues FDA over Ban on Off-Label Marketing of Botox."

8    22.    Attached hereto as Exhibit R is a true and correct copy of a September 2, 2010 article posted on http://www.mmm-online.com entitled "Allergan drops FDA lawsuit as part of off-label settlement."

11   23.    Federal Rule of Evidence 201 allows a court to take judicial notice of facts "not subject to reasonable dispute [and] . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "A court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). Exhibits M, N, O, S, T and U above are either filings that Allergan made with the SEC or exhibits to those filings. Judicial notice of such documents is appropriate. *See In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 863 (N.D. Cal. 2004) (taking judicial notice of Forms 3 and 4 filed with the SEC); *Patel v. Parnes,* 253 F.R.D. 531, 545 (C.D. Cal. 2008) ("Courts may consider securities offering and corporate disclosure documents referenced in a complaint."); *In re Wet Seal, Inc. Sec. Litig.*, 518 F. Supp. 2d 1148, 1157 (C.D. Cal. 2007) (SEC filings are appropriate for judicial notice). Indeed, the Individual Defendants named in the Action recently requested judicial notice of

- 5 -

648226_1

1  several of these same documents, based upon the same legal principles, in connection
2  with moving to dismiss the operative complaint in the Action.  *See* Dkt. No. 86.
3        I declare under penalty of perjury under the laws of the United States of
4  America that the foregoing is true and correct.  Executed this 2nd day of September,
5  2011, at San Francisco, California.

6                                         _____s/ Aelish M. Baig_____
                                                AELISH M. BAIG
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 6 -

648226_1

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 2, 2011.

           s/ Aelish M. Baig
          AELISH M. BAIG

ROBBINS GELLER RUDMAN
    & DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
E-mail:    aelishb@rgrdlaw.com

648226_1

# Mailing Information for a Case 8:10-cv-01352-DOC -MLG

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Arshan Amiri**
  aamiri@ruflaw.com

- **Felipe J Arroyo**
  farroyo@robbinsumeda.com,notice@robbinsumeda.com,mozaki@robbinsumeda.com

- **Aelish M Baig**
  aelishb@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Kristopher Price Diulio**
  kdiulio@gibsondunn.com,dfkennedy@gibsondunn.com,crussell@gibsondunn.com

- **Rusty E. Glenn**
  rusty@shumanlawfirm.com

- **Benny C Goodman , III**
  bgoodman@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Kathleen Ann Herkenhoff**
  kah@weiserlawfirm.com

- **John C Hueston**
  jhueston@irell.com,lhiles@irell.com

- **Daniel P Lefler**
  dlefler@irell.com

- **David W Mitchell**
  davidm@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Brian Oliver O'Mara**
  bomara@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Brian J Robbins**
  notice@robbinsumeda.com

- **Kip B Shuman**
  kip@shumanlawfirm.com

- **Wayne W Smith**
  wsmith@gibsondunn.com,dfkennedy@gibsondunn.com

- **Robert B Weiser**

   rw@weiserlawfirm.com

- **Lillie A Werner**
  lwerner@irell.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Jeffrey J. Ciarlanto
The Weiser Law Firm  PC
121 North Wayne Ave  Suite 100
Wayne, PA 19087

Travis E Downs
Robbins Geller Rudman and Dowd LLP
655 West Broadway   Ste 1900
San Diego, CA 92101

Debra S Goodman
Law Office of Debra S Goodman PC
1301 Skippack Pike  Suite 7A – 133
Blue Bell, PA 19422

Brett Steckler
The Weiser Law Firm PC
121 North Wayne Avenue
Suite 100
Wayne, PA 19087
```