# EXHIBIT E

# ROBBINS UMEDA LLP

| | | |
|---|---|---|
| BRIAN J. ROBBINS* | 600 B STREET, SUITE 1900 | CHRISTOPHER L. WALTERS |
| MARC M. UMEDA | SAN DIEGO, CALIFORNIA 92101 | KELLY M. MCINTYRE |
| FELIPE J. ARROYO | TELEPHONE (619) 525-3990 | SHANE P. SANDERS |
| GEORGE C. AGUILAR | FACSIMILE (619) 525-3991 | ASHLEY R. PALMER |
| KEVIN A. SEELY† | WWW.ROBBINSUMEDA.COM | ARSHAN AMIRI |
| CRAIG W. SMITH | | JULIA M. WILLIAMS |
| STEPHEN J. ODDO | | GREGORY E. DEL GAIZO |
| | | JUSTIN D. RIEGER |
| OF COUNSEL | | JAY N. RAZZOUK |
| NICHOLE T. BROWNING‡ | | GINA STASSI |
| | | CONRAD B. STEPHENS |
| *Admitted in CA & CT | | LAUREN E. ROSNER |
| †Admitted in CA, CNMI & Guam | | LAUREN N. OCHENDUSZKO |
| ‡Admitted in CA & GA | | KEVIN S. KIM |

June 27, 2011

**VIA E-MAIL AND U.S. MAIL**
lwerner@irell.com

Lillie A. Werner
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067

Re: *In re Allergan, Inc. S'holder Derivative Litig.*,
    Master File No. SACV10-01352-DOC (MLGx)

Dear Ms. Werner:

We have reviewed the documents and privilege log that Allergan, Inc. ("Allergan" or the "Company") produced on June 9, 2011. Based upon our review, it is apparent that many documents have been improperly withheld or redacted. Accordingly, we write to highlight some of the issues that surfaced upon our initial review. We request an opportunity to meet and confer with you this week concerning these issues.

First, certain meeting minutes of Allergan's board of directors (the "Board") have been heavily redacted, many without any claim to privilege. *See, e.g.*, UFCW 0000798-99; UFCW 0000824; UFCW 0000874. It is difficult to determine the extent to which Board meeting minutes and other redacted documents can possibly consist entirely or primarily of privileged communications. The privilege log provides scant assertions as to why information was redacted as privileged. Moreover, in the documents as to which Allergan has redacted information but not claimed privilege, there are no explanations at all in the privilege log as to why the information was not provided. For instance, the Board meeting minutes are often stripped of their clarity by redacted portions of sentences that are clearly relevant to this case and not privileged communication. *See, e.g.*, UFCW0000798 ("Mr. Ball then discussed with the Board key business initiatives, [redacted] accelerating Botox growth, [redacted] vigorously defending Botox in Europe, [redacted] investment in Botox, [redacted] the 2006 Botox plan [redacted]"; *see also* UFCW 0000837 (redacting about a third of the Board meeting minutes on Botox for Overactive Bladder). It is our position that these redactions were improper, and we demand that Allergan produce these materials not later than June 30, 2011.

*In re Allergan, Inc. S'holder Derivative Litig.*
June 27, 2011
Page 2

  Second, the privilege log provides insufficient explanations of purported privilege. As you can imagine, vague assertions do not enable the plaintiffs, or the Court, to determine whether the essential elements of the asserted privilege have been satisfied and, thus, whether and to what extent the claimed privilege applies. Please keep in mind that as the party claiming privilege, the Company bears the burden of establishing "all the elements of the privilege." *United States v. Martin*, 278 F.3d 988, 999-1000 (9th Cir. 2002). It is not sufficient to simply identify that the communications came from an attorney. "That a person is a lawyer does not, *ipso facto*, make all communications with that person privileged. The privilege applies only when legal advice is sought 'from a professional legal advisor *in his capacity as such*.'" *United States v. Chen*, 99 F.3d 1495, 1501 (9th Cir. 1996) (internal quotations omitted). While many of the documents in the privilege log are flagged as legal communications, some documents appear to be business communications. *See, e.g.*, PL084 (described in its entirety as "Discussion concerning FDA approval of Botox for chronic migraine constituting legal advice"). Other entries in the privilege log do not provide enough explanation to know whether a communication was legal correspondence from a legal advisor in his capacity as such, or something else. *See, e.g.*, PL078-A (described in its entirety as "Memorandum discussing non-Botox product asset purchase"). For many other documents purportedly "constituting legal advice," you do not explain why that discussion was, in fact, legal advice. We ask that you provide these documents and/or a fuller explanation of why the documents are privileged attorney-client communication or work product.

  We would like to meet and confer concerning your privilege logs and would appreciate a date and time to confer not later than June 29, 2011.

                Very truly yours,

                SHANE P. SANDERS

Enclosures

cc:  Aelish Baig (via e-mail only)
   Kathleen Herkenhoff (via e-mail only)