# EXHIBIT G

# ROBBINS UMEDA LLP

| | | |
|---|---|---|
| BRIAN J. ROBBINS* | 600 B STREET, SUITE 1900 | CHRISTOPHER L. WALTERS |
| MARC M. UMEDA | SAN DIEGO, CALIFORNIA 92101 | KELLY M. MCINTYRE |
| FELIPE J. ARROYO | TELEPHONE (619) 525-3990 | SHANE P. SANDERS |
| GEORGE C. AGUILAR | FACSIMILE (619) 525-3991 | ASHLEY R. PALMER |
| KEVIN A. SEELY[†] | WWW.ROBBINSUMEDA.COM | ARSHAN AMIRI |
| CRAIG W. SMITH | | JULIA M. WILLIAMS |
| STEPHEN J. ODDO | | GREGORY E. DEL GAIZO |
| | | JUSTIN D. RIEGER |
| OF COUNSEL | | JAY N. RAZZOUK |
| NICHOLE T. BROWNING[‡] | | GINA STASSI |
| | | CONRAD B. STEPHENS |
| *Admitted in CA & CT | | LAUREN E. ROSNER |
| [†]Admitted in CA, CNMI & Guam | | LAUREN N. OCHENDUSZKO |
| [‡]Admitted in CA & GA | | KEVIN S. KIM |

July 1, 2011

**VIA E-MAIL AND U.S. MAIL**
lwerner@irell.com

Lillie A. Werner
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067

      Re:   *In re Allergan, Inc. S'holder Derivative Litig.*,
             Master File No. SACV10-01352-DOC (MLGx)

Dear Ms. Werner:

      We are in receipt of your letter dated June 29, 2011. We are surprised and disappointed by Allergan Inc.'s ("Allergan" or the "Company") outright refusal to meet and confer regarding Plaintiffs' concerns about certain information withheld on privilege grounds and/or redacted without any indication as to whether the information was privileged. The parties agreed in the June 3, 2011 Stipulation Regarding Allergan Inc.'s Production of Confidential Books and Records and Briefing Schedule (the "Stipulation") that "[c]ompliance with the terms of [the] Stipulation ***shall not operate as a concession on the part of Plaintiffs that any document is privileged or appropriately subject to a claim of privilege***." Stipulation, ¶9 (emphasis added). The parties also agreed that "[s]hould any dispute arise concerning compliance with the terms of this Stipulation, then ***the Parties shall promptly meet and confer and, in good faith, attempt to resolve the disputes*** among themselves." Stipulation, ¶18 (emphasis added). Allergan's position directly contravenes the parties' agreement.

      In our June 27, 2011 letter, Plaintiffs, as they are entitled to do pursuant to the parties' Stipulation, requested an opportunity to meet and confer regarding their concerns about certain information withheld on privilege grounds or otherwise redacted without a claim of privilege. Plaintiffs outlined specific examples of documents that are virtually unintelligible due to extensive redactions, despite no claim to privilege. *See, e.g.*, UFCW 0000798-99; UFCW 0000824; UFCW 0000837; UFCW 0000874. Plaintiffs also detailed specific examples of Allergan's plainly insufficient explanations of the purported privilege. *See, e.g.*, PL084 (described in its entirety as "Discussion concerning FDA approval of Botox for chronic migraine

*In re Allergan, Inc. S'holder Derivative Litig.*
July 1, 2011
Page 2

    constituting legal advice"); PL078-A (described in its entirety as "Memorandum discussing non-Botox product asset purchase").

    We urge Allergan to reconsider its untenable stance and to meet and confer with Plaintiffs in good faith regarding Plaintiffs' issues with the Company's privilege claims. If Allergan remains unwilling to meet and confer on these issues, Plaintiffs will have no choice but to seek the Court's assistance in this matter. *See* Stipulation, ¶18 ("If, however, the dispute cannot, in good faith, be resolved informally, then the Parties shall promptly advise the Court in writing of the existence and nature of the dispute."). Please let us know whether Allergan remains unwilling to meet and confer with Plaintiffs, or whether the Company will work in good faith to resolve these issues without necessitating the Court's involvement.

                                   Sincerely,

                                   Shane P. Sanders

cc:    Aelish Baig (via e-mail only)
        Kathleen Herkenhoff (via e-mail only)

625650