# EXHIBIT H

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

1800 AVENUE OF THE STARS, SUITE 900
LOS ANGELES, CALIFORNIA 90067-4276

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

REC'D JUL 11 2011

WRITER'S DIRECT
TELEPHONE (310) 203-7912
FACSIMILE (310) 556-5210
lWerner@irell.com

July 7, 2011

**VIA E-MAIL AND U.S. MAIL**

Aelish Baig, Esq.
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Email: AelishB@rgrdlaw.com

Shane P. Sanders, Esq.
600 B Street, Suite 1900
San Diego, CA 92101
Email: SSanders@robbinsumeda.com

Re:   *In re Allergan, Inc. Shareholder Derivative Action*
      United States District Court, Southern District of California, Southern Division
      Master File No. SACV-10-01352-DOC (MLGx)

Dear Ms. Baig and Mr. Sanders,

Your July 1, 2011 letter distorts the agreement embodied in the parties' June 3, 2011 stipulation. In a nutshell, Allergan agreed (subject to the Court's approval) to extend Plaintiffs' deadline for filing an amended complaint, and to promptly produce a copy of the Section 220 books and records production and privilege log made to UFCW Fund (the "220 Production") in exchange for Plaintiffs' agreement to accept the 220 Production without further litigation concerning its scope and to waive their right to serve their own Section 220 demand.

The assertion in your July 1 letter that Allergan agreed in the stipulation to meet and confer regarding privilege issues associated with the 220 Production is incorrect and contrary to the fundamental reason for Allergan's agreement to the stipulation – avoidance of further 220 litigation. As we told you during our discussions about the stipulation, Allergan had already expended valuable resources making a 220 Production and litigating certain disputes – including some of the same issues you now raise – in the Delaware Chancery Court. We told you that Allergan was willing to voluntarily produce the final set of documents from the Section 220 action and to extend your deadline to file an amended complaint to avoid a duplication of this effort. We did not agree to re-litigate the completed Section 220 action or any of the Section 220 issues. The stipulation is consistent with this. The portion of the stipulation to which your letter appears to refer states that "[c]ompliance with the terms of this Stipulation shall not operate as a concession on the part of Plaintiffs that any document is privileged or appropriately subject to a claim of privilege." (June 3, 2011 Stipulation Regarding Allergan, Inc.'s Production of Confidential Books and Records and Briefing Schedule, Dkt. 77, at ¶ 9.) This provision simply makes clear that in the event this case proceeds into discovery, Plaintiffs' acceptance of the 220 Production at this time

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Aelish Baig, Esq.
Shane P. Sanders, Esq.
July 7, 2011
Page 2

does not foreclose them from challenging Allergan's privilege assertions later. It does not give Plaintiffs license to relitigate the scope of the 220 Production now.

Your letter also references the agreement in paragraph 18 to meet and confer concerning any "dispute ... concerning compliance with the terms of this Stipulation." (*Id.* at ¶ 18.) There is no such dispute. Allergan has completed its production to Plaintiffs of all of the materials that were produced to UFCW Fund. If you believe Allergan has failed to do this in any respect, we will be happy to meet and confer. At this point, however, Plaintiffs have not suggested any failure by Allergan to satisfy its obligations under the stipulation and, thus, the meet and confer language is inapplicable.

Sincerely,

*Werner*

Lillie A. Werner

LAW

cc:   John Hueston, Esq. (via e-mail only)
      Kathleen Herkenhoff, Esq. (via e-mail only)