# EXHIBIT I



# THE WEISER LAW FIRM, P.C.

WWW.WEISERLAWFIRM.COM

PENNSYLVANIA
121 N. WAYNE AVENUE, SUITE 100
WAYNE, PA 19087
TELEPHONE: (610) 225-2677
FACSIMILE: (610) 225-2678

CALIFORNIA
12707 HIGH BLUFF DRIVE, SUITE 200
SAN DIEGO, CA 92130
TELEPHONE: (858) 794-1441
FACSIMILE: (858) 794-1450

July 26, 2011

VIA U.S. MAIL & EMAIL

Lillie A. Werner
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067

Re:   *In re Allergan, Inc. S'holders Derivative Litig.*

Dear Ms. Werner:

    Pursuant to Local Rule 37-1, my co-lead counsel, Mr. Sanders, wrote to you on June 27, 2011 (the "June 27 Letter") requesting a meet and confer concerning the redacted documents and privilege log that Allergan provided on June 9, 2011. To date, you have refused to meet and confer with us as requested. Your only offer to meet and confer was with regard to whether Allergan affirmatively produced to plaintiffs herein the exact same materials produced in the UFCW Fund Section 220 action. As you realize, however, that is not the issue addressed in plaintiffs' June 27 Letter, nor in the follow-up July 1, 2011 letter (the "July 1 Letter"). The June 27 Letter and July 1 Letter requested a meet and confer concerning the redactions of the documents within the production and concerning the accompanying privilege log. In your correspondence, dated June 29, 2011 and July 7, 2011, you specifically refused to meet and confer on those topics. Accordingly, Allergan is in violation of Rule 37-1 requiring that the opposing party "shall confer" within 10 days after service of plaintiffs' June 27 Letter, and Allergan has not been relieved by "written order of the Court upon good cause shown" for failing to meet and confer.

    Moreover, Allergan is failing to comply with the June 3, 2011 Stipulation Regarding Allergan Inc.'s Production of Confidential Books and Records and Briefing Schedule (the "Stipulation"), which was entered as an order by the Court. As noted in plaintiffs' July 1 Letter, the Stipulation specifically states that "*[c]ompliance with the terms of [the] Stipulation shall not operate as a concession on the part of Plaintiffs that any document is privileged or appropriately subject to a claim of privilege.*"

Lillie A. Werner
July 26, 2011
Page 2

Stipulation, ¶9 (emphasis added). The plain meaning of this language is unambiguous and clear on its face. Indeed, it was defendants who initially drafted the stipulation, including this provision, thus plaintiffs had no reason to believe that we were not all on the same page from the outset. The parties also agreed that "[s]hould any dispute arise concerning compliance with the terms of this Stipulation, then ***the Parties shall promptly meet and confer and, in good faith, attempt to resolve the disputes*** among themselves." Stipulation, ¶18 (emphasis added). Finally, the Stipulation also provides that if such disputes cannot be resolved informally, then the "***Parties shall promptly advise the Court in writing of the existence and nature of the dispute.***" Id.

Please respond in writing to the attention of the undersigned (copy to Ms. Baig and Mr. Sanders) not later than the close of business on July 28, 2011, as to whether Allergan will agree to meet and confer regarding this dispute. Failing such agreement, plaintiffs will be forced to seek Court intervention.

Very truly yours,

KATHLEEN A. HERKENHOFF

:kah
cc:   Aelish Baig
      Shane Sanders
      John Hueston