# EXHIBIT O

10-K 1 d10k.htm ALLERGAN, INC. FORM 10-K

Table of Contents

# UNITED STATES
## SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

## FORM 10-K

(Mark One)

☑ **ANNUAL REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934**

For the Fiscal Year Ended December 31, 2009

or

☐ **TRANSITION REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934**

Commission File Number 1-10269

# Allergan, Inc.
(Exact Name of Registrant as Specified in its Charter)

| | |
|---|---|
| **Delaware** | **95-1622442** |
| (State or Other Jurisdiction of Incorporation or Organization) | (I.R.S. Employer Identification No.) |
| **2525 Dupont Drive** | **92612** |
| **Irvine, California** | (Zip Code) |
| (Address of Principal Executive Offices) | |

**(714) 246-4500**
(Registrant's Telephone Number, Including Area Code)

Securities Registered Pursuant to Section 12(b) of the Act:

| Title of Each Class | Name of Each Exchange on Which Registered |
|---|---|
| Common Stock, $0.01 Par Value | New York Stock Exchange |
| Preferred Share Purchase Rights | |

Securities Registered Pursuant to Section 12(g) of the Act: None

Indicate by check mark if the registrant is a well-known seasoned issuer, as defined in Rule 405 of the Securities Act.   Yes ☑   No ☐

Indicate by check mark if the registrant is not required to file reports pursuant to Section 13 or Section 15(d) of the Act.   Yes ☐   No ☑

Indicate by check mark whether the registrant (1) has filed all reports required to be filed by Section 13 or 15(d) of the Securities Exchange Act of 1934 during the preceding 12 months (or for such shorter period that the registrant was required to file such reports), and (2) has been subject to such filing requirements for the past 90 days.   Yes ☑   No ☐

Indicate by check mark whether the registrant has submitted electronically and posted on its corporate Web site, if any, every Interactive Data File required to be submitted and posted pursuant to Rule 405 of Regulation S-T (§232.405 of this chapter) during the preceding 12 months (or for such shorter period that the registrant was required to submit and post such files).   Yes ☑   No ☐

Indicate by check mark if disclosure of delinquent filers pursuant to Item 405 of Regulation S-K (§229.405 of this chapter) is not contained herein, and will not be contained, to the best of registrant's knowledge, in definitive proxy or information statements incorporated by reference in Part III of this Form 10-K or any amendment to this Form 10-K.   ☐

Indicate by check mark whether the registrant is a large accelerated filer, an accelerated filer, a non-accelerated filer, or a smaller reporting company. See the definitions of "large accelerated filer," "accelerated filer" and "smaller reporting company" in Rule 12b-2 of the Exchange Act.

| | |
|---|---|
| Large accelerated filer ☑ | Accelerated filer ☐ |
| Non-accelerated filer ☐ (Do not check if a smaller reporting company) | Smaller reporting company ☐ |

Indicate by check mark whether the registrant is a shell company (as defined in Rule 12b-2 of the Exchange Act).   Yes ☐   No ☑

As of June 30, 2009, the aggregate market value of the registrant's common stock held by non-affiliates of the registrant was approximately $14,430 million based on the closing sale price as reported on the New York Stock Exchange.

Common stock outstanding as of February 19, 2010 — 307,511,888 shares (including 3,511,177 shares held in treasury).

**DOCUMENTS INCORPORATED BY REFERENCE**

Part III of this report incorporates certain information by reference from the registrant's proxy statement for the annual meeting of stockholders to be held on April 29, 2010, which proxy statement will be filed no later than 120 days after the close of the registrant's fiscal year ended December 31, 2009.

EXHIBIT O, PAGE 214

**Table of Contents**

In October 2009 and November 2009 we received amended paragraph 4 invalidity and noninfringement Hatch-Waxman Act certifications from Sandoz and Hi-Tech, respectively, indicating that Sandoz and Hi-Tech had filed ANDAs seeking approval of generic forms of *Combigan®*. In their separate certifications, Sandoz and Hi-Tech each contend that U.S. Patent No. 7,323,463 listed in the Orange Book under *Combigan®*, is invalid and/or not infringed by the proposed Sandoz and Hi-Tech products. In November 2009, we filed an amended complaint against Sandoz and Hi-Tech for patent infringement to assert the 7,323,463 patent. In January 2010, the Hi-Tech action and the Sandoz action were consolidated with the Alcon action. In February 2010, we received amended paragraph 4 invalidity and noninfringement Hatch-Waxman Act certifications from Sandoz and Hi-Tech, indicating that Sandoz and Hi-Tech had filed ANDAs seeking approval of generic forms of *Combigan®*. In their separate certifications, Sandoz and Hi-Tech contend that U.S. Patent No. 7,642,258 listed in the Orange Book under *Combigan®*, is invalid and/or not infringed by the proposed Sandoz and Hi-Tech products. The court has scheduled an August 1, 2011 trial date for the consolidated Hi-Tech, Sandoz and Alcon actions.

In December 2009, we received a Notice of Allegation letter from Sandoz Canada Inc., or Sandoz Canada, indicating that Sandoz Canada had filed an Abbreviated New Drug Submission, or ANDS, under paragraphs 5(1)(b)(iii), 5(1)(b)(iv) and 5(3) of the Patented Medicines (Notice of Compliance) Regulations for approval of a generic version of *Combigan®* (DIN 02248347). In the letter, Sandoz Canada contends that Canadian Patent Nos. 2,173,974, 2,225,626 and 2,440,764 are invalid and/or not infringed by the proposed Sandoz Canada product. In February 2010, we filed a notice of application in the Canadian Federal Court. The application alleges that Sandoz's proposed product infringes Canadian Patent Nos. 2,225,626 and 2,440,764. In February 2010, we received a Notice of Allegation letter from Sandoz Canada, indicating that Sandoz Canada had filed an ANDS under paragraphs 5(1)(b)(iii), 5(1)(b)(iv) and 5(3) of the Patented Medicines (Notice of Compliance) Regulations for approval of a generic version of *Combigan®*. In the letter, Sandoz Canada contends that Canadian Patent No. 2,357,014 is invalid and/or not infringed by the proposed Sandoz Canada product.

*Lumigan® Patent Litigation*

In March 2009, we received a paragraph 4 invalidity and noninfringement Hatch-Waxman Act certification from Barr Laboratories, Inc., or Barr, indicating that Barr had filed an ANDA seeking approval of a generic form of *Lumigan®*, a bimatoprost 0.3% ophthalmic solution. In the certification, Barr contends that U.S. Patent Nos. 5,688,819 and 6,403,649, listed in the Orange Book under *Lumigan®*, are invalid and/or not infringed by the proposed Barr product. In May 2009, we filed a complaint against Barr in the U.S. District Court for the District of Delaware. The complaint alleges that Barr's proposed product infringes U.S. Patent Nos. 5,688,819 and 6,403,649. In June 2009, Barr filed an answer to the complaint. The court has scheduled a January 10, 2011 trial date.

In December 2009, we received a paragraph 4 invalidity and noninfringement Hatch-Waxman Act certification from Sandoz, indicating that Sandoz had filed an ANDA, seeking approval of a generic form of *Lumigan®*, a bimatoprost 0.3% ophthalmic solution. In the certification, Sandoz contends that U.S. Patent Nos. 5,688,819 and 6,403,649, listed in the Orange Book under *Lumigan®*, are invalid and/or not infringed by the proposed Sandoz product. In January 2010, we filed a complaint against Sandoz in the U.S. District Court for the District of Delaware. The complaint alleges that Sandoz's proposed product infringes U.S. Patent Nos. 5,688,819 and 6,403,649.

*Sanctura XR® Patent Litigation*

In June 2009, we received a paragraph 4 invalidity and noninfringement Hatch-Waxman Act certification from Watson Pharmaceuticals, Inc., or Watson, through its subsidiary Watson Laboratories, Inc. – Florida, indicating that Watson had filed an ANDA seeking approval of a generic form of *Sanctura XR®*, trospium 60 mg. chloride extended release capsules. In the certification, Watson contends that U.S. Patent No. 7,410,978, listed in the Orange Book under *Sanctura XR®*, is invalid and/or not infringed by the proposed Watson product. In July

53

Table of Contents

2009, we, Endo Pharmaceuticals Solutions, Inc., and Supernus Pharmaceuticals, Inc. filed a complaint against Watson, Watson Laboratories, Inc. – Florida, and Watson Pharma, Inc. in the U.S. District Court for the District of Delaware. The complaint alleges that Watson's proposed product infringes U.S. Patent No. 7,410,978. In August 2009, Watson filed an answer and counterclaims to our complaint and we filed an answer to Watson's counterclaims in September 2009.

In November 2009, we received a paragraph 4 invalidity and noninfringement Hatch-Waxman Act certification from Sandoz, indicating that Sandoz had filed an ANDA seeking approval of a generic form of *Sanctura XR®*, trospium 60 mg. chloride extended release capsules. In the certification, Sandoz contends that U.S. Patent No. 7,410,978, listed in the Orange Book under *Sanctura XR®*, is invalid and/or not infringed by the proposed Sandoz product. In November 2009, we, Endo Pharmaceuticals Solutions, Inc., and Supernus Pharmaceuticals, Inc. filed a complaint against Sandoz in the U.S. District Court for the District of Delaware. The complaint alleges that Sandoz's proposed product infringes U.S. Patent No. 7,410,978. In January 2010, Sandoz filed an answer and counterclaims to our complaint. In February 2010, we filed an answer to Sandoz's counterclaims.

*Declaratory Relief Action*

In October 2009, we filed a declaratory relief action in the U.S. District Court for the District of Columbia against the United States of America, the FDA, Dr. Margaret Hamburg, Commissioner of the FDA, and Kathleen Sebelius, Secretary of the United States Department of Health and Human Services, seeking a ruling that would allow us to share truthful, non-misleading information with the medical community to assist physicians in evaluating the risks and benefits of *Botox®* for off-label therapeutic uses. The court has scheduled an April 7, 2010 hearing date.

*Government Investigations*

In March 2008, we received service of a Subpoena Duces Tecum from the U.S. Attorney, U.S. Department of Justice, Northern District of Georgia, or DOJ. The subpoena requests the production of documents relating to our sales and marketing practices in connection with *Botox®*. In December 2009, the DOJ served us with a Supplemental Subpoena Duces Tecum requesting the production of additional documents relating to certain of our speaker bureau programs.

In September 2009, Allergan received service of process of an Investigative Demand from the Department of Justice for the State of Oregon. The subpoena requests the production of documents relating to our sales and marketing practices in connection with *Aczone®*. In January 2010, we received service of a Subpoena Duces Tecum from the Attorney General, State of Delaware. The subpoena requests the production of documents relating to the Company's sales and marketing practices in connection with *Restasis®* and *Acular LS®*.

We are involved in various other lawsuits and claims arising in the ordinary course of business. These other matters are, in the opinion of management, immaterial both individually and in the aggregate with respect to our consolidated financial position, liquidity or results of operations.

Because of the uncertainties related to the incurrence, amount and range of loss on any pending litigation, investigation, inquiry or claim, management is currently unable to predict the ultimate outcome of any litigation, investigation, inquiry or claim, determine whether a liability has been incurred or make an estimate of the reasonably possible liability that could result from an unfavorable outcome. We believe however, that the liability, if any, resulting from the aggregate amount of uninsured damages for any outstanding litigation, investigation or claim, other than the inquiry being conducted by the DOJ related to *Botox®* discussed herein and in Note 15, "Commitments and Contingencies," in our notes to the consolidated financial statements listed under

EXHIBIT O, PAGE 216

http://www.sec.gov/Archives/edgar/data/850693/000119312510043126/d10k.htm                9/1/2011

Table of Contents

Item 15 of Part IV of this report, "Exhibits and Financial Statement Schedules" will not have a material adverse effect on our consolidated financial position, liquidity or results of operations. However, an adverse ruling in a patent infringement lawsuit involving us could materially affect our ability to sell one or more of our products or could result in additional competition. In view of the unpredictable nature of such matters, we cannot provide any assurances regarding the outcome of any litigation, investigation, inquiry or claim to which we are a party or the impact on us of an adverse ruling in such matters.

Item 4.  *Submission of Matters to a Vote of Security Holders*

We did not submit any matter during the fourth quarter of the fiscal year covered by this report to a vote of security holders, through the solicitation of proxies or otherwise.

55

EXHIBIT O, PAGE 217