IRELL & MANELLA LLP
John C. Hueston (164921)
jhueston@irell.com
Daniel P. Lefler (151253)
dlefler@irell.com
Lillie A. Werner (261250)
lwerner@irell.com
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:   (310) 277-1010
Facsimile:    (310) 203-7199

Attorneys for Nominal Defendant Allergan, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| In re ALLERGAN, INC. SHAREHOLDER DERIVATIVE LITIGATION | Master File No. SACV10-01352-DOC (MLGx) |
|---|---|
| This Document Relates To: | **NOMINAL DEFENDANT ALLERGAN INC.'S OPPOSITION TO PLAINTIFFS' "MOTION TO COMPEL"** |
| ALL ACTIONS | Date:   October 17, 2011<br>Time:   8:30 a.m.<br>Ctrm:   9D<br>Judge:  Hon. David O. Carter |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2490423

## I.   INTRODUCTION

Plaintiffs' self-styled "motion to compel" should be dismissed for two straightforward reasons.

First, Plaintiffs have made no discovery request – *i.e.*, a request for production of documents pursuant to Rule 34 of the Federal Rules of Civil Procedure – that would provide a proper basis for the motion.  For reasons described below, Allergan, Inc. ("Allergan" or the "Company") *voluntarily* provided Plaintiffs with a copy of a document production made to another Allergan shareholder pursuant to a books and records demand made pursuant to Delaware General Corporations Code Section 220 (the "220 Production").  Allergan's voluntary sharing of this production provides no legal basis for a motion to compel.

Second, Plaintiffs' motion plainly violates the terms of the agreement under which Allergan provided the documents.  Having gone through the expense of making the 220 Production – which included not only collection and review of the documents, but also litigation in the Delaware Court of Chancery concerning the appropriate scope of the production and applicable privileges – Allergan agreed to share the production with Plaintiffs on the express agreement that they would accept it as a complete 220 Production and would not pursue their own books and records demand.  Thus, the "motion" not only lacks a legal basis, but it also violates the parties' agreement.  The "motion" should be denied.

## II.   BACKGROUND

### A.   Plaintiffs' Eschew Their Own Books And Records Demand

In a classic "race to the courthouse," Plaintiffs filed this lawsuit *without* making a request for corporate books and records.  Shortly after Allergan's September 2010 announcement of its settlement with the United States Government of various "off label" marketing claims, Plaintiffs proceeded directly to litigation.  The Plaintiffs filed a lawsuit claiming that they should be permitted to control litigation of claims belonging to Allergan because, Plaintiffs alleged, a majority of

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2490423

- 1 -

NOMINAL DEFENDANT
ALLERGAN INC.'S OPPOSITION TO
PLAINTIFFS' "MOTION TO COMPEL"

the Company's board has a disabling conflict of interest. Allergan moved to dismiss, arguing that the complaint did not allege sufficient facts to present a disabling conflict. (Dkt. No. 47.) On April 12, 2011, this Court dismissed the complaint. (Dkt. No. 70.) The Court gave Plaintiffs until May 9, 2011 to amend. (*Id.*)

### B. The Delaware Shareholder's Books And Records Request And Related Litigation

Unlike Plaintiffs, another Allergan shareholder (hereinafter, the "Delaware Shareholder") made a corporate books and records request. During the period that the demand futility motion in this case was being briefed and decided, Allergan and the Delaware Shareholder negotiated the scope of the demand and then Allergan made a series of document productions in response to the Delaware Shareholder's request. The Delaware Shareholder pressed for additional categories of documents, and Allergan objected to certain of these categories. The parties then conducted a preliminary hearing before the Delaware Court of Chancery to determine the proper scope of document categories covered by the books and records demand, and Allergan made subsequent productions of additional relevant records.

Subsequently, the Delaware Shareholder initiated judicial proceedings before the Delaware Court of Chancery in which the parties actively litigated the scope of the required production and a number of issues relating to the applicability of the attorney-client privilege and work product protections and any potential exceptions thereto. In fact, the parties litigated many of the same issues Plaintiffs seek to raise here, such as whether the documents were appropriately redacted as privileged and whether any exceptions to privilege apply, like the *Garner* fiduciary exception. (Werner Decl. ¶ 5.) After a subsequent hearing on the parties' briefings, the Delaware Court of Chancery considered the parties' privilege arguments, conducted an *in camera* review of a subset of the challenged documents, and ordered Allergan to produce some of the documents reviewed in less redacted formats. Following all

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2490423

- 2 -

NOMINAL DEFENDANT
ALLERGAN INC.'S OPPOSITION TO
PLAINTIFFS' "MOTION TO COMPEL"

of this, the Delaware Shareholders again requested additional documents; the parties submitted letter briefing to the Court; and after another hearing, the Court ruled that the books and records productions were complete and "this 220 case is done. It's over. My order was the final order. Allergan has complied with it." (*See id.* ¶ 6)

### C. Allergan's Agreement With Plaintiffs

Plaintiffs were aware of these parallel proceedings. Shortly before their deadline to amend their complaint in this action, Plaintiffs approached Allergan to ask for: (a) a copy of the 220 Production, and (b) additional time to file their amended complaint.

Allergan could quite easily have refused this request. Plaintiffs' initial decision to eschew a books and records demand put Allergan, the individual defendants, and this Court through the time and effort of briefing and ruling on the initial demand futility motion and motions to dismiss. Absent the Company's cooperation, Plaintiffs presumably would have had little to add to their amended complaint (and even with the 220 Production, Plaintiffs' amended complaint does not plead demand futility or state a valid claim). Allergan recognized, however, that Plaintiffs could have prepared their own Section 220 demand. Plaintiffs could then have used that demand as a basis to ask this Court for an extension of their time to file an amended complaint, and to potentially force Allergan into additional litigation about the scope of the documents produced in response to the demand.

For the express purpose of avoiding the expense of further litigation over books and records demands – and potentially unnecessary delay in this case – Allergan offered Plaintiffs a deal: The Company would provide Plaintiffs with a copy of the Section 220 Production, and would agree to an extension for filing of the amended complaint in exchange for Plaintiffs' agreement to accept the Section 220 Production as complete and to forgo any separate books and records demand of their own.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2490423

- 3 -

NOMINAL DEFENDANT
ALLERGAN INC.'S OPPOSITION TO
PLAINTIFFS' "MOTION TO COMPEL"

In its May 23, 2011 letter, Allergan offered to "promptly produce to you at your costs *the same documents that have been produced* in response to the preexisting Section 220 demand." (Werner Decl. ¶ 2, Ex. 1 (May 23, 2011 Letter).) Allergan reiterated on May 27, 2011 that it would only agree to provide Plaintiffs the documents already produced in Delaware: "[A]ll that Plaintiffs requested, and that Allergan agreed to, was Allergan's production of the *same set of documents produced* in response to [the Delaware Shareholder's] Section 220 demand (pursuant to an appropriate confidentiality agreement); these books-and-records are all that we are willing to produce." (*id.* ¶ 3, Ex. 2 (May 27, 2011 Email) (emphasis added).) Thus, Allergan was very clear that it would only agree to produce to Plaintiffs the same documents provided to the Delaware Shareholder and that it would not agree to further negotiation or litigation concerning the scope of the 220 Production. Plaintiffs, for their part, never took issue with this.

Allergan also agreed to support Plaintiffs' request for an extension of time to file their amended complaint so that Plaintiffs could review the 220 Production. Allergan expressly conditioned its agreement on Plaintiffs' waiving any right to serve their own Section 220 or other books and records demand. (*id.* ¶ 2, Ex. 1 (offering the requested 220 Production only "in exchange for your client's agreement not to pursue a separate books-and-records demand").)

To implement their agreement the parties prepared a stipulation and order, which was filed with the Court on June 3, 2011 (the "Stipulation"). (Dkt. No. 77.) The Stipulation provided "[s]hould any dispute arise concerning compliance with the terms of this Stipulation, then the parties shall promptly meet and confer and, in good faith attempt to resolve the disputes among themselves." (*Id.* at ¶ 18.)

### D. Plaintiffs Renege On Their Agreement

The day after the Court entered the Stipulation, Allergan produced the 220 Production to Plaintiffs *in its entirety* on June 9, 2011. Allergan produced over

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2490423

- 4 -

NOMINAL DEFENDANT
ALLERGAN INC.'S OPPOSITION TO
PLAINTIFFS' "MOTION TO COMPEL"

6,400 pages of Board documents plus an accompanying privilege log. (*See* Dkt. No. 89, Exhibit A.)

On June 27, 2011, Plaintiffs asked to "meet and confer" concerning the substance of the privilege assertions made in the Company's privilege log.

Allergan agreed to meet and confer concerning any question about whether Allergan's production to them was in fact the same as the production to the Delaware Shareholder. (*See* Werner Decl. ¶ 4, Ex. 3, (July 27, 2011 Letter).) Given that Allergan's production was complete, however, there was nothing to discuss.[1] There was no basis for Plaintiffs to seek a discussion about the substance of their privilege concerns because the parties' agreement was that Plaintiffs would receive exactly the same production made to the Delaware Shareholder.

Having accepted the benefits of the bargain Allergan offered, Plaintiffs proceeded to breach the agreement by filing their "motion to compel." Contrary to their agreement to accept "the same documents" produced to the Delaware Shareholder, Plaintiffs' "motion" improperly seeks to litigate every assertion of privilege on Allergan's log. (Dkt. No. 87, Pls.' Brief, at 1.)

### III. ARGUMENT

The "motion to compel" should be denied for two simple reasons.

First, there is no discovery request that would support a motion to compel. Allergan's voluntary production of the 220 documents affords no legal basis for such a motion.

Second, Plaintiffs' motion plainly violates the terms of the parties' agreement.

---

[1] Then, given Plaintiffs' filing of an Amended Complaint on July 11, there appeared to be no remaining controversy over the 220 Production to Plaintiffs. Plaintiffs did not re-raise its concerns over privileged documents until *after* Allergan (and individual defendants) had, again, underwent the expense of briefing motions to dismiss Plaintiffs' operative complaint.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2490423 - 5 -

NOMINAL DEFENDANT
ALLERGAN INC.'S OPPOSITION TO
PLAINTIFFS' "MOTION TO COMPEL"

### A. Allergan's Voluntary Production Affords No Legal Basis For Plaintiffs' "Motion"

Discovery has not commenced in this case. The time has not yet come for the parties to meet and confer pursuant to Rule 26. Accordingly, Plaintiffs are not yet even *permitted* to serve discovery. *See Ruff v. Ramirez*, CIV. 07CV0962IEGCAB, 2007 WL 2900541, at *1 (S.D. Cal. Oct. 1, 2007) ("[A] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)"); *see also Batiste v. Bonin*, 06-1352, 2007 WL 1772010, at *1 (W.D. La. June 15, 2007) (holding that "discovery requests are premature" where "no scheduling order has been issued, the Rule 26(f) conference has not been conducted, the parties have not agreed to begin the discovery process prior to the Rule 26(f) conference, nor has there been a court order allowing discovery to proceed prior to the Rule 26(f) conference," and denying the motion to compel); *Arias v. Dyncorp*, 517 F. Supp. 2d 221, 230 (D.D.C. 2007) (denying a motion to compel filed before the Rule 26(f) conference as premature). Given that a Rule 26(f) conference has not been held and that Plaintiffs' have not served any discovery request, there is no pleading in this case that could form the basis for a motion to compel. Nor has there yet been a magistrate judge assigned to this case.

Plaintiffs concede that no discovery request has been served in this case. While they also concede that Allergan promised only to produce to them "the same books and records" produced to the Delaware Shareholder (Dkt. No. 87, Pls.' Brief, at 2), they nevertheless argue that the Stipulation gives them the right to pursue this motion. Plaintiffs point to two provisions in the Stipulation: First, a term stating that "Compliance with the terms of the Stipulation shall not operate as a concession on the part of Plaintiffs that any document is privileged or appropriately subject to a claim of privilege," and second, a provision stating that the Stipulation does not "grant, create or eliminate discovery rights to any party in any subsequent proceedings. (*Id.* at 3.)

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2490423

- 6 -

NOMINAL DEFENDANT
ALLERGAN INC.'S OPPOSITION TO
PLAINTIFFS' "MOTION TO COMPEL"

Neither of these provisions supports Plaintiffs' position. The first provision reflects the fact that Plaintiffs agreed for the time being to *accept* Allergan's privilege assertions. The language makes clear that this acceptance is not a permanent "concession" and, therefore, preserves Plaintiffs' ability to *later* challenge Allergan's privilege claims should they become an issue in discovery in this case. This language actually refutes Plaintiffs' argument here.

The second provision is of no further help to Plaintiffs. This provision simply preserves Plaintiffs' right *in the future* to make discovery requests that arguably overlap with the 220 Production. That is why the provision refers to "any subsequent proceedings." (Stipulation ¶ 12.) Obviously, this preservation of rights in the future does not afford any basis for the current motion now.

Plaintiffs might argue in their reply (although they did not in the moving papers) that the Stipulation's provision that disputes concerning compliance with the terms of the Stipulation could be brought to the Court's attention (*id.* at ¶ 18) affords a basis for this motion. This argument would also be wrong: The Stipulation simply required Allergan to produce "the books and records ordered to be produced to the [Delaware Shareholder] in the Delaware Section 220 proceeding," as well as the privilege log. (*Id.* at ¶ 1.) If there was a dispute about whether Allergan had complied with this requirement, it would have been appropriate for Plaintiffs to apprise the Court. There is, however, no such dispute.

In short, there is no discovery request that supports Plaintiffs' "motion," and Allergan's voluntary production of the 220 Production affords no legitimate basis for the relief Plaintiffs seek. The "motion" should be denied on this basis alone.

### B.     Plaintiffs' Request Violates The Parties' Agreement

The "motion" should be denied for the further reason that it blatantly violates the parties' agreement. Allergan's principal reason for agreeing to the Stipulation was to avoid further distraction and expense responding to Section 220 issues. Allergan repeatedly made clear that the agreement would only guarantee Plaintiffs a

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2490423

- 7 -

NOMINAL DEFENDANT
ALLERGAN INC.'S OPPOSITION TO
PLAINTIFFS' "MOTION TO COMPEL"

one-time production of the exact documents produced in the Delaware Section 220 proceeding.  (*See* Werner Decl. ¶ 2, Ex. 1.) ("[S]ubject to the execution of an appropriate confidentiality and non-waiver agreement, Allergan [will] promptly produce to you at your costs <u>the same documents that have been produced in response to the preexisting Section 220 demand</u> . . . .  We have no interest in arguing with you about whether additional materials will or should be provided.") (emphasis added); (*id.* ¶ 3, Exhibit 2.) ("[A]ll that Plaintiffs requested, and that Allergan agreed to, was Allergan's production of the same set of documents produced in response to UFCW Fund's Section 220 demand (pursuant to an appropriate confidentiality agreement); these books-and-records are all that we are willing to produce."); (Dkt. No. 89-6) ("Allergan agreed to give Plaintiffs the exact same books-and-records production that the Delaware Section 220 plaintiffs received – no more and no less."); (Werner Decl. ¶ 4, Ex. 3 (July 27, 2011 Letter).) ("Allergan agreed to Plaintiffs' request pursuant to Ms. Baig's explicit oral and written representations that Plaintiffs would accept the 220 Production as is and would waive their right to serve their own Section 220 demand.").

    The Stipulation provides no right to seek additional documents at this stage in the litigation.  As such, Plaintiffs' requests for additional documents and motion for Court intervention have no basis in the law and, moreover, violate the parties' stipulated agreement and the parties' purpose of avoiding additional litigation through the voluntary exchange.[2]  The Court should enforce the Stipulation and

---

[2] Plaintiffs' motion is further improper because it violates this Court's Local Rule 37-2, which provides that discovery disputes are to be briefed pursuant to a joint stipulation process.  Plaintiffs argue that Allergan said it would not agree to follow these procedures. (Dkt. No. 87, Pls.' Brief, at 3-4.)  That argument is apparently the result of a misunderstanding.  Allergan's point was that the proper scope of any meet and confer pursuant to the Stipulation was confined to the question of whether Allergan had in fact produced to Plaintiffs the same 220 materials produced to the Delaware Shareholder.  In other words, Allergan's position was that it had no current obligation to meet and confer concerning the scope of the privilege objections for the reasons outlined in this brief.  Allergan did

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2490423

- 8 -

NOMINAL DEFENDANT
ALLERGAN INC.'S OPPOSITION TO
PLAINTIFFS' "MOTION TO COMPEL"

1 deny Plaintiffs' attempt to circumvent the agreement. *See CDN Inc. v. Kapes*, 197 F.3d 1256, 1258 (9th Cir. 1999) ("Because stipulations serve both judicial economy and the convenience of the parties, courts will enforce them absent indications of involuntary or uninformed consent.").

Accordingly, should the Court find any legal basis for Plaintiffs' request at this stage of litigation, Allergan requests to present the parties' arguments in the required form of a joint stipulation.

## IV. CONCLUSION

For all of the foregoing reasons, Plaintiffs' self-styled "motion to compel" should be denied.[3]

DATED: September 21, 2011

IRELL & MANELLA LLP
JOHN C. HUESTON
DANIEL P. LEFLER
LILLIE A. WERNER

By:  /s/  Lillie A. Werner
         LILLIE A. WERNER

Counsel for Nominal Defendant Allergan, Inc.

---

not intend to suggest that it was unwilling to comply with Local Rule 37-2 and, in fact, did engage in a call with Plaintiffs. (Werner Decl. ¶ 7.) Moreover, Local Rule 37-2 provides for a specific procedure Plaintiffs could have followed had Plaintiffs in fact served Allergan with a portion of a joint stipulation and Allergan refused to provide its portion. But Plaintiffs never submitted to Allergan a joint stipulation as required by the local rules. (*See id.*) This noncompliance with the local rules is, alone, grounds for the Court to not consider Plaintiffs' motion. *See* L.R. 37-2.4.

[3] If for any reason this Court concludes that Plaintiffs do, in fact, have a present right to litigate the scope of Allergan's privilege assertions, Allergan respectfully requests that the Court order the parties to meet and confer concerning those issues and then comply with the requirements of the local rules.

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2490423

- 9 -

NOMINAL DEFENDANT
ALLERGAN INC.'S OPPOSITION TO
PLAINTIFFS' "MOTION TO COMPEL"