UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA



### CIVIL MINUTES - GENERAL

Case No. SACV 10-1352 DOC (MLGx)                                       Date: February 22, 2012

Title: IN RE ALLERGAN INC. SHAREHOLDER DERIVATIVE ACTION

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                           NONE PRESENT

PROCEEDING (IN CHAMBERS): DENYING MOTION FOR RECONSIDERATION

Before the Court is Plaintiff's Motion for Reconsideration of the Court's January 5, 2012 Under Seal Order Granting Motion to Dismiss (Docket 138). The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. After considering the moving, opposing, and replying papers, the Court DENIES the Motion for Reconsideration.

### I. BACKGROUND

The Court and the parties are familiar with the factual background of the case from the two rounds of motions to dismiss. Plaintiffs assert violations of §§ 14(a) and 29(b) of the Securities Exchange Act of 1934, breach of fiduciary duty, corporate waste, unjust enrichment, and insider trading. Generally, Plaintiffs seek damages and other relief based on the Director Defendants' alleged illegal promotion of Botox for off-label uses not approved by the FDA. On January 17, 2012, this Court granted Defendants' Motions to Dismiss on the grounds that Plaintiffs' First Amended Complaint failed to establish demand futility ("Second MTD Order"). Plaintiffs now bring a Motion for Reconsideration, alleging that the Court failed to consider material facts.

### II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void

judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *School Dist. No. 1J, Multnomah County v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (quoting *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)).

These grounds are further limited by the Local Rules. Local Rule 7-18 provides that a motion for reconsideration of a decision on any motion may be made only on the following grounds: "(a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision." L.R. 7-18. Finally, the Local Rule states that "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." *Id*.

### III. DISCUSSION

Plaintiffs seek reconsideration of the Court's Second MTD Order on the grounds that the Court failed to consider material facts because, in one instance, the Court cited to the summary of Allergan's 1997-2001 Strategic Plan (the "Plan") and not the Plan itself. This argument fails for several reasons.

First, the Court did not fail to consider material facts. Plaintiffs make the unwarranted assumption that because the Court cited to the Plan summary at one point in the Second MTD Order, it did not consider the contents of the full Plan. Yet, the Court cited to the Plan immediately following the sentence to which Plaintiffs primarily object. *See* Second MTD Order, 4 (citing AGN-UFCW 0004023, which is part of the Plan itself and not the summary). The mere fact that the Court did not comb the entire 132 page Plan to locate the exact language purportedly quoted by Plaintiffs in the First Amended Complaint ("FAC") has no reflection on whether the Court considered the entire Plan and not just the summary. Plaintiffs made the decision not to provide the Court with a pincite to the purportedly quoted language from the Plan, a quite voluminous document. Plaintiffs now appear to regret that decision. That decision, however, had no impact on the Court's ability to synthesize, understand, and consider all material facts in the Plan. Thus, there is no manifest showing of a failure to consider material facts presented to the Court, as required by Local Rule 7-18 to succeed on a motion for reconsideration.

Second, the Court's evaluation of Plaintiffs' representations remains unchanged by Plaintiffs' newly provided pincite to certain language in the Plan. Plaintiffs' primary point of contention with the Court's Second MTD Order appears to be with the Court's characterization of Plaintiffs' representations as falling somewhere between a stretch and a misrepresentation. *See* Second MTD Order, 4; Plaintiffs' Motion for Reconsideration, 7. Plaintiffs' newly cited language does not change the Court's previous evaluation. In the FAC, Plaintiffs allege that the Board "approved and authorized Allergan's '1997-2001 Strategic Plan,' which mandated, as number 1 of its 'Top Corporate Priorities,'

the following: 'Botox - Maximize sales for spasticity and new indications such as migraine.'" This is not what Plaintiffs' cited page says. *See* Plan, AGN-UFCW 0003960. The page in question is labeled "Top Corporate Priorities," but only the general goal to "Maximize new products" is listed as "1" of the 6 "Top Corporate Priorities" listed. Botox is only one of four products that Allergan sought to maximize, and it was the last of those four listed. Plaintiffs' representation attempts to portray the Plan as listing the maximization of Botox sales as the number one corporate priority and as explicitly endorsing off-label marketing. That portrayal, as the Court stated in the Second MTD Order, is still "at best, a stretch of the imagination." Second MTD Order, 4.

Third, Plaintiffs have not pointed to any "material facts" that would have any impact on the Court's prior conclusion in this matter. The fact that Allergan sought to "[m]aximize sales for spasticity and new indications such as migraine" is not new information nor does it have any relevance to the Court's ultimate conclusion in its Second MTD Order. There, the Court held that "[t]here is still no evidence of a *decision* by board members to promote the use of off-label marketing, nor are there any facts suggesting that the Directors would be incapable of making an impartial decision concerning litigation. The 1997-2001 Strategic Plan makes no mention of off-label marketing." *Id.* The same is still true. The language on which Plaintiffs stake their Motion for Reconsideration still provides no evidence of a decision to promote or engage in off-label marketing. This lack of any decision by board members was the primary basis on which this Court granted Defendants' Motion to Dismiss, and Plaintiffs do not point to any new facts that would call into question that conclusion. "Given that the Plan specifically contemplated data collection and approval of new uses, *see* Plan*,* AGN-UFCW 0004023, the fact that the Plan sought to maximize sales for new indications in the future is hardly suspect, as is the 'expansion strategy' that Plaintiffs view as a smoking gun." Second MTD Order, 4. Plaintiffs' Motion for Reconsideration does not provide any new facts that call into question the Court's conclusions in the Second MTD Order.

### IV. DISPOSITION

For the aforementioned reasons, the Motion for Reconsideration is hereby DENIED.

The Clerk shall serve this minute order on all parties to the action.